UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>ACADEMY MORTGAGE CORPORATION, <br><br>Defendant. | Case No. 16-cv-02120-EMC <br><br>**ORDER DENYING GOVERNMENT'S MOTION TO DISMISS AND DENYING AS MOOT RELATOR'S REQUEST FOR EVIDENTIARY HEARING** <br><br>Docket Nos. 60, 68 |

## I.  INTRODUCTION

In this *qui tam* suit under the False Claims Act, the Relator alleged that Academy Mortgage defrauded the Government by falsely certifying loans for government insurance. The Government declined to intervene on the initial complaint. Docket No. 10. But after the Relator amended, the Government moved to dismiss under 31 U.S.C. § 3730(c)(2)(A), arguing that proceeding with the suit would drain its resources. Docket No. 60 ("Mot."). The Relator objected to the motion and requested an evidentiary hearing on the Government's motion, *see* Docket No. 68, at 7, which the Government opposed. As this Court held, to obtain an evidentiary hearing, the Relator "must present 'some evidence' that the Government's decision to dismiss was unreasonable, not a result of a full investigation, or based on arbitrary or improper considerations." Docket No. 90, at 6 (citing *U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998)). The Court invited the parties to submit evidence pursuant to this standard. *Id.*

The Relator's evidence showed that the Government performed only a limited investigation of the original complaint and appears not to have investigated the amended complaint at all. *See* Docket Nos. 92, 93. Despite this, the Government submitted no evidence in

United States District Court
Northern District of California

1  response to the Court's order.  *See* Docket No. 94 ("Gov. Response").  Because the undisputed

2  evidence shows that the Government did not perform a full investigation of the amended

3  complaint, its motion to dismiss is **DENIED**.  Accordingly, the Relator's request for an

4  evidentiary hearing is **DENIED** as moot.

## II.    DISCUSSION

A.    The Relator's Request for an Evidentiary Hearing

As the Court previously determined, the Relator may obtain an evidentiary hearing regarding the Government's decision to dismiss if the Relator makes a prima facie showing "that the . . . dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations."  *Sequoia Orange*, 151 F.3d at 1145 (quoting S. Rep. No. 99-345, at 26 (1986)).

The Relator's evidence meets that standard.  Based on the evidence in the record, the Government's investigation of the original complaint consisted only of interviewing the Relator and examining documents produced by her.  *See* Docket No. 92-1 ("Thomas Decl.") ¶¶ 11-14.  The documents pertained only to misconduct at the particular branch of Academy Mortgage where the Relator had been employed, did not concern "high-level malfeasance or fraud from senior executives in the company," and provided "no testimony from employees employed at [other] locations."  *Id.*  The Government conducted no additional investigation beyond reviewing this information, even turning down the Relator's counsel when he offered to provide additional information.  *See id.* ¶ 17.

To be sure, the Government correctly notes that the original complaint did not allege any particular time period or location.  The Government appears to have inferred from this that the initial complaint was limited to the time and location of the Relator's employment.  *See* Gov. Response at 18.  Regardless of whether this was a reasonable interpretation of the complaint, the *amended* complaint explicitly expanded the allegations to the whole statute-of-limitations period (six years) and alleged nationwide misconduct.  In response, the Government offers no evidence that it conducted any further investigation; it merely stated that it "did not concede that it performed no investigation of the amended complaint."  Gov. Response at 20.  Thus, the

Government seeks to dismiss a suit alleging nationwide misconduct over six years, even though it investigated misconduct at only one branch of Academy Mortgage for a period of approximately 1.5 years—and only to the extent that information was provided by the Relator herself.

A more complete investigation was well within the Government's ability. For example, the Relator submitted evidence that Academy Mortgage received more than $157 million in FHA insurance claims between 2010 and 2017. *See* Docket No. 93 ("Ferris Decl.") ¶¶ 17-18. The Relator obtained this evidence from the Government itself by filing a FOIA request with the Department of Housing and Urban Development. *See id.* ¶¶ 3-4. The Relator also analyzed publicly available Neighborhood Watch data to show that loans originated by Academy Mortgage are more likely to be seriously delinquent or to result in claims. *See* Docket No. 92-10. The Government has access to that data. Additionally, the Relator, with the resources of a seven-attorney law firm, conducted additional investigation after the Government's declination and before the Relator's amendment, interviewing 17 witnesses regarding Academy Mortgage's alleged misconduct. *See* Ferris Decl. ¶ 39. The Government argues that these witnesses were not "suggested by [the Relator's] personal knowledge" and was rather an "independent investigation" by the Relator's counsel, Gov. Response at 18, but that has no bearing on whether the Government could have conducted a similar investigation. All of this suggests that the Government, with its considerable resources, could have easily conducted additional investigation to assess the potential recovery in this case before moving to dismiss. Whatever the precise contours of a "full investigation" may be, the Government has not conducted such investigation in this case.

The Government's primary response in justifying its failure to conduct a further investigation is that the Relator was difficult to work with and refused to file the amended complaint under seal, denying the Government the opportunity to investigate the amended complaint. *See* Gov. Response at 4-5, 8-11. While the Relator could have requested that the amended complaint be filed under seal, it is unlikely that a seal would have been granted since the basic thrust of the amended complaint is substantially similar to that of the initial complaint. *See E. Bay Mun. Util. Dist. v. Balfour Beattty Infrastructure, Inc.*, No. 13-cv-2032-WHO, 2014 WL 2611312, at *2-3 (N.D. Cal. June 11, 2014) (holding that an amended complaint need not be filed

3

under seal where it is "substantially similar" to the initial complaint). The fundamental misconduct alleged—fraudulent certification by Academy Mortgage of loans insured by the Government—remained unchanged, even though the amended complaint fleshed out the prior allegations. *Compare* Docket No. 1 (initial complaint), *with* Docket No. 45 (amended complaint). In any event, the Relator's failure to request sealing did not prevent the Government from completing a full investigation. The seal period in *qui tam* suits under the False Claims Act is meant to facilitate government investigation without tipping off the defendant. *See Balfour Beatty Infrastructure*, 2014 WL 2611312, at *3. However, the suit here had already been unsealed following the Government's declination to proceed with the initial complaint. *See* Docket No. 10. Academy Mortgage was therefore already alerted to the allegations of fraudulent certification of loans. In these circumstances, sealing the amended complaint would do little to aid the Government's investigation. Indeed, the undisputed evidence shows that the Government declined the Relator's offer to send the Government additional information before the initial seal period expired. *See* Thomas Decl. ¶¶ 19-23. In fact, the Government voluntarily cut short the seal period by about three months. *See* Docket No. 9 (order granting the Government an extension on the seal through March 23, 2017); Docket No. 10 (the Government's declination to intervene, filed December 28, 2017). The Relator's failure to file the amended complaint under seal did not prejudice the Government nor absolve it of its responsibility to conduct a full investigation prior to moving to dismiss.

The Relator's unrebutted evidence shows that the Government failed to conduct a full investigation of the amended complaint. Because the evidence is unrebutted and thus undisputed, there is no need for an evidentiary hearing. *See United States v. Batiste*, 868 F.2d 1089, 1093 (9th Cir. 1989). Instead, the Court proceeds to the merits of the Government's motion to dismiss.

B.   <u>The Government's Motion to Dismiss</u>

The False Claims Act provides, "The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). *Sequoia Orange* reads this provision to incorporate a

4

burden-shifting approach for adjudicating dismissal.  First, the Government must identify a valid government purpose and demonstrate a rational relation between dismissal and that purpose.  *See Sequoia Orange*, 151 F.3d at 1145.  Then, the burden shifts to the relator "to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal." *Id.* (quoting the district court below).  This approach "respect[s] the Executive Branch's prosecutorial authority by requiring no greater justification of the dismissal motion than is mandated by the Constitution itself." *Id.* at 1146.

        As to the first step, the Government submits that the dismissal would permit it to achieve a valid government purpose by conserving resources that litigation would otherwise consume.  *See* Mot. at 6-8.  In response, the Relator disputes that the Government conducted a sufficient cost-benefit analysis to satisfy the first step.  *See* Docket No. 79, at 7-8.  In particular, it argues that the Government failed to consider and meaningfully assess the potential proceeds from the suit, *i.e.*, the "benefit" of the cost-benefit analysis.  *See id.*  By failing to conduct a minimally adequate investigation, the Government fails the first test.

        Even if the Government prevailed on the first step, the Relator carried her burden on the second step.  In establishing the burden-shifting framework, *Sequoia Orange* noted that "[t]his standard . . . draws significant support from the Senate Report . . . which explained that the relators may object if the government moves to dismiss without reason.  A hearing is appropriate 'if the relator presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations.'" *Id.* (citations omitted) (quoting S. Rep. No. 99-345, at 26).  Logically, the bases for obtaining an evidentiary hearing, if ultimately proven, also provide the bases to find the Government's motion to dismiss "fraudulent, arbitrary and capricious, or illegal," in the context of a *qui tam* suit under the False Claims Act.  Otherwise the evidentiary hearing would be superfluous to the determination of dismissal.  In light of *Sequoia Orange*, the Court denies the Government's motion to dismiss the complaint because the complaint has not been fully investigated.

        This result is consistent with the requirement that once the Government declines to intervene in a *qui tam* action, it must demonstrate "good cause" in order to intervene subsequently.

31 U.S.C § 3730(c)(3). Although the Ninth Circuit has suggested that the Government may move to dismiss the Relator's suit without formally intervening, *see Sequoia Orange*, 151 F.3d at 1145, moving to dismiss is tantamount to intervention—indeed, it functions as the most intrusive form of intervention since dismissal denies any recovery to the Relator rather than reducing Relator's share to between 15% and 25%. The criteria for granting the Government's motion to dismiss in *Sequoia Orange* comports with the "good cause" requirement.

As previously established, the Government did not fully investigate the amended complaint. Accordingly, the Court **DENIES** the Government's motion to dismiss. The Relator's request for an evidentiary hearing is **DENIED** as moot.

This order disposes of Docket Nos. 60 and 68.

**IT IS SO ORDERED**.

Dated: June 29, 2018

_____
EDWARD M. CHEN
United States District Judge