**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*Pro Hac Vice*)
Joseph M. Katz (*Pro Hac Vice*)
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com
mcelroy@thewbkfirm.com
katz@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870
Email: tmm@ogletreedeakins.com

*Attorneys for Defendant Academy Mortgage Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GWEN THROWER,<br><br>Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Civil Action No. 3:16-cv-02120 (EMC)<br><br>**DEFENDANT ACADEMY MORTGAGE CORPORATION'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**Judge:** Edward M. Chen |

**NOTICE OF MOTION AND MOTION**
**FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

PLEASE TAKE NOTICE that in accordance with Northern District of California Civil Local Rule 7-9, Defendant Academy Mortgage Corporation ("Academy") hereby seeks leave to file a motion asking this Court to reconsider its August 24, 2018, Order Regarding Defendant's Motion to Transfer Venue and Motion to Dismiss ("Order"). Pursuant to Civil Local Rules 7-

111

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)

9(b)(2) & (3), Academy respectfully contends, as discussed more fully below, that there has been an intervening change in controlling law, and that the Court has committed clear error by failing to consider material facts and key legal arguments.

## MEMORANDUM OF POINTS AND AUTHORITIES

## LEGAL STANDARD

A party seeking leave to file a motion for reconsideration must show one of three bases for reconsideration. Civil L. R. 7-9(b)(1)-(3); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). A district court may properly reconsider a prior ruling if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith*, 727 F.3d at 955.

## ARGUMENT

This Court should grant Academy leave to file a motion for reconsideration, as Academy is able to show that: (1) an intervening change in the controlling law exists, and (2) the Court has committed clear error by failing to consider material facts and key legal arguments.

### I. An Intervening Change in Controlling Law Exists

Shortly after the Court entered the Order, the Ninth Circuit Court of Appeals clarified what is required to allege that a defendant falsely represented what it was supplying to the government under the Supreme Court's holding in *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016) ("*Escobar*"): the claim for payment *must* make a specific representation regarding the goods or services provided; and a failure to disclose noncompliance with material requirements, that makes that specific representation false or a misleading half-truth. *United States ex rel. Rose v. Stephens Inst.*, No. 17-15111, 2018 U.S. App. LEXIS 23977, at *11-12 (9th Cir. Aug. 24, 2018). *Rose* represents an intervening change in controlling law because it significantly changes and clarifies what is required to allege falsity for the purposes of the False Claims Act. *Compare id.* at *12 ("We conclude, therefore, that Relators must satisfy *Escobar*'s two conditions to prove falsity, unless and until our court, en banc, interprets *Escobar*

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)
2

differently.") *with* Order at 12 ("And the latest word from the Ninth Circuit, albeit dicta, suggests a broader understanding of implied false certification than *Escobar* and *Campie* indicate at first glance.").

Previously, a relator could allege a False Claims Act violation by showing "(1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation." *United States ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). But the Ninth Circuit held that *Ebeid* had been overturned by recent Ninth Circuit decisions requiring the application of *Escobar's* two factor test to show falsity in a False Claims Act case. *Rose*, 2018 U.S. App. LEXIS 23977 at *11-12. The Court's Order found that Relator's First Amended Complaint ("FAC") does not satisfy *Escobar* because "it fails to allege that Academy's claims made any specific representations." Order at 12. Despite that finding, the Court did not dismiss Relator's claims.

With respect to Relator's promissory fraud theory, while *Rose* did not explicitly overturn *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006), importantly, the same elements are at issue under both promissory fraud and implied false certification. *United States ex rel. Campie v. Gilead Scis.*, 862 F.3d 890, 902 (9th Cir. 2017). The relators in *Rose* could show falsity because the request for payment itself made specific representations that were allegedly false regarding whether the school complied with a ban on compensating admissions employees based on their success in recruiting. *Rose*, 2018 U.S. App. LEXIS 23997 at *12. Even though the school had originally certified its compliance with the ban in a program participation agreement, the *Rose* court relied on the payment request forms themselves to determine whether the element of falsity was met. *Id.* at *12. In contrast, the annual re-certifications at issue here are neither alleged to request payment, nor to make representations about any specific goods or services; as such, Relator has not sufficiently alleged any liability under the False Claims Act. *See Escobar*, 136 S. Ct. at 2001; *Rose*, 2018 U.S. App. LEXIS 23977 at *11.

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)
3

Even if promissory fraud survives *Rose* without requiring *Escobar's* two conditions, Relator has not stated a claim for violations of the False Claims Act under a theory of implied false certification—which is the only theory of ***falsity*** advanced by Relator. The Order expressly acknowledges the falsity pled is based upon subsequent non-compliance with HUD regulations and other sub-regulatory guidance. Order at 4-5, 13. This requires the claim to be analyzed under the microscope of legally false claims, which come only in the form of express false certifications and implied false certifications. *United States ex rel. Silingo v. Wellpoint, Inc.*, 895 F.3d 619, 627 (9th Cir. 2018). As stated above, the Order acknowledged that Relator's FAC does not satisfy *Escobar's* two factors for implied false certification. *Rose* dictates that without those two factors, a claim for implied false certification may not go forward. The Court should therefore apply the test, and rule conclusively that Relator cannot rely on an implied false certification theory to prove any violation of the False Claims Act.

The Court also found that Relator's FAC "is not sufficiently specific to state false claims based on loan-level certifications[,]" but at the same time permitted Relator to take discovery regarding those claims. Order at 15 n.4. Discovery is not permitted on unpled claims or defenses, because that is beyond the scope of discovery under the Federal Rules of Civil Procedure. *See Altman v. HO Sports Co.,* No. 1:09-CV-1000, 2010 U.S. Dist. LEXIS 133280, at *6 (E.D. Cal. Dec. 2, 2010); *Lifeguard Licensing Corp. v. Kozak*, 2016 U.S. Dist. LEXIS 68724, at *7-8 (S.D.N.Y. May 23, 2016). Relator should not be permitted to just "file one plausible claim and then take discovery on any tangentially related potential claims[.]" *Kozak*, 2016 U.S. Dist. LEXIS 68724, at *8.

At a minimum, then, following *Rose*, the Court should revisit its Order and find that Relator has not alleged an implied false certification theory, and thus cannot rely on that theory for False Claims Act liability or to obtain discovery on false claims based on loan-level certifications. But the *Rose* holding dictates more: the Court should dismiss Relator's FAC for failing to state a claim for relief. Therefore, *Rose* provides a proper basis for the Court to reconsider Academy's Motion to Dismiss.

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)
4

## II. The Court Has Committed Clear Error by Failing to Consider Material Facts and Key Legal Arguments

The moving party may also satisfy its burden in a motion for leave to file a motion for reconsideration by showing some "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the] interlocutory order" was entered. Civil L. R. 7-9(b)(3). Such a "manifest failure" exists in the present case with regard to several key facts and legal arguments that were not considered in the Court's Order.

First, the Court committed clear error regarding the fundamental nature of the FHA annual re-certifications: the annual certifications do not create a contract (i.e., they do not create any obligation to do anything by either party, but simply allow the lender to submit applications for insurance on loans if they wish); they do not relate to the submission of claims, and are not subject to the False Claims Act. The annual re-certifications do not allow a direct endorsement lender ("DE lender") to originate loans; the DE lender is instead *required* to make a certification with respect to each loan that is originated before the FHA will agree to insure it. FAC ¶ 141. The United States Supreme Court has held that an endorsing lender's application for FHA insurance cannot serve as the basis for a "false claim" within the meaning of the False Claims Act. *United States v. McNinch*, 78 S. Ct. 950, 953 (1958). In addition, "[l]enders cannot give up their FHA approval by simply choosing not to recertify." FHA's Office of Lender Activities and Program Compliance, LENDER INSIGHT, March 2016, at 2, https://www.hud.gov/sites/documents/SFH_INSIGHT_2016_03.PDF. Instead, "[f]ailing to recertify will result in a Mortgagee Review Board action." *Id.*; *see also* HUD Handbook 4000.1(I)(A)(8)(g), https://www.hud.gov/sites/documents/40001HSGH.PDF. FHA continues to insure and pay out claims on loans originated and endorsed by DE lenders while re-certifications remain pending, or indeed, even if a DE lender loses FHA approval to endorse loans. 24 C.F.R. § 202.3(c)(2)(vii). Thus, the annual re-certifications, which only allow a DE lender to submit applications for insurance and are not tied to requests for payment, cannot be the basis of False Claims Act liability.

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)
5

Moreover, the False Claims Act is not an "all-purpose antifraud statute." *Escobar*, 136 S. Ct. at 2003. The promissory fraud theory cannot be used to find a false claim where the government has gotten what it paid for, and what it believes it paid for: loans that were properly underwritten and endorsed for FHA insurance. *Cf. Campie*, 862 F.3d at 903. In *Campie*, False Claims Act liability was appropriate where a drug manufacturer represented certain drugs were FDA-approved, when it had fraudulently obtained FDA approval for those drugs by representing they were not adulterated or manufactured in improper facilities, and then sought payment or reimbursement *for those drugs,* and *based on the FDA approval*. *Id.* at 901-903. It could not be the case that the drug manufacturer's requests for payment for *all other drugs*, not alleged to be adulterated or manufactured in improper facilities, could be the basis for False Claims Act liability. Similarly, here, loans that were properly underwritten and endorsed cannot be the basis for False Claims Act liability. Good cause therefore exists for the Court to reconsider its Order.

## **CONCLUSION**

For the reasons outlined above, Academy requests that this Court grant it leave to file a motion asking the Court to reconsider its Order and dismiss Relator's FAC, or in the alternative, to dismiss Relator's implied false certification theory and prohibit her from taking discovery on insufficiently alleged theories of liability.


Dated: September 12, 2018

Respectfully submitted,  **WEINER BRODSKY KIDER PC**

/s/ Mitchel H. Kider
Mitchel H. Kider

Defendant's Motion for
Leave to File Motion for Reconsideration
Case No. 3:16-cv-02120 (EMC)
6