1  JOSEPH H. HUNT
   Assistant Attorney General, Civil Division
2  ALEX G. TSE (CABN 152348)
   United States Attorney
3
   SARA WINSLOW (DCBN 457643)
4  Chief, Civil Division
   DOUGLAS CHANG (HSBN 2922)
5  Assistant United States Attorney
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102
         Telephone: (415) 436-7102
7        Facsimile: (415) 436-6748
         E-mail: douglas.chang@usdoj.gov
8
   MICHAEL D. GRANSTON
9  SARA McLEAN
   BRUCE D. BERNSTEIN
10 Attorneys, Civil Division
         175 N Street, N.E.
11       Washington, D.C. 20002
         Telephone: (202) 616-4298
12       Facsimile: (202) 514-0280
         E-mail: bruce.d.bernstein@usdoj.gov
13
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GWEN THROWER<br><br>Plaintiff and Relator,<br><br>v.<br><br>ACADEMY MORTGAGE CORP.<br><br>Defendant. | CASE NO. CV-16-02120-EMC<br><br>**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT .............................................................................................................................3

    I.     The Government's Motion to Stay is Consistent with Its Interest in Protecting Its Primary Litigation Tool for Combatting Civil Fraud and Recovering Losses Due to Fraud on Federal Programs ........................................................3

    II.    The Government Has Shown That, At the Very Least, It Has a Substantial Case for Relief on the Merits or that the Appeal Raises Serious Legal Questions ..............................................................................................................4

        A.  The District Court Order May Be Appealed as a Collateral Order ...............4

        B.  The Government's Appeal Presents a Substantial Case for Relief on the Merits that Also Raises Serious Legal Questions .......................................6

    III.   The United States Will Be Irreparably Harmed Absent a Stay ...........................7

    IV.   The Issuance of a Stay Would Not Substantially Injure Relator or Academy .....8

    V.    Public Policy Weighs in Favor of a Stay ..............................................................9

CONCLUSION ..........................................................................................................................9

## TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*California v. Health and Human Services*,
   281 F. Supp. 3d 806 ............................................................................................................. 8

*Cohen v. Beneficial Industrial Loan Corp.*,
   337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949) .................................................................. 5

*Copeland v. Ryan*,
   852 F.3d 900 (9th Cir. 2017) ................................................................................................... 6

*Heckler v. Chaney*,
   470 U.S. 821 (1985) ................................................................................................................ 7

*Marino v. Ortiz*,
   484 U.S. 301, 108 S. Ct. 586, 98 L. Ed.2d 629 (1988) ............................................................... 5

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ................................................................................................................ 5

*Mohawk Industries, Inc. v. Carpenter*,
   559 U.S. 100 (2009) ................................................................................................................ 6

*Save Strawberry Canyon v. Dept. of Energy*,
   613 F. Supp. 2d 1177 (N.D. Cal. 2009) .................................................................................... 8

*Sequoia Orange*,
   151 F.3d ............................................................................................................................ 6, 7

*Stoner v. Santa Clara Cty. Office of Educ.*,
   502 F.3d 1116 (9th Cir. 2007) ................................................................................................. 9

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ............................................................................................................ 8, 9

*United States ex rel. Irwin v. Eisenstein*,
   556 U.S. 928 (2009) .................................................................................................... 4, 5, 7, 8

*United States v. Schimmels*,
   127 F.3d 875 (9th Cir. 1997) ................................................................................................... 9

*United States v. Windsor*,
   570 U.S. 744 (2013) ................................................................................................................ 6

*Vermont Agency of Natural Resources v. United States ex rel. Stevens*,
   529 U.S. 765 (2000) ................................................................................................................ 7

|  | Statutes |  |
|---|---|---|
| 28 U.S.C. § 1291 | | 2, 4 |
| 31 U.S.C. § 3730(b)(1) | | 5, 9 |
| 31 U.S.C. § 3730(c)(2)(A) | | 2, 5, 10 |
|  | Rules |  |
| Fed. R. App. P. Rule 8(a)(1)(A) | | 7 |
| Fed. R. Civ. P. 41(a)(1) | | 7 |
| Federal Rules of Appellate Procedure Rule 4 | | 3 |
|  | Regulations |  |
| 28 CFR 0.20(b) | | 1, 3, 4 |

**INTRODUCTION**

Relator, in response to the Government's Motion to Stay the District Court Proceedings ("Motion to Stay") (ECF No. 123), mischaracterizes controlling law and corresponding facts.

First, Relator mischaracterizes the Government's conduct, contending that it is "inconsistent" with seeking a stay. Relator's Response to the United States' Motion to Stay ("Relator's Response") at 1. Relator appears to suggest that a party must treat all stay requests as emergencies in order to have established a valid claim for relief. But there is no such requirement, and the Government moved forward with all deliberate speed to protect its interests, while following DOJ regulations concerning appellate authority and the applicable Federal Rules of Appellate and Civil Procedure. *See, e.g.*, 28 CFR 0.20(b) (requiring that the Solicitor General determine "whether, and to what extent, appeals will be taken by the Government to all appellate courts.") The United States filed a Statement of Interest in connection with defendant Academy Mortgage Corp.'s ("Academy") motion to dismiss in order to assist the Court in avoiding erroneous interpretations of the False Claims Act (the "FCA"), the United States' primary civil litigation tool for combatting fraud on government programs. It did so expeditiously after the Relator and Academy jointly sought a hearing on Academy's motion to dismiss, without first alerting the United States, which had stated previously its intent to file a Statement of Interest within 10 days of the Court scheduling a hearing for oral argument on Academy's motion to dismiss if the Government's own motion to dismiss was denied. *See* ECF No. 64 (Stipulation and Order Setting the Briefing Schedule and Oral Argument on the United States' Motion to Dismiss and Holding in Abeyance Defendant's Motions and the Case Management Conference), at ¶13. These efforts were necessary to protect the United States' interests and are entirely consistent with its observance of a chain of command in pursuing an appeal and with this request for a stay.

Second, Relator confuses the Ninth Circuit's legal standard with respect to the relief sought by the Government. Relator's Response at 6. Specifically, to prevail on the Motion to Stay, the Ninth Circuit has instructed that the Government does *not* have to demonstrate that it is more likely than not that it will win on the merits of its appeal. Instead, the Government only has to show that, at a minimum, it has a *substantial case for relief on the merits* or that *serious legal questions are raised*. As

set forth in the United States Motion to Stay, these thresholds are met with respect to the appeal of the District Court's Order, which appears to be the first time that a court has ever denied a governmental motion pursuant to 31 U.S.C. § 3730(c)(2)(A) under these circumstances. Relator's contention that the Ninth Circuit is unlikely to even hear the appeal because it is procedurally flawed is erroneous. Relator's Response at 5-6. The Order denying the dismissal motion under Section 3730(c)(2)(A) is appealable as a collateral order under 28 U.S.C. § 1291.

Third, with respect to the irreparable harm element for a stay, the continuation of this suit in the United States' name despite the United States' attempt to end it causes harms beyond continued litigation expenses. Absent a stay, the Government's express statutory right to end an FCA action could be nullified before the Ninth Circuit has an opportunity to render a decision on this statutory right. Separately, with respect to the continued financial costs that the Government will incur if this litigation continues, there is a material difference between the United States bearing litigation costs as a defendant and being forced to expend public resources proceeding with a federal enforcement action the federal government has determined should end. And, as evidenced by the subpoena that Academy is seeking to serve on the Government this week, the financial costs that the United States could incur just to process these document requests even if they are ultimately denied under HUD's *Touhy* regulations are real and significant, not speculative, as Relator erroneously contends. *See* Declaration of Douglas Chang in Support of the United States' Reply Brief in Further Support of the Motion to Stay Proceedings Pending Appellate Decision ("Chang Declaration"), Exhibit 1.

Fourth, in contending that both Relator and Academy will be injured by "further delaying" resolution of this case, Relator ignores that Academy actually consented to the United States' request to stay the proceeding prior to the Government filing the Motion to Stay. *See* ECF No. 121 (Declaration of Bruce Bernstein in Support of the Government's Motion to Stay the Proceedings), at ¶2; ECF No. 125 (Defendant Academy Mortgage Corporation's Reply to Relator's Arguments in Opposition to Government's Motion to Stay). Furthermore, if the Solicitor General authorizes appeal and the Ninth Circuit subsequently rules in favor of the Government and directs dismissal of this action, the significant costs that Academy, Relator and the United States will have incurred will waste resources of all three.

Relator's purported interest in a speedy recovery in this case deserves little weight as the United States, the real party in interest in any FCA action, is entitled to the majority of any recovery in this action and seeks a stay.

Fifth, contrary to Relator's contention, public policy weighs in favor of a stay. Indeed, the public has a significant interest in the Ninth Circuit clarifying the circumstances under which the United States may exercise its enforcement discretion under Section 3730(c)(2)(A) to dismiss an action under the FCA that it does not wish to pursue.

For the reasons set forth herein, as well as those in the Government's Motion to Stay, all four factors relevant to a motion to stay weigh strongly in favor of staying these proceedings until the Solicitor General makes a determination regarding appeal and the Ninth Circuit disposes of any appellate proceedings.

## ARGUMENT

I. The Government's Motion to Stay is Consistent with Its Interest in Protecting Its Primary Litigation Tool for Combatting Civil Fraud and Recovering Losses Due to Fraud on Federal Programs

In response to the Court denying the Government's Motion to Dismiss, the United States moved with deliberate speed to protect its interests:

- As the United States has a continuing and substantial interest in the proper interpretation and application of the FCA (*i.e.*, the statute that is the Government's primary civil litigation tool to combat fraud on federally-funded programs), it filed a Statement of Interest in connection with Academy's motion to dismiss the Relator's Amended Complaint. ECF No. 101.

- The United States also participated in the corresponding hearing before the Court on Academy's respective motions to dismiss and to transfer venue. ECF No. 102.

- While seeking authority from the Solicitor General to appeal the Court's Order denying the United States Motion to Dismiss (28 CFR 0.20(b)), on July 27, 2018, the United States timely filed a Notice of Appeal of that Order (ECF No. 106) to ensure compliance with the timing requirements of the Federal Rules of Appellate Procedure Rule 4.

Relator erroneously seeks to paint these actions as inconsistent with the relief that the United States seeks through its Motion to Stay. Relator's Response at 3-4. Relator, however, does not and

cannot contend that any of the aforementioned actions ran afoul of the Federal Rules of Appellate or Civil Procedure, or Department of Justice regulations and procedures. Rather, it would appear that Relator's objection to the Government's actions is premised only on the Government not treating the Motion to Stay as an emergency matter. But not every stay request is an emergency, and Relator errs in suggesting that the Government cannot establish the need for a stay absent the type of urgency that warrants expedition of the processes designed to ensure the responsible exercise of the Solicitor General's authority in connection with determining whether to appeal every adverse judgment the United States receives from every district court in the United States. *See* 28 C.F.R. 0.20(b). That Relator might have filed the motion differently does not demonstrate that the United States has somehow unduly delayed these proceedings.[1]

II. **The Government Has Shown That, At the Very Least, It Has a Substantial Case for Relief on the Merits or that the Appeal Raises Serious Legal Questions**

   A. *The District Court Order May Be Appealed as a Collateral Order*

The Relator correctly notes that, on August 27, 2018, the Ninth Circuit issued an Order to Show Cause that directed the United States to explain why the Ninth Circuit has jurisdiction to review the District Court's Order as a Collateral Order under 28 U.S.C. §1291, given that the appealed order "may not have disposed of the action as to all claims and all parties." Relator's Response at 6. The Relator, however, then makes the conclusory contention that the Ninth Circuit is unlikely to hear the appeal. *Id.*

The United States, in its response to the Order to Show Cause, will articulate why the court of appeals has jurisdiction to review the challenged order under 28 U.S.C. §1291, per the collateral-order doctrine. In *United States ex rel. Irwin v. Eisenstein*, 556 U.S. 928 (2009), the Supreme Court explained that the United States may appeal a district court's ruling on a motion to dismiss an FCA suit as a collateral order:

> [The conclusion that the United States is not a "party" to an FCA action for purposes of the appellate filing deadline unless it has exercised its right to intervene in the

---

[1] Indeed, Relator suggested the opposite only a few weeks ago. *See* ECF No. 116 (Relator's Objection to Misfiling of the United States' Administrative Motion), at 2 (accusing the Government of inappropriately designating the Motion to Stay as an a*dministrative motion* in order to "*shorten time* and deprive Relator of a reasonable opportunity" to respond to the requested relief.) (Emphasis added.)

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY
16-CV-2120 EMC                                                    4

> case] does not mean that the United States must intervene before it can appeal any order of the court in an FCA action. Under the collateral-order doctrine recognized by this Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-547, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949), the United States may appeal, for example, the dismissal of an FCA action over its objection. *See* 31 U.S.C. § 3730(b)(1); *see also* § 3730(c)(3); *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S. Ct. 586, 98 L. Ed.2d 629 (1988) (per curiam) (noting that "denials of [motions to intervene] are, of course, appealable"). In such a case, the Government is a party for purposes of appealing the specific order at issue even though it is not a party for purposes of the final judgment and Federal Rule of Appellate Procedure 4(a)(1)(B).

*Eisenstein*, 556 U.S. at 931 n.2.[2] An order rejecting the United States' request for dismissal under Section 3730(c)(2)(A) is just as collateral to the merits of the litigation as an order rejecting the United States' objection to a dismissal under Section 3730(b)(1), which the Supreme Court in *Eisenstein* specifically identified as an appealable collateral order. And because the United States is a nonparty to the underlying litigation unless it intervenes, the United States' exercise of its prerogatives under the FCA – which do not require the United States to take a position on the FCA action in question – are collateral to the merits of the litigation between the parties.

An Order denying the Government's dismissal motion under Section 3730(c)(2)(A) is also appealable under the usual collateral order standards. The "small category" of appealable collateral orders "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). Here, the District Court Order conclusively determined that the Government did not satisfy the Ninth Circuit's standard to dismiss an FCA action under Section 3730(c)(2)(A), and it is an important issue separate from the merits of the fraud alleged in the Relator's Amended Complaint.

Furthermore, a District Court's denial of a Section 3730(c)(2)(A) motion is effectively unreviewable on appeal from a final judgment. If a relator continues the action, the improper denial of

---

[2] In some circumstances, the dismissal of an FCA action over the Government's objection would not require a collateral-order appeal because such dismissals would be final judgments. However, FCA actions can be brought in tandem with other claims, and *Eisenstein* makes clear that even if a dismissal of FCA claims were not part of a final disposition as to all parties and all claims, the United States could appeal the FCA-dismissal decision as a collateral order.

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY
16-CV-2120 EMC                    5

such a motion may thwart the United States' attempts to vindicate public interests or to avoid "the burden imposed on the taxpayers" that FCA suits can cause "even if the relators were to litigate the FCA claims"-- a consideration that the Ninth Circuit has specifically identified as a legitimate reason for the government to exercise its Section 3730(c)(2)(A) authority. *Sequoia Orange*, 151 F.3d at 1146 (noting that the Government could support dismissal of an FCA action to promote peace within an industry). If the defendant prevails on summary judgment or on other grounds, it is unclear that the United States could then appeal the summary judgment decision on the grounds that the District Court should have instead dismissed the FCA claim on the basis of the Government's 3730(c)(2)(A) motion. *See United States v. Windsor*, 570 U.S. 744, 759 (2013) (noting that "[a] party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it") (quotation marks omitted). The United States thus might never have an opportunity to vindicate its statutory prerogatives absent an interlocutory appeal of a district court's order denying its motion to dismiss.

Thus, motions to dismiss under Section 3730(c)(2)(A) are a "class of claims, taken as a whole" that cannot "adequately [be] vindicated" after the conclusion of litigation between the Relator and defendant. *Mohawk Industries, Inc. v. Carpenter*, 559 U.S. 100, 107 (2009). Regardless of whether the Relator or Academy ultimately prevails or resolves the matter, the United States would improperly be forced to expend the resources it believes should be conserved, with no chance of recouping them. The Ninth Circuit has allowed collateral order appeals in similar circumstances based on the Government's inability to recover litigation expenses from an indigent habeas petitioner. *See Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017).

      B.     *The Government's Appeal Presents a Substantial Case for Relief on the Merits that Also Raises Serious Legal Questions*

As set forth in the Government's Motion to Stay (at 4-8), the Court's Order denying the United States' dismissal motion raises important legal questions concerning the authority of a District Court to override the United States' discretionary judgment that a FCA action brought on the Government's behalf by a *qui tam* relator should be dismissed. At a minimum, there is a serious question as to whether this Court misconstrued the pertinent standard for reviewing motions to dismiss under Section

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY
16-CV-2120 EMC      6

3730(c)(2)(A), as set forth in *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139 (9th Cir. 1998). As explained previously, to the Government's knowledge, no court -- within or outside of the Ninth Circuit -- has ever previously rejected a motion by the United States to dismiss an action under these circumstances. The unprecedented nature of the order on appeal underscores that the question currently on appeal is serious and substantial.

In response, Relator merely contends that the Government's arguments are "simply a rehash" of the arguments that the United States presented to this Court in support of its dismissal motion. *See* Relator's Response at 6-7. Relator's contention, however, ignores that filing the Motion to Stay with the District Court, and making the underlying arguments to the same court that has previously rejected them, is required under the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. Rule 8(a)(1)(A) ("A party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal").

### III. The United States Will Be Irreparably Harmed Absent a Stay

The continuation of this suit in the United States' name despite the United States' attempt to end it causes harms beyond the Government continuing to incur expenses connected with the ongoing litigation. Absent a stay, the Government's express statutory right to dismiss an FCA action could well be nullified before the Ninth Circuit has an opportunity to render a decision on this statutory right. As the Supreme Court has explained, the United States is always the "real party in interest" in an FCA suit, *Eisenstein*, 556 U.S. at 930, and "[t]he FCA can reasonably be regarded as effecting a partial assignment of the Government's damages claim" to a relator, *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000). By refusing to allow the United States to dismiss this action per its Section 3730(c)(2)(A) authority, this Court's order effectively requires the United States to continue with a coercive enforcement action, a significant incursion on the Government's discretion to decline to bring or continue such actions. *See Heckler v. Chaney*, 470 U.S. 821, 831-33 (1985). Indeed, even absent the Government's historic prerogative to choose which enforcement actions to bring, requiring *any* party to continue as a plaintiff at this stage in a lawsuit is an extraordinary measure. *Cf.* Fed. R. Civ. P. 41(a)(1) (permitting a plaintiff to dismiss an action "without a court order" and without

1 prejudice before the opposing party has served an answer motion for summary judgment).[3]  Indeed, the
2 continuation of this suit over the United States' objection would allow litigation to proceed that could
3 potentially bind the United States even though the Government never intervened.  *See Eisenstein*, 556
4 U.S. at 933–34, 936 (noting that "the United States is bound by the judgment in all FCA actions
5 regardless of its participation in the case" based on nonparty claim preclusion principles (citing *Taylor v.*
6 *Sturgell*, 553 U.S. 880, 893–95 (2008))).

Separately, with respect to the continued financial costs that the Government will incur if this litigation continues, the United States respectfully submits that there is a significant difference between a party bearing defensive litigation costs and a party effectively being forced by a court to proceed with an enforcement action.  And, as evidenced by the subpoena that Academy seeks to serve on the Government, the financial costs that the United States will incur if this case proceeds are real, not speculative as Relator erroneously contends.  *See* Chang Declaration, Exhibit 1.

Relator misses the point in asserting that the "litigation costs are particularly speculative here as the Government is not even litigating this case, but simply monitoring the Relator litigating the case." Relator's Response at 8.  As the United States pointed out in the Declaration of Christopher Reimer, (ECF No. 69-1), discovery in these document-intensive FHA cases can be substantial, involving millions of documents.  Hence, even if the United States is only monitoring the case, it will likely still need to spend substantial resources to process requests for discovery under HUD's *Touhy* regulations.  The Government's enforcement discretion generally ensures that the United States can devote its resources only to those cases where it has determined that such expenditures are in the public interest.  The enforced continuation of expenditures on this suit thus constitutes not only an unrecoverable cost, but also a fundamental infringement on the Government's discretion to deploy its limited enforcement resources as it deems most appropriate.

---

[3] Even if these harms could only be described as procedural, they would nonetheless satisfy the irreparable harm standard.  *See Save Strawberry Canyon v. Dept. of Energy*, 613 F. Supp. 2d 1177, 1187 (N.D. Cal. 2009) (procedural injuries due to statutory violations can constitute irreparable harm); *California v. Health and Human Services*, 281 F. Supp. 3d 806, 829-30 (N.D. Cal. 2017 (a procedural injury may serve as a basis for a finding of irreparable harm).

IV. The Issuance of a Stay Would Not Substantially Injure Relator or Academy

Relator contends that she and Academy will be injured by "further delaying" resolution of this case. Relator's Response at 9-10. In doing so, Relator ignores that Academy actually consented to the United States' request to stay the proceeding prior to the Government filing the Motion to Stay. *See* ECF No. 121 (Declaration of Bruce Bernstein in Support of the Government's Motion to Stay the Proceedings), at ¶2. In fact, Academy recently filed its Reply to Relator's Arguments in Opposition to Government's Motion to Stay (ECF No. 125), directly contradicting Relator's claim that Academy would be injured by the stay. Specifically, "Academy denies that any prejudice will result from a stay of these proceedings," and in fact claims that it "will be prejudiced if, in the absence of a stay, Academy is forced to move forward with discovery and the Government is ultimately successful in its appeal." *Id.* Furthermore, if the Solicitor General authorizes appeal and the Ninth Circuit subsequently rules in favor of the Government and directs dismissal of this action, the significant costs that Academy, Relator and the United States will have incurred will constitute a significant waste of everyone's resources.

In addition, Relator's contention that she will incur a "substantial injury" if this case is delayed ignores the nature of the claim asserted and any potential recovery. Relator's Response at 9-10. Specifically, although the United States declined to intervene and is not a litigating party, it remains the real party in interest in this litigation, entitled to the majority of any monies recovered in this action. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) ("where the government chooses not to intervene, a relator bringing a *qui tam* action for a violation of § 3729 is representing the interests of the government and prosecuting the action on its behalf."), *citing* 31 U.S.C. § 3730(b)(1); *United States v. Schimmels,* 127 F.3d 875, 882 (9th Cir. 1997) ("[T]he 'United States is the real party in interest in any False Claims Act suit, even when it permits a *qui tam* relator to pursue the action on its behalf.'") (citation omitted). Accordingly, any potential injury resulting from a delay would principally be incurred by the United States, as opposed to the Relator, and, in the context of the FCA, should be measured against the United States' other interests in not having the case proceed.

V. Public Policy Weighs in Favor of a Stay

Contrary to Relator's contention (Relator's Response at 10-11), public policy weighs strongly in

favor of a stay. To begin with, the public has a significant interest in staying the proceedings to save substantial resources that will unnecessarily be spent in responding to discovery requests if the Court's decision denying the Government's dismissal request is ultimately reversed on appeal. Further, the public also has a significant interest in the Ninth Circuit clarifying the circumstances under which the United States may properly dismiss an FCA action under Section 3730(c)(2)(A) and the appropriate standard of review in this context.

## CONCLUSION

The United States has made the requisite showing that, at a minimum, it has a substantial case for relief on the merits in any appeal of the unprecedented Order denying its motion to dismiss under 31 U.S.C. § 3730(c)(2)(A) or that such an appeal raises serious legal questions. Furthermore, there is a significant risk that the United States will suffer irreparable harm absent the issuance of a stay. In contrast, a stay would not substantially injure the Relator or Academy, and would be in the public interest. Accordingly, the United States respectfully requests that the Court grant the United States' motion to stay pending the Solicitor General's appeal determination and the Ninth Circuit's disposition of any appeal.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
ALEX G. TSE
United States Attorney

Dated: September 12, 2018     By: __/s/ Douglas K. Chang_____
                                  DOUGLAS CHANG
                                  Assistant United States Attorney

                              By: __/s/ Bruce D. Bernstein*_____
                                  MICHAEL D. GRANSTON
                                  SARA McLEAN
                                  BRUCE D. BERNSTEIN
                                  Civil Division, Department of Justice
                                  Attorneys for the United States

\* I hereby attest that I have obtained the concurrence in the filing of this document from Bruce D. Bernstein.

 /s/ Douglas K. Chang
 Douglas K. Chang

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY
16-CV-2120 EMC                          10