JOSEPH H. HUNT
Assistant Attorney General, Civil Division
ALEX G. TSE (CABN 152348)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division
DOUGLAS CHANG (HSBN 2922)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7102
    Facsimile: (415) 436-6748
    E-mail: douglas.chang@usdoj.gov

MICHAEL D. GRANSTON
SARA McLEAN
BRUCE D. BERNSTEIN
Attorneys, Civil Division
    175 N Street, N.E.
    Washington, D.C. 20002
    Telephone: (202) 616-4298
    Facsimile: (202) 514-0280
    E-mail: bruce.d.bernstein@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GWEN THROWER<br><br>    Plaintiff and Relator,<br><br>v.<br><br>ACADEMY MORTGAGE CORP.<br><br>    Defendant. | CASE NO. 16-CV-02120-EMC<br><br>**DECLARATION OF DOUGLAS K. CHANG IN SUPPORT OF THE UNITED STATES' REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION** |

Declaration Of Douglas K. Chang in Support of the United States' Reply
Brief in Further Support of the Motion to Stay Proceedings Pending Appellate Decision

Case No. 16-CV-02120-EMC                         1

I, DOUGLAS K. CHANG, declare as follows:

1. I am an Assistant United States Attorney with the United States Attorney's Office for the Northern District of California.

2. In connection with my official duties, I have been assigned to represent the United States in the above-entitled action.

3. This declaration is submitted in support of the United States' Reply in Further Support of its Motion to Stay Proceedings Pending Appellate Decision.

4. Attached hereto as Exhibit 1 is a true and correct copy of a subpoena that Defendant Academy Mortgage Corporation is seeking to serve on the United States Department of Housing and Urban Development in connection with the above-entitled matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2018, at San Francisco, California.

                                                  /s/ Douglas K. Chang
                                                DOUGLAS K. CHANG

Declaration Of Douglas K. Chang in Support of the United States' Reply
Brief in Further Support of the Motion to Stay Proceedings Pending Appellate Decision

Case No. 16-CV-02120-EMC                     2

# Exhibit 1

Declaration Of Douglas K. Chang in Support of the United States' Reply
Brief in Further Support of the Motion to Stay Proceedings Pending Appellate Decision

Case No. 16-CV-02120-EMC                     3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America, ex rel. Gwen Thrower, | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Academy Mortgage Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: U.S. Department of Housing and Urban Development
C/O Nancy D. Christopher

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto, for further instructions on the requests.

| Place: Weiner Brodsky Kider, PC<br>1300 19th St. NW<br>Washington DC, 20036 | Date and Time:<br>October 11, 2018 by 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 11, 2018

*CLERK OF COURT*

OR  [signature]

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Academy Mortgage Corporation                              , who issues or requests this subpoena, are:

Jason W. McElroy  1300 19th St NW, Washington DC, 20036. mcelroy@thebkfirm.com, 202-628-2000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GWEN THROWER,<br><br>  Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>  Defendant. | Civil Action No. 3:16-cv-02120 (EMC) |

**EXHIBIT A**

The following Definitions, Instructions, and Requests apply to the subpoena served on the United States Department of Housing and Urban Development in the above captioned proceeding, pursuant to Federal Rule of Civil Procedure 45.

**DEFINITIONS**

1. "Academy" means Academy Mortgage Corporation.

2. "FHA" means the Federal Housing Administration.

3. "HUD" means the United States Department of Housing and Urban Development, all of its employees, agents, directors, officers, and offices, including the Office of Housing and FHA.

4. "HUD-OIG" means the United States Department of Housing and Urban Development Office of Inspector General.

5. "DOJ" means Department of Justice.

6. "Action" or "Lawsuit" mean the proceedings titled *United States of America ex rel. Gwen Thrower v. Academy Mortgage Corporation*, No. 3:16-cv-02120, which is currently pending in the United States District Court for the Northern District of California.

7. "Relator" refers to Gwen Thrower, the private party whom initiated the Action.

8. "DE" or "Direct Endorsement" means HUD's Single Family Direct Endorsement Program.

9. "AUS" refers to an Automated Underwriting System that is used to access FHA TOTAL (Technology Open o Approved Lenders).

10. "Annual Certification" means the FHA Lender Annual Certification for Supervised and Nonsupervised Mortgagees, as set forth in HUD Handbooks.

11. "Claim For Insurance Benefits" means a claim for insurance benefits submitted in connection with HUD's Single-Family Lender Insurance program, and made on form HUD-27011.

12. "Compare Ratio" means calculation undertaken by HUD which compares the rate of defaults and claims for insured single family mortgage loans originated or underwritten by the mortgagee in a specific geographic area with the rate of defaults and claims for other mortgagees originating or underwriting insured single family mortgage loans in that same area.

13. "Early Payment Default" means an FHA insured loan that quickly defaults after origination, within the time periods defined by HUD.

14. "FHA Credit Watch Termination Initiative" means the HUD program which oversees the termination of approved DE Lenders and Original Approval Agreements entered into with respect to the DE program.

15. "Document" and "Documents," means all writings of every kind, including: agreements, contracts, communications, correspondences, telegrams, facsimiles, memoranda, notes, records, books, statistical statements, emails, attachments,  minutes or records of meetings or telephone conferences, notes, calendar entries, schedules, reports, studies, appraisals, lists, surveys,  deeds, budgets, financial statements, tax returns, legal and accounting opinions, research, periodicals, interviews, speeches, transcripts, depositions, press releases, graphs,

charts, spreadsheets, texts, or instant messages, account, summaries, circulars, press releases, working papers, checks, check stubs or receipts, and any electronically-stored data (including computer hard drives, external hard drives, external memory devices such as CDs, DVDs, memory cards, and SIM cards) that are within your possession, custody or control or the possession, custody or control of any employee, agent (including without limitation, attorneys, accountants, and investment bankers and advisers), or other person acting or purporting to act on your behalf or that you have a right to obtain documents through by contract or otherwise.  The term "documents" also includes all drafts, outlines, and proposals of any such documents, whether identical to or different from the original by reason of notations made upon such documents or otherwise.

16. "Communication" includes any oral or written statement, any in-person, electronic or telephonic communication between two or more persons, and an analysis, summary, note, comment or other description of a communication, regardless of its form.

17. "Concerning," "referring to," or "relating to" are used in the broadest sense, and shall include the meaning of "mentioning," "describing," "pertaining to," "concerning," "support," "constitute," or "reflect upon."

18. "Relevant Time Period" means January 1, 2010 through April 27, 2017.

## INSTRUCTIONS

1. In responding to any Request, furnish all information and documents that are known or available to you, regardless of whether the information or document is possessed directly by you or your agents, employees, representatives, or by other persons acting or appearing to act on your behalf and, unless privileged, by your attorneys.

2. Unless the text clearly requires otherwise, you shall interpret:  (a) the singular form of a word to include the plural and vice versa; (b) the conjunctive "and" to include the

disjunctive "or" and vice versa; (c) all pronouns to apply to the male, female and neutral genders; (d) the word "any" to include the word "all" and vice versa; and (e) the past tense of a word to include the present tense and vice versa.

3. If you assert that a Request is objectionable, state your objection clearly and specifically identify which parts of the Request are objectionable and the basis for your objection.

4. If you assert that part of a Request is objectionable, respond to those remaining parts of the Request to which you do not object.

5. If you claim privilege as a ground for failing to answer any Request, respond to that part of each such Request that, in your view, does not demand privileged information, documents or communications.  For each Request, or portion thereof, for which you claim a privilege, describe the factual basis for your claim of privilege in sufficient detail to permit adjudication of the validity of that claim, including without limitation, the following:  (a) a brief description of the type of information, document or communication; (b) the date of the information, document or communication; (c) the name, title and job description of the transmitter of the information, document or communication; (d) the name, title and job description of the person to whom the information, document or communication was addressed; (e) the name, title and job description of each person who has received or utilized the information, document or communication; (f) a brief description of the subject matter of the information, document or communication; and (g) the nature of the privilege claimed.

6. If you at any time had possession or control of a document responsive to these Requests and if such document has been lost, destroyed, purged or is not presently in your possession or control, then:  (a) identify the document; (b) state the date of its loss, destruction, purge or separation from your possession or control; (c) state the circumstances surrounding its

loss, destruction, purge or separation from your possession or control; and (d) state its present or last known location, including the name, address and telephone number of each person believed to have possession of such document.

7. You are instructed that Relevant Time Period applies to all Requests, unless a different time period is indicated in the Request.

**REQUESTS**

1. All documents concerning a Claim For Insurance Benefits on any loan originated by Academy during the Relevant Time Period.

2. Documents reflecting any analysis or review of Annual Certifications made by Academy.

3. Documents reflecting how HUD determines that an Annual Certification is false, fraudulent, or contains a material omission.

4. Documents sufficient to identify all companies HUD has determined have submitted an Annual Certification that was false, fraudulent, or contained a material omission. The time period for this Request is January 1, 2010 through the present.

5. All documents concerning the Notice of Violation of Intent to Seek Civil Money Penalty, issued to Academy on February 7, 2012 by the Mortgagee Review Board of HUD.

6. All analyses or reviews of Academy's underwriting, quality control, loan document retention, use of AUS, or compensation practices that HUD has performed during the Relevant Time Period.

7. Documents sufficient to identify all lenders whose Direct Endorsement Approval has been terminated as a result of allegations made in a False Claims Act *qui tam* complaint concerning alleged violations of HUD's rules. This Request applies only to actions where the United States declined to intervene.

8. All documents reflecting HUD's knowledge or belief that Academy violated any HUD rule, regulation, or mortgagee letter, or other guidance issued by HUD.

9. Documents sufficient to identify action undertaken against any DE Lender pursuant to the FHA Credit Watch Termination Initiative for violations of rules governing: management exception policies; compensation for underwriters; the storage of loan documentation; the evaluation of borrower income; or AUS submissions. The time period for this request is January 1, 2010 through the present.

10. Documents reflecting HUD's refusal to pay a Claim For Insurance Benefits after determining a DE Lender violated rules governing: management exception policies; compensation for underwriters; the storage of loan documentation; the evaluation of borrower income; or AUS submissions. The time period for this request is January 1, 2010 through the present.

11. All documents reflecting any analysis or action undertaken by HUD with respect to Academy, as a result of HUD-OIG's report titled "Evaluation of the Effectiveness of HUD's Credit Watch Termination Initiative In Deterring Deficiencies in the Performance of Lenders' Loans", dated September 29, 2010 (IED-10-003).

12. All documents and communications related to the original approval of Academy as a DE Lender. This Request is not limited to the Relevant Time Period.

13. All documents reflecting any analysis or investigation of Academy undertaken by HUD or HUD-OIG as a result of Academy's Compare Ratio.

14. All documents comparing Academy's Compare Ratio or Early Payment Defaults to other DE Lenders.

15. Documents reflecting HUD's losses and recoveries on properties for which Academy originated an FHA loan, and for which a Claim For Insurance Benefits was made.

Exhibit A to Rule 45 Subpoena
Case No. 3:16-cv-02120

6

16. Documents sufficient to show the total insurance premiums collected by HUD on all loans originated by Academy.

17. Documents sufficient to identify the primary decision makers that drafted or approved the language used by HUD in the Annual Certifications.

18. All communications with Relator Gwen Thrower or her attorneys.

19. Copies of all documents produced to Relator Gwen Thrower or Relator's attorneys under Freedom of Information Act requests. The time period for this Request is January 1, 2010 through the present.