J. NELSON THOMAS (admitted *pro hac vice*)
MICHAEL J. LINGLE (admitted *pro hac vice*)
JONATHAN W. FERRIS (admitted *pro hac vice*)
ANNETTE M. GIFFORD - 270777
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
Email:       nthomas@theemploymentattorneys.com
             mlingle@theemploymentattorneys.com
             jferris@theemploymentattorneys.com
             agifford@theemploymentattorneys.com

SANFORD JAY ROSEN – 062566
VAN SWEARINGEN – 259809
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
Email:       srosen@rbgg.com
             vswearingen@rbgg.com

Attorneys for
RELATOR GWEN THROWER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GWEN THROWER,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 16-CV-02120-EMC<br><br>**RELATOR'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER**<br><br>Judge:   Hon. Edward M. Chen |

[3108466-1]

**NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

PLEASE TAKE NOTICE that on November 29, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard, Relator Gwen Thrower ("Relator") will and hereby does move this Court for an order pursuant to Federal Rule of Civil Procedure 12(f) striking certain affirmative defenses in Defendant Academy Mortgage Corporation's ("Defendant") Answer filed September 28, 2018. Relator respectfully asks this Court to strike certain affirmative defenses as those affirmative defenses are comprised of bare bones legal conclusions and are devoid of factual allegations. Defendants do not meet the required pleading requirements and do not provide Relator with fair notice of the defenses they raised. Furthermore, certain defenses raised by Defendant are not even proper affirmative defenses.  Relator respectfully requests that this Court strike these affirmative defenses as this will not only ensure that Relator is provided with the required fair notice of the defenses, but will also streamline the issues so that discovery may focus on the proper defenses.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers filed in this action, oral argument of counsel, and any other matters as may come before the Court.

**STATEMENT OF ISSUE TO BE DECIDED PURSUANT TO CIVIL LOCAL RULE 7-4(a)(3)**

1. Whether certain affirmative defenses in Defendant's answer should be struck where they contain only bare bones legal conclusions and are devoid of factual support, thus making them insufficient under the required pleading standards, or are otherwise not proper affirmative defenses.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BACKGROUND**

Relator filed this action on April 21, 2016 seeking damages and penalties on behalf of the United States relating to Defendant's scheme to defraud the Federal Housing Administration and Department of Housing and Urban Development. On August 24, 2018, this Court denied Defendant's Motion to Dismiss Relator's First Amended Complaint ("FAC"). The parties are now

1 beginning discovery.

2 On September 28, 2018, Defendant filed its answer to Relator's FAC. *See* Doc. No. 131. Although Defendant's Answer sets forth nine affirmative defenses (statute of limitations; waiver, acquiescence, and abandonment; estoppel; the failure to state a claim upon which relief can be granted; failure to mitigate; barred by the United States' efforts to dismiss the action; recoupment and/or set-off; the Due Process Clause; and the Eight Amendment prohibition on excessive fines), it provides no factual basis for eight of those nine defenses.[1] *See id.* Therefore, they should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

## II. ARGUMENT

### A. Legal Standard

Defendant's affirmative defenses raised in their Answer should be stricken because the defenses do not put Relator on notice of the factual bases upon which the defenses rest.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Where such a motion "'may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken.'" *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (quoting *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981)).

Federal Rule of Civil Procedure 8 governs what must be contained in an answer to be sufficient. In order to be sufficiently pled under Federal Rule of Civil Procedure 8(b), an affirmative

---

[1] Although Relator does not move against Defendant's first affirmative defense involving the statute of limitations, Relator disagrees that all claims prior to April 21, 2010 would be barred. For example, there may be up to a ten-year statute of limitations period under 31 U.S.C. § 3731(b)(2).

defense must give plaintiffs fair notice of the defense being advanced. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013); *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). "Affirmative defenses are governed by the same pleading standard as complaints." *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-5780, 2009 WL 3429568, at *2 (N.D. Cal. Oct. 22, 2009). After *Iqbal*, "the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev., Inc. v. Penta Hosp., LLC*, No. 09-02429, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (internal citations omitted). This standard "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Courts have found several reasons why affirmative defenses must meet the same pleading standard as Rule 12(b)(6) motions to dismiss. First, fairness dictates that plaintiffs be provided with the same notice by defendants that is required of plaintiffs in a complaint. *See Racick v. Dominion Law Assocs.,* 270 F.R.D. 228, 233 (E.D.N.C 2010) ("nor is it fair to require a plaintiff to provide the defendant with enough notice . . . and then permit a defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.") (internal citation omitted). Second, insufficient and boilerplate defenses only clutter the docket and expand the scope of discovery by requiring plaintiffs to conduct unnecessary discovery. *See Barry v. EMC Mortg.*, No. CIV.A. DKC 10-3120, 2011 WL 4352104, at *3 (D. Md. Sept. 15, 2011); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274 (3d ed. 2008).

Given these notions of notice and fairness, the overwhelming majority of courts in this

district have found that the *Iqbal/Twombly* pleading standard applies to affirmative defenses. *See, e.g., Ramirez*, 941 F. Supp. 2d at 1204; *Jacobson v. Persolve, LLC,* No. 14-00735, 2014 WL 4090809, at *5-6 (N.D. Cal. Aug. 19, 2014); *BlackBerry Ltd. v. Typo Prods. LLC*, No. 14-00023, 2014 WL 1867009, at *5 (N.D. Cal. May 8, 2014); *Ujhelyi v. Vilsack*, No. 12-04282, 2013 WL 6174491, at *2 (N.D. Cal. Nov. 25, 2013).

Affirmative defenses that lack sufficient factual allegations to put Plaintiffs on notice of the nature of the defenses are therefore insufficiently pled and appropriately stricken from an answer under Rule 12(f). *See e.g., CTF Dev.*, 2009 WL 3517617, at *8.

**B. Defendant's Second Affirmative Defense of Waiver, Acquiescence, and Abandonment is Insufficiently Pled**

Defendant's Second Affirmative Defense states that the claims in the FAC are barred by the doctrine of waiver, acquiescence, and abandonment because the United States continues to make payments on claims submitted for insurance.

Waiver is the intentional relinquishment of a known right after knowledge of the facts. *AirWait Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 957 (N.D. Cal. 2015). Additionally, the elements of a defense of acquiescence require that: "(1) the senior user actively represented that it would not assert a right or claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Seller Agency Council, Inc. v. Kenney Ctr. For Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010).

Here, Defendant only provides boilerplate and conclusory statements that these legal doctrines apply. In regards to waiver, Defendant fails to state any facts or identify any actions that the United States took or did not take *after the knowledge of the facts giving rise to a known right* that indicated that the United States waived any claims. Nor does Defendant identify how the United States represented it would not assert a right or claim, any delay that occurred, and how any such delay caused Defendant prejudice.

Lastly, Relator is completely at a loss for how abandonment even remotely applies given that an abandonment defense appears to be limited to trademark actions. *See e.g.*, *Sutton v. Williamsburg Winery, Ltd.*, 2013 WL 5348127, at *2–3 (E.D. Cal. 2013) ("[a]bandonment is an

affirmative common law defense to both trademark infringement and false designation of origin claims."); *Novadaq Techs., Inc. v. Karl Storz GmbH & Co. K.G.*, 143 F. Supp. 3d 947, 953 (N.D. Cal. 2015) ("[t]o establish abandonment the accused infringer must show that the trademark owner is not using its mark on the goods that will be effectively excluded by the proposed restriction.") (internal quotations omitted).

Accordingly, this Court should strike this affirmative defense.

### C.     Defendant's Third Affirmative Defense of Estoppel is Insufficiently Pled

Defendant's Third Affirmative Defense states that the claims in the FAC are also barred by estoppel. Here, Defendant alleges that because the United States made, and continued to make payments on claims submitted for insurance proceeds, the United States cannot recover. Even if these allegation were true, they do not support a defense of estoppel. To establish estoppel: "(1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988) (*citing Bob's Big Boy Family Restaurants v. NLRB*, 625 F.2d 850, 854 (9th Cir. 1980)). Additionally, estoppel is stricter to assert against the government and may be available only when two additional requirements apply: "(i) affirmative misconduct going beyond mere negligence; and (ii) the wrongful conduct threatened to work a serious injustice and the public's interest will not suffer undue damage." *FTC v. Directv, Inc.*, 2015 WL 9268119, at *3 (N.D. Cal. 2015) (*citing Watkins v. U.S. Army*, 875 F.2d 799, 706–07 (9th Cir. 1989)). Here, Defendant's answer is wholly a legal conclusion and does not establish that each of these elements applies. For example, Defendant's answer fails to factually allege that the United States was aware of the true facts and how the United States relied on Defendant's conduct.

Accordingly, this Court should strike this affirmative defense as factually insufficient.

### D.     Defendant's Fourth Affirmative Defense of Failure to State A Claim is Improper

Defendant's Fourth Affirmative Defense states that the FAC fails to state a claim upon which

relief can be granted.

Here, defendant's motion to dismiss was already denied by this Court, so it is difficult to see how this affirmative defense even applies. In any event, this defense is a legal conclusion that contains no factual support. In light of Relator's detailed FAC containing hundreds of paragraphs of factual details, Defendant's conclusory and boilerplate defense is insufficient.

Furthermore, "[f]ailure to state a claim is not a proper affirmative defense." *Barnes,* 718 F. Supp. 2d at 1174; *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 995 (E.D. Cal. 2016) (failure to state a claims is not an affirmative defense); *Baca*, 233 F.R.D. at 564 (striking such a defense with prejudice).

Given both these factual and legal deficiencies, this defense should also be struck.

E. **Defendant's Fifth Affirmative Defense of Failure to Mitigate is Insufficiently Pled**

Defendant's Fifth Affirmative Defense states that the United States has failed to mitigate its damages by failing to take reasonable steps to recoup the fair market value for properties associated with the claims in the FAC.

Again, Defendant fails to state facts supporting these conclusory statements. Defendants provide no factual support demonstrating how the United States was required to mitigate its damages, how the United States was supposed to mitigate its damages, and what reasonable steps were not taken. In any event, mitigation of damages is not an affirmative defense in the first place. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2017 WL 5720548 (C.D. Cal. 2017); *Microsoft Corp. v. Motorola, Inc.*, 963 F. Supp. 2d 1176, 1188–89 (W.D. Wash. 2013).

Accordingly, Defendant's Fifth Affirmative Defense regarding the failure to mitigate should also be struck.

F. **Defendant's Sixth Affirmative Defense Regarding the Government's Motion to Dismiss is Improper**

Defendant's Sixth Affirmative Defense states that the action is barred because the United States has moved to dismiss the action under 31 U.S.C. § 3730(c) and Relator has no statutory standing to pursue this action since "the United States has expressly disavowed the allegation in the

Amended Complaint." First, the United States' motion to dismiss has already been decided and denied, so it is unclear how this supposed defense even applies. Second, Defendant cites no facts for the proposition that Relator has no standing to pursue this action, and in fact, Relator may do so under the express provision of 31 U.S.C. § 3730(c)(3). Lastly, Defendant cites no factual support for the bald assertion that the United States has expressly disavowed the allegations.

Thus, this affirmative defense should also be struck.

### G. Defendant's Seventh Affirmative Defense Regarding Recoupment and Set-off are Insufficiently Pled

Defendant's Seventh Affirmative Defense states that the United States' claims are barred by recoupment and/or set off. "To constitute a claim in recoupment, a defendant's claim must (1) arise from the same transaction or occurrence as the plaintiff's suit; (2) seek relief of the same kind or nature as the plaintiff's suit; and (3) seek an amount not in excess of the plaintiff's claim." *Navajo Arts & Crafts Enter. v. McGough*, 2018 WL 4575012, at *2 (D. Ari. 2018); *see also United States v. Shell Oil Co.*, 1992 WL 144296, at *10 (C.D. Cal. 1992) (noting "setoffs and recoupment are perhaps inappropriate as affirmative defenses[.]").

Here, Defendant's failure to provide factual support for this defense once again does not provide Relator with the requisite fair notice of the defense. For example, Relator is unclear as to what recoupment Defendant even seeks and what transactions or occurrences such recoupment arises out of. Furthermore, as recoupment and set-off require that Defendant not seek an amount not in excess of the plaintiff's claim, it is entirely unclear as to whether such amounts may or may not be in excess of Relator's claims.

Accordingly, this affirmative defense should also be struck as insufficiently pled.

### H. Defendant's Eighth Affirmative Defense Regarding Due Process is Insufficiently Pled

Defendant's Eighth Affirmative Defense states the claims are barred by the Due Process Clause of the United States Constitution. Here, Defendant fails to provide any factual support for how this defense applies such as which due process rights were violated and how.

Accordingly, this affirmative defense should also be struck as insufficiently pled.

### I. Defendant's Ninth Affirmative Defense Regarding the Eight Amendment is Insufficiently Pled

Defendant's Ninth Affirmative Defense states that the United States' claims are barred by the Eighth Amendment's prohibition on excessive fines.

Under the Eighth Amendment of the United States Constitution, "[a] fine is unconstitutionally excessive if (1) the payment to the government constitutes punishment for an offense, and (2) the payment is grossly disproportionate to the gravity of the defendant's offense." *United States v. Mackby*, 221 F. Supp. 2d 1106, 1109 (N.D. Cal. 2002) (*citing United States v. Bajakajian*, 524 U.S. 321, 327–28 (1998)). Here, Defendant has failed to provide the required factual support demonstrating either the payment amounts and how such payments are grossly disproportionate to the offenses. Given this lack of factual detail, Defendant has failed to provide notice of the basis for this defense.

Accordingly, this affirmative defense should also be struck as insufficiently pled.

### CONCLUSION

Defendant's answer is replete with boilerplate, cookie-cutter affirmative defenses which contain no factual support for nearly all of affirmative defenses Defendant asserts. Given this lack of factual detail, Defendant has failed to provide Relator with fair notice of the defenses, potentially causing Relator to incur additional time and discovery determining the bases for Defendant's affirmative defenses. This Court should therefore strike these affirmative defenses as Defendant has not met the required pleading standard under Rule 8.

Dated: October 19, 2018

By   /s/ Jonathan W. Ferris
J. Nelson Thomas
Michael J. Lingle
Jonathan W. Ferris
Annette M. Gifford
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY  14607
Telephone:  585-272-0540
Facsimile:  585-272-0574

1
2   Sanford Jay Rosen
3   Van Swearingen
    ROSEN BIEN GALVAN & GRUNFELD LLP
4   50 Fremont Street
    19th Floor
5   San Francisco, CA 94105
6   Counsel for Relator
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

                                        **/s/ Jonathan W. Ferris**
                                          Jonathan W. Ferris