UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATIONN,<br><br>Defendant. | Case No. 16-cv-02120-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Docket No. 134 |

In this *qui tam* suit brought by Relator under the False Claims Act ("FCA"), the Court denied Defendant Academy Mortgage's ("Academy") motion to dismiss. *See* Docket No. 117 ("Order"). Academy now asks the Court to certify the Order for interlocutory appeal. *See* Docket No. 134 ("Mot.").

For the reasons below, the Court **DENIES** Academy's motion.

## I. BACKGROUND

Relator in this case alleges that Academy defrauded the Government by falsely certifying loans for insurance coverage from the Federal Housing Administration ("FHA"), causing the Department of Housing and Urban Development ("HUD") to become liable for the loans. Academy moved to dismiss, arguing that the Relator's amended complaint failed to allege that Academy made materially false claims or acted with scienter. *See* Docket No. 50. On August 24, 2018, the Court denied the motion. *See* Order. The Court determined that the Relator had adequately alleged an FCA claim under a "promissory fraud" theory, based on allegedly false claims in connection with annual certifications Academy submitted to the FHA. *Id.* at 12–15. The Court also held that, "[w]hile the complaint is not sufficiently specific to state false claims based

on loan-level certifications, . . . [the] Relator is permitted to take discovery on loan-level certifications [in addition to annual certifications] and may assert those as bases for false claims if the evidence so proves." *Id.* at 14 n.4.

On the same day, the Ninth Circuit decided *United States v. Stephens Institute*, 901 F.3d 1124 (9th Cir. 2018). Academy subsequently moved for leave to file a motion for reconsideration of the Order, arguing that *Stephens Institute* clarified the standard for analyzing falsity under the FCA. *See* Docket No. 126. The Court denied Academy's motion, explaining that while *Stephens Institute* shed light on the requirements for proving falsity under an implied false certification theory, it did not address the promissory fraud theory on which the Order relied. *See* Docket No. 133 at 4–5. The Court did recognize, however, that "*Stephens Institute* makes definitively clear that the Relator has failed to establish falsity under an implied false certification theory." *Id.* at 4.

On October 12, 2018, Academy filed the instant motion, asking the Court to certify two questions for interlocutory appeal under 28 U.S.C. § 1292(b):

1. Do Relator's claims of promissory fraud state a claim where the basis for falsity is subsequent regulatory non-compliance, and neither the annual certification nor the claim for payment identify specific regulations or conduct?
2. Is Relator allowed to conduct discovery and present evidence on her implied false certification claims, which the Court determined to fail the pleading standards under Rule 12(b)(6), as a result of the survival of other claims to which the Court applied a different pleading standard?

Mot. at 4.

## II. <u>DISCUSSION</u>

A. <u>Legal Standard</u>

Title 28 U.S.C. § 1292(b) sets forth when an order may be certified for interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

2

|   |   |
|---|---|
| 1 | termination of the litigation, he shall so state in writing in such order. |

The purpose of this statute is to allow for "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). "The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981); *see also Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01-2821, 2004 WL 838160, at *4 (N.D. Cal. Apr. 19, 2004) ("Certification for interlocutory review is appropriate only in 'exceptional' or 'extraordinary' circumstances, not simply where issues are hard or questions are somewhat new.") (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978)).

As § 1292(b) sets forth, the party seeking to file an interlocutory appeal must show that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding that legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011). These requirements are addressed below.

B.  Waiver and Untimeliness

Relator makes two threshold arguments that Academy's motion should not be considered at all. First, Relator claims Academy has waived the promissory fraud and annual certification issues "because it failed to properly raise them during the motion to dismiss briefing." Docket No. 149 ("Opp.") at 3. However, "[o]nce a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). Academy's motion to dismiss argued that Relator's FCA claims failed because she did not sufficiently allege, under any theory of liability, that Academy made false claims in its annual certifications, or that Academy's annual certifications of compliance were material to the government's decision to pay FHA insurance claims. Docket No. 50 at 2. Now, Academy seeks to appeal the Court's determination that Relator adequately stated a promissory fraud theory of FCA liability on the basis of Academy's allegedly false annual certifications of compliance with government regulations. Thus,

Academy's motion presents—"at most—a new argument to support what has been a consistent claim" that Relator has not established falsity and materiality under the FCA. *Citizens United v. FEC*, 558 U.S. 310, 331 (2010) (internal quotation marks omitted); *see United States of Am. v. Sineneng-Smith*, -- F.3d ---, No. 15-10614, 2018 WL 6314287, at *3 (9th Cir. Dec. 4, 2018) (finding that appellant had preserved her overbreadth argument "[a]lthough [she] never specifically argued overbreadth" because "she has consistently maintained that a conviction under the statute would violate the First Amendment"). Academy has not waived the annual certification issue it seeks to certify for appeal.

Second, although Relator acknowledges that "there is no specified deadline for seeking certification for an interlocutory appeal under 28 U.S.C. § 1292(b)," she urges the Court to find that Academy's 49-day "delay" in seeking certification from the date of the Order is "fatal." Opp. at 14. Courts have instructed that "a district judge should not grant an inexcusably dilatory [§ 1292(b)] request." *Spears v. Washington Mut. Bank FA*, No. C-08-00868 RMW, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010) (denying § 1292(b) motion as untimely where moving party "provided no reason for the two and a half month delay in seeking certification") (quoting *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Here, Academy first sought reconsideration of the Order before requesting certification of the Order for appeal. *See* Docket No. 126. Academy filed the instant motion only nine days after the Court denied reconsideration. *See* Docket No. 133. Thus, Academy's motion is not so "inexcusably dilatory" as to be untimely.

Accordingly, the Court proceeds to the merits of Academy's motion.

C. Question 1

The first question Academy seeks to certify for interlocutory appeal is: "Do Relator's claims of promissory fraud state a claim where the basis for falsity is subsequent regulatory non-compliance, and neither the annual certification nor the claim for payment identify specific regulations or conduct?" Mot. at 4.

    1. Controlling Question of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the

4

issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

The first question meets this standard. The Court allowed Relator's claims to proceed on a promissory fraud theory predicated on Academy's allegedly false annual certifications. *See* Order at 16–18. But the Order concluded that no other theory of liability (*i.e.*, "literally false" or "false certification") applied. *See id.* at 12. The Order also dismissed Relator's allegations regarding loan-level certifications as insufficient to state an FCA claim. *See id.* at 14 n.4. Thus, a determination on appeal that annual certifications of regulatory compliance cannot give rise to FCA liability as a matter of law would materially affect the outcome of this litigation—Relator's complaint would be dismissed in its entirely. *See Envtl. Prot. Info. Ctr.*, 2004 WL 838160, at *3 n.7 ("[S]ection 1292(b)'s conditional language has long been read to require courts to consider the effect of immediate review and *reversal*, not just review.") (emphasis in original); *see, e.g.*, *Canela v. Costco Wholesale Corp.*, No. 13-CV-03598-BLF, 2018 WL 3008532, at *1 (N.D. Cal. June 15, 2018) (finding a standing issue to be "a purely legal question" that is controlling "because a reversal on appeal would mean that . . . [plaintiff] cannot pursue her PAGA claim in federal court at all"); *Bennett v. Islamic Republic of Iran*, 927 F. Supp. 2d 833, 846 n.15 (N.D. Cal. 2013) (finding that "the issues raised . . . in favor of dismissal are controlling issues of law" because if party moving for certification prevails on appeal, it "is entitled to dismissal").

Thus, the first § 1292(b) factor is met.

2. <u>Materially Advance Ultimate Termination of Litigation</u>

Similarly, because Academy's first question is a potentially dispositive legal issue, a "successful interlocutory appeal . . . would materially advance the termination of this litigation." *Canela*, 2018 WL 3008532, at *2; *see Bennett*, 927 F. Supp. 2d at 846 n.15 ("[A]n immediate appeal from the order may materially advance the ultimate termination of the litigation . . . as it would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's rulings are reversed[.]") (quoting *APCC Servs. v. Sprint Communications Co., L.P.*, 297 F. Supp. 2d 90, 100 (D.D.C. 2003)).

The second § 1292(b) factor is therefore also met.

3. <u>Substantial Ground for Difference of Opinion</u>

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). A substantial ground for difference of opinion may be found where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* The Ninth Circuit has also instructed that where there are no conflicting court opinions, an issue may nevertheless "be certified for interlocutory appeal without first awaiting development of contradictory precedent" where it is a "novel legal issue[] . . . on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

Academy points to two cases, *United States v. Reunion Mortgage, Inc.*, No. C 13-02340 SBA, 2013 WL 5944252 (N.D. Cal. Nov. 5, 2013), and *United States v. Movtady*, 13 F. Supp. 3d 325 (S.D.N.Y. 2014), that purportedly reflect a substantial ground for difference of opinion on the question whether a promissory fraud theory of FCA liability can be sustained by false annual certifications and regulatory non-compliance that occurs after certification. Mot. at 7. Both *Reunion Mortgage* and *Movtady*, like this case, involved alleged FCA violations in connection with certifications submitted to the FHA through the Direct Endorsement Lender ("DEL") mortgage insurance program. In *Reunion Mortgage*, the court suggested that the annual certifications cannot on their own trigger an FCA violation, since "the FHA's payment of each insurance claim is alleged to have been dependent on the individualized [loan-level] certification, and not [the] annual certification. 2013 WL 5944252, at *6. In contrast, *Movtady* explicitly addressed and disagreed with *Reunion Mortgage*. 13 F. Supp. 3d at 331. *Movtady* instead held that "both the individual-loan and annual certifications . . . are explicit conditions for ongoing

6

payments and therefore proper bases for False Claims Act claims." *Id.* at 330–31.

*Reunion Mortgage* and *Movtady* do not reflect a substantial ground for difference of opinion that would support an interlocutory appeal, for three reasons. First, the section of *Reunion Mortgage* discussing annual certifications is dicta. There, Judge Armstrong noted that "neither of the FCA claims actually alleges that [the defendant]'s liability is premised on his annual certification to the FHA." 2013 WL 5944252, at *6. Rather, both FCA claims were predicated solely "upon the allegedly false individualized certification of *each* individual loan." *Id.* (emphasis in original). Thus, the court concluded that "whether [the defendant] separately submitted an annual certification of compliance to the FHA is inapposite for purposes of the instant motion." *Id.* Second, *Reunion Mortgage* only analyzed the FCA claim under an implied false certification theory. *See* 2013 WL 5944252, at *5. It did not consider whether the outcome would have been different under a promissory fraud theory, and this Court has previously recognized that promissory fraud "is somewhat broader" than implied false certification as a basis for FCA liability. Order at 13 (quoting *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1173 (9th Cir. 2006)). Third, both *Reunion Mortgage* and *Movtady* are district court decisions, and Academy has not cited any cases that indicate "the *circuits* are in dispute on the question" whether annual certifications of regulatory compliance can sustain an FCA claim. *Couch*, 611 F.3d at 633 (emphasis added). The Court already found at the motion to dismiss stage that "courts have rejected Academy's proposition" that regulatory non-compliance subsequent to an annual certification of compliance cannot be the basis of an FCA violation. Order at 16–17 (citing *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2002 (2016); *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 906 (9th Cir. 2017)). Academy has not presented any authority, at the circuit level or otherwise, that has squarely endorsed its position.

On the other side of the scale, two district courts in addition to *Movtady* have held that annual FHA certifications can give rise to FCA violations. In *United States v. Wells Fargo Bank, N.A.*, the court ruled that allegations that Wells Fargo contravened its annual certifications by knowingly failing to report FHA loans with underwriting violations to HUD were sufficient to "state a claim based on the implied legal certification theory of FCA liability." 972 F. Supp. 2d

7

593, 625 (S.D.N.Y. 2013). In *United States v. Ocwen Loan Servicing, LLC*, the court found that annual FHA certifications support an FCA claim because compliance is a condition to payment of claims. No. 4:12-CV-461, 2016 WL 2992229, at *6–8 (E.D. Tex. May 24, 2016). *Cf. United States v. Luce*, 873 F.3d 999, 1009 (7th Cir. 2017) (affirming district court's ruling that defendant's false annual certifications to FHA that he has no criminal history could give rise to FCA liability where the certification is required for participation in mortgage insurance program); *United States v. Americus Mortg. Corp.*, No. 4:12-CV-02676, 2014 WL 4274279, at *8 (S.D. Tex. Aug. 29, 2014) (finding allegations that defendant made false representations in loan-level and annual FHA certifications sufficient to state an FCA claim, albeit without clearly indicating whether annual certifications alone would have been sufficient).

Accordingly, Academy has not established a substantial ground for difference of opinion exists as to the first question. The question is thus not appropriate for certification.

D. Question 2

The second question Academy seeks to certify for interlocutory appeal is: "Is Relator allowed to conduct discovery and present evidence on her implied false certification claims, which the Court determined to fail the pleading standards under Rule 12(b)(6), as a result of the survival of other claims to which the Court applied a different pleading standard?"[1] Mot. at 4.

This question is not appropriate for certification because "[i]n general, 'the discretionary resolution of discovery issues precludes [finding] the requisite controlling question of law' for immediate certification under § 1292(b)." *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-06124 JW, 2009 WL 8399038, at *1 (N.D. Cal. Jan. 22, 2009) (quoting *White v. Nix*, 43 F.3d 374, 377–68 (8th Cir. 1994)); *see City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) (A discovery order typically does "not a [present] a 'controlling question of law' that would be appropriate for § 1292(b) certification."). "At most, [Academy] can argue that the discovery will be expensive and time consuming," but the "Ninth Circuit has specifically rejected the view that a

---

[1] This question arises from a footnote in the Order in which the Court permitted Relator to take discovery on loan-level certifications although the complaint did not state a sufficiently specific claim as to those certifications. Order at 15 n.4.

8

question is 'controlling' if resolution may shorten the time, effort or expense of the lawsuit." *Zitin v. Turley*, No. CIV 89-2061-PHX-CAM, 1991 WL 283832, at *1 (D. Ariz. Sept. 19, 1991) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1027)). Likewise, an immediate appeal of a discovery issue will not materially advance termination of the litigation. *Id.* Thus, there is no basis to certify the second question for appeal.

### III. CONCLUSION

For the foregoing reasons, Academy's motion is **DENIED**.

This order disposes of Docket No. 134.

**IT IS SO ORDERED**.

Dated: December 14, 2018

_____
EDWARD M. CHEN
United States District Judge