UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 16-cv-02120-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RELATOR'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Docket No. 137 |

In this *qui tam* False Claims Act suit, Gwen Thrower ("Relator") alleges that Academy Mortgage Corporation ("Academy") falsely certified compliance with the U.S. Department of Housing and Urban Development's (HUD's) regulations, enabling it to obtain government insurance on mortgage loans underwritten by Academy, and to make claims on those loans. Relator now moves to strike eight of Academy's nine affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). *See* Docket No. 137 ("Strike Mot.").

## I. FACTUAL BACKGROUND

Academy is a lender that participates in HUD's lending program, which guarantees that the federal government will reimburse lenders if a borrower defaults on a home loan. Docket No. 45 (FAC) ¶ 12. At the time the FAC was filed, Relator was employed by Academy as an underwriter, working on the government-insured loans at issue in this matter. *Id.* ¶¶ 44–45. HUD provides loans by outsourcing underwriting services to lenders like Academy under the Direct Endorsement Lender Program ("DE Program"). FAC ¶ 14; *see also id.* ¶¶ 54–57. Because HUD is liable to repay any defaulted loans, DE Program lenders must exercise due diligence and certify that the loans comply with HUD regulations. FAC ¶¶ 7, 20, 21; *see also id.* ¶¶ 87–109. This due

diligence requires lenders to "determine a borrower's ability and willingness to repay a mortgage debt," and to "examine a property offered as security for the loan and determine if it provides sufficient collateral," among other things. *Id.* ¶ 93 (citing HUD Handbook 4155.1, REV-5, ch. 2-1).

Relator alleges that, from 2010 until the filing of the FAC in 2017, Academy did not exercise due diligence and issued several home loans that did not comply with HUD regulations. *See generally* FAC ¶¶ 179–446.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a defendant to state "in short and plain terms its defenses to each claim asserted against it" and to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c). Rule 12(f) provides that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has thus interpreted Rule 8(c) to require that the responsive pleading give the plaintiff "fair notice of the [affirmative] defense." *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). When striking an affirmative defense, leave to amend should be freely given if prejudice does not result to the moving party. *Hiramanek v. Clark*, No. 13-00228, 2015 WL 693222, at *2 (N.D. Cal. Feb. 18, 2015) (citing *Wyshak*, 607 F.2d at 826).

A threshold issue in this matter is whether Academy has to comply with the heightened pleading standard from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in pleading its affirmative defenses. Under the *Twombly* and *Iqbal* standard, Federal Rule of Civil Procedure 8 requires more than "labels and conclusions" or "a formulaic recitation of the elements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Applying this standard to affirmative defenses requires parties to plead more than "bare statements reciting mere legal conclusions," however, it does not require "extensive factual allegations." *Finjan, Inc. v. Bitdefender, Inc.*, No. 17-CV-04790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018). A defendant must plead sufficient facts to state a defense "that is plausible on its face." *Goobich*

*v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at * 2 (N.D. Cal. Mar. 30, 2020) (quoting *Iqbal*, 556 U.S. at 678).

The parties dispute the applicable standard. On the one hand, Academy argues that the Ninth Circuit's holding in *Kohler v. Flava Enterprises, Inc.* requires defendants to plead an affirmative defense only in "general terms." 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). *Kohler* involved removal of architectural barriers under the American with Disabilities Act (ADA) where the plaintiff argued that the defendant had not properly plead an affirmative defense of "equivalent facilitation." *Id.* Despite the fact that the defendant's answer used the term "alternative methods" rather than the correct term "equivalent facilitation," the Ninth Circuit refused to disturb the district court's finding that the plaintiff had received sufficient notice of the defendant's affirmative defense. *Id.* In doing so, the panel simply stated, without expanding, that "'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). The *Kohler* Court did not reference, let alone distinguish, the pleading standard articulated by the Supreme Court in *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570. *See* 779 F.3d at 1019.

A vast majority of courts in this district have held that *Kohler* did not directly address whether the *Twombly* and *Iqbal* standard applies to pleading affirmative defenses. *See, e.g.*, *"AMY" v. Curtis*, No. 19-CV-02184-PJH, 2020 WL 6271046, at *3 (N.D. Cal. Oct. 26, 2020) ("[E]ven after *Kohler*, courts in this district continue to require affirmative defenses to meet the *Twombly*/*Iqbal* standard." (quoting *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018))); *Prods. and Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2017 WL 1330598, at *3 (N.D. Cal. Apr. 11, 2017) ("Absent controlling authority to the contrary, this Court joins its sister courts in this district in continuing to apply [the *Twombly*/*Iqbal*] standard here."); *Murphy v. Trader Joe's*, No. 16-CV-02222-SI, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017) ("The use of the specific phrase 'fair notice' prompted some district courts to reconsider the pleading standard for affirmative defenses

3

. . . [but] *Kohler* did not directly address the pleading standard for affirmative defenses; the court touched on the issue only in passing."). Only two courts in this district have applied the lower "general terms" standard from *Kohler*. *See McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-CV-06450-MMC, 2017 WL 1246933, at *7 (N.D. Cal. Apr. 5, 2017) ("To adequately plead an affirmative defense, a defendant must provide 'fair notice' of the defense, and can do so by 'describing the defense in general terms.'" (quoting *Kohler*, 779 F.3d at 1019)); *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) ("[T]he Ninth Circuit recently reiterated that 'fair notice' applies and requires only a description of the defense in 'general terms.'" (quoting *Kohler*, 779 F.3d at 1019)).

There are strong policy reasons for requiring parties to meet the pleading standard set forth in *Twombly* and *Iqbal* for affirmative defenses. It aids in streamlining case management and judicial economy by "cutting off vague or even frivolous claims early, thus avoiding the time and expense of unnecessary or far-ranging discovery." *Hayden v. United States*, 147 F. Supp. 3d 1125, 1131 (D. Or. 1995). This is particularly true where it is an all-too-common practice of proffering a litany of canned affirmative defenses with no supporting factual allegations. Each affirmative defense can generate added discovery burdens without having to withstand the crucible of specific pleadings, often leading to no real advancement of any party's interest or the litigation. Defenses "that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2018). The case management benefits of the *Twombly* and *Iqbal* pleading standard counsel in favor of the view taken by the majority of courts in this district in applying it to affirmative defenses.

### III. MOTION TO STRIKE AFFIRMATIVE DEFENSES

Academy has asserted nine affirmative defenses, and Relator has moved to strike all except the statute of limitations. The Court addresses each of these defenses below.

A. Insufficiently Pled Affirmative Defenses

The defendant's second and third affirmative defenses "waiver, acquiescence, and abandonment," and estoppel, respectively, are insufficiently pled. As noted above, Academy does

4

not need to plead "extensive factual allegations" in its affirmative defenses, but it must plead more than "bare statements reciting mere legal conclusions." *Finjan, Inc.*, 2018 WL 1811979, at *3.

### 1. Waiver

To begin with, Academy's second affirmative defense of waiver lacks clarity. Waiver requires a defendant to show that a plaintiff has "intentionally relinquished or abandoned a known right." *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *4 (C.D. Cal. Aug. 25, 2011) (citing *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997)). Academy only states that "the claims . . . are barred by the doctrine of waiver . . . because the United States made, and continued to make, payments on claims submitted for insurance proceeds for loans endorsed by Academy." Docket No. 131 ("Answer") at 35. No facts are pled regarding, *e.g.*, as to when the United States was aware of the alleged false annual or loan-level certifications at issue in this case. Acquiescence[1] and abandonment[2] are separate defenses and are not required to sufficiently plead waiver. During argument, counsel for Academy clarified that "Waiver, Acquiescence, and Abandonment" was intended to set forth only the defense of waiver.

### 2. Estoppel

Academy's third defense of estoppel suffers from the same deficiency as its waiver defense. The elements of an estoppel defense are:

> (1) The party to be estopped must *know the facts*; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (emphasis added).

---

[1] The elements for acquiescence are: "(1) the senior user actively represented that it would not assert a right or claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010).

[2] Abandonment is generally recognized as a defense to only trademark or copyright claims. *See, e.g.*, *Grocery Outlet, Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (stating that "[a]bandonment is a defense to a claim of infringement of a registered trademark" under the Lanham Act).

5

Regarding estoppel, Academy only pleads that the "United States made, and continued to make, payments on claims submitted for insurance proceeds for loans endorsed by Academy." Answer at 35–36. The party to be estopped must "know the facts" of the alleged false claims. *Hampton*, 279 F.2d at 104. But Academy does not allege, *inter alia*, when the United States knew, or should have known, of the alleged false certifications, let alone the fact that the United States continued to issue loans despite that knowledge.

Accordingly, the Court **GRANTS** the motion to strike as to the waiver and estoppel defenses with leave to amend.

B.  Not Affirmative Defenses

Four of Academy's eight affirmative defenses at issue in this motion are not affirmative defenses. A defense that "demonstrates a plaintiff has not met its burden of proof," or that "merely negates an element that [a plaintiff] was required to prove" is not an affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true." *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Can.*, No. 13-CV-04192-WHO, 2013 WL 6700017 (N.D. Cal. Dec. 19, 2013) (quoting *E.E.O.C. v. Cal. Psychiatric Transitions, Inc.*, 725 F.Supp.2d 1100, 1118 (E.D. Cal. 2010)). The Court will address the validity of each of these defenses in turn.

1.  Failure to State a Claim

Failure to state a claim is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088 ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014) ("To the extent that the [defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation." (quoting *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010))). In *Ingram*, the court struck a "failure to state a claim" affirmative defense as improper but retained the defendant's ability challenge the sufficiency of the plaintiff's allegations under Rule 12. *Id.*

6

1    Accordingly, the Court **GRANTS** the Relator's motion to strike Academy's failure to state a claim defense, but Academy is not barred from raising an otherwise valid motion pursuant to Rule 12(b)(6).

2. Standing

Lack of standing is not an affirmative defense; it is a jurisdictional requirement. *See Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) ("Defendant's . . . defense, that 'Plaintiff lacks standing to pursue the claims asserted in this action,' is not an affirmative defense but rather a denial of the Plaintiff's allegations contained in the complaint."). An allegation of lack of standing attacks the plaintiff's prima facie claim. *DeSalvo v. Islands Restaurants, L.P.*, No. 2:20-CV-2620-VAP-EX, 2020 WL 4035071, at *3 (C.D. Cal. July 16, 2020). "Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." *Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 WL 4468680, at *5 (N.D. Cal. Sept. 18, 2018) (quoting *J & J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2001 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011)). Because Relator must properly plead standing in her complaint, it is not an affirmative defense. Academy's ability to assert lack of standing is not waived by a failure to include it as an affirmative defense in its answer. Accordingly, the Court **GRANTS** the motion to strike Academy's lack of standing defense.

3. Due Process

Academy states that the "claims . . . are barred by the Due Process Clause of the United States Constitution, to the extent Relator seeks to impose liability on Academy without proving statutory proscriptions set forth with respect to each alleged false claim." Answer at 37. During argument on this motion, Academy explained that it is a violation of due process to allow Relator's claims to proceed based on Academy's annual certifications because those certifications group thousands of loans, many of which could comply with HUD regulations. Relator contends that, under this promissory fraud theory, every loan made during the annual certification time period may be deemed a false claim, without actually proving the individual loan was falsely certified. *See* Docket No. 117 (Order Denying Defendant's Motion to Dismiss) at 13. Instead,

7

Academy contends that Relator has to identify exactly which loans it claims are improperly certified.

This argument is not an affirmative defense; instead it goes to the question of how Relator's FCA claim may be proven under the promissory fraud theory. It does not negate the promissory fraud claim. *See Zivkovic*, 302 F.3d at 1088. Accordingly, the Court **GRANTS** the motion to strike as to this defense. Academy is not prohibited from raising its due process argument at a later juncture.

####    4.    Excessive Fines

Academy states Relator's "claims . . . are barred by the Eighth Amendment's prohibition on excessive fines, to the extent Relator seeks to impose civil penalties or treble damages which are grossly disproportionate to the government's losses." Answer at 37. Like the other defenses in this section, an Eighth Amendment claim for excessive damages is not an affirmative defense, as it does not operate to defeat Relator's FCA claim. *See Zivkovic*, 302 F.3d at 1088. It would limit damages. Accordingly, the Court **GRANTS** the motion to strike as to the excessive fines defense as it is not an affirmative defense. Academy is not barred from raising this constitutional defense at a later stage in the litigation.

### C.    Sufficiently Pled Defenses

Academy's fifth and seventh affirmative defenses of failure to mitigate and recoupment/setoff are sufficiently pled. The Court addresses each of these defenses in turn.

####    1.    Failure to Mitigate

"Although the failure to mitigate doctrine operates to reduce damages rather than as a barrier to liability, it is still considered an affirmative defense." *Murphy*, 2017 WL 235193, at *3 (citing *Bay Area Roofers Health & Welfare Tr.*, 2013 WL 6700017, at *2). The factual allegations required for a defendant to plead failure to mitigate may be lower than what is required to plead other defenses under the *Twombly* and *Iqbal* standard. *See Fabian v. LeMahieu*, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *5 (N.D. Cal. June 19, 2020) ("Courts routinely permit parties to plead a failure to mitigate defense without specific factual allegations prior to the conclusion of discovery."). Academy pleads that "The United States has failed to mitigate damages by failing to

1   take reasonable steps to recoup the fair market value for the properties associated with the claims
2   in the Amended Complaint." Answer at 36. This assertion is sufficient to put Relator on notice of
3   the defense. At this stage, it would be difficult for Academy to plead additional facts relating to
4   precisely what the United States should have done to mitigate damages, as specific details of the
5   loans are unknown to Academy at this time. *See generally* FAC. At oral argument, Academy's
6   counsel explained that foreclosure deadlines may vary from state to state, making it nearly
7   impossible to provide specific details as to each loan. These additional facts may become apparent
8   through discovery and Academy will be required to set forth a more detailed description of the
9   defense at the appropriate juncture later in the litigation.

    2.    <u>Recoupment and Setoff</u>

Academy states it is

> entitled to recoupment and/or offset to the extent the United States has recovered any proceeds as a result of the liquidation of the collateral that secured the FHA insured mortgage loans underwritten by Academy, and for which a FHA insurance claim was submitted.
>
> Separately, during the time period in the [FAC], the United States induced Academy to continue to maintain its status as Direct Endorsement Lender, continued to allow loans to be certified for FHA insurance, and continued to pay insurance proceeds on claims made under the terms of its program. In doing so, on information and belief, the United States collected millions in insurance premiums for loans that Relator claims now were never eligible for FHA insurance to begin with.

Answer at 36–37. This defense gives fair notice as to its underlying theory: that Academy seeks to offset the amount of damages by any collateral funds that the United States has already recovered by "liquidation of the collateral." *Id.* at 36. Accordingly, the Court **DENIES** the motion to strike as to the failure to mitigate and recoupment and setoff defenses.

///
///
///
///
///
///

9

Academy has thirty (30) days from the filing of this order to submit amendments to its waiver and estoppel affirmative defenses.

This order disposes of Docket No. 137.

**IT IS SO ORDERED**.

Dated: December 2, 2020

_____
EDWARD M. CHEN
United States District Judge

10