1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7    UNITED STATES OF AMERICA, et al.,          Case No.  16-cv-02120-EMC
8                       Plaintiffs,
                                                **ORDER DENYING DEFENDANT'S**
9           v.                                  **MOTION FOR RELIEF FROM NON-**
                                                **DISPOSITIVE PRETRIAL ORDER OF**
10   ACADEMY MORTGAGE                            **MAGISTRATE JUDGE**
     CORPORATION,
11                                              Docket No. 250
                        Defendant.
12
13

14          In this *qui tam* False Claims Act suit, Gwen Thrower ("Relator") alleges that Academy

15   Mortgage Corporation ("Academy") falsely certified compliance with the U.S. Department of

16   Housing and Urban Development's (HUD's) regulations, enabling it to obtain government

17   insurance on mortgage loans underwritten by Academy, and to make claims on those loans.

18          Defendant has moved for relief from Magistrate Judge Sallie Kim's non-dispositive order

19   that Relator be allowed to withdraw unanswered interrogatories Nos. 4 through 18, issued on July

20   6, 2021.  *See* Docket Nos. 248 ("Order"); 250 ("Mot.").

21                       **I.        BACKGROUND**

22          On September 27, 2018, Relator served Defendant with interrogatories Nos. 1 through 18.

23   *See* Docket No. 244 ("Tyler Bexley Decl.") at Ex. B.  On November 30, 2018, Defendant

24   responded to said interrogatories with a number of objections, including an objection contending

25   that Relator, "exceed[ed] the limit on interrogatories set forth in the Federal Rules of Civil

26   Procedure."  *See* Tyler Bexley Decl. at Ex. A.  Below this objection, Defendant wrote "N/A" in

27   the "Response" field for each of these interrogatories.  *See* Tyler Bexley Decl. at Ex. B, 17–21.

28

United States District Court
Northern District of California

On May 11, 2021,[1] Defendant supplemented its response to interrogatories Nos. 1 through 18, using the following boilerplate objection to interrogatories Nos. 4, 5, and 6:

> Pursuant to the Court's order that granted and denied in part Relator's motion to strike Academy's affirmative defenses (Dkt. 191), Academy amends its objections as to the number of interrogatories Relator may serve on Academy under Federal Rule of Civil Procedure 33(a)(1).  Academy previously stated Interrogatory [Nos. 4, 5, and 6] exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1).  Academy now states that Interrogatory [Nos. 4, 5, and 6] [do] not exceed the number allowed under this Rule.  Otherwise, Academy stands on its original objection.  Academy does not waive the right to reassert this objection in the event the Court's order is modified in any way.

*See* Tyler Bexley Decl. at Ex. B, 17–21.  Defendant did not supplement its response to interrogatory No. 5,[2] but it did supplement its responses to interrogatories Nos. 4 and 6 with the following language:

> Academy directs Relator to its responses to her Requests for Production of Documents, and, where applicable, its responses to her Interrogatories pursuant to Federal Rule of Civil Procedure 33(d), wherein Academy 1) describes the documents it is producing for the corresponding discovery request; 2) provides the bates number for those documents; or alternatively 3) provides a privilege log for documents that are withheld or redact, or indicates that one is forthcoming.

*See* Tyler Bexley Decl. at Ex. B, 17–21.

On June 29, 2021, Relator and Defendant filed a Joint Letter to Judge Kim regarding Defendant's responses and objections to Relator's interrogatories.  *See* Joint Letter.  Relator requested Judge Kim "withdraw the unanswered Interrogatory Nos. 4 through 18."  *See* Joint Letter at 3.  Defendant, on the other hand, argued that Relator's motion to withdraw interrogatories was a veiled attempt to increase the number of interrogatories she may submit, and that the Court should deny Relator's motion because she "has not made the requisite showing that she should be

---

[1] The case was stayed from December 21, 2018 to September 28, 2020.  *See* Docket No. 243 ("Joint Letter") at 7.

[2] Under the "supplemental response" section for interrogatory No. 5, Defendant simply stated, "Academy stands on its objections."  *See* Tyler Bexley Decl. at Ex. B, 20.

United States District Court
Northern District of California

permitted further interrogatories, and her motion should be denied."  *See* Joint Letter at 6.

Defendant further contended that it "has not objected to [interrogatories Nos. 4-6] on the basis that

they exceed the number of permissible interrogatories, and has answered" the same.  *See* Joint

Letter at 8.  Thus, Defendant argued, Relator had no basis for withdrawing these particular

interrogatories and should be barred from doing so.  *See* Joint Letter at 8.

On July 6, 2021, Judge Kim ruled on the parties' dispute as follows:

> [T]he parties filed a joint discovery letter brief detailing their dispute
> regarding whether Relator has served more than 25 interrogatories
> and *whether Relator should be permitted to withdraw the
> interrogatories that Defendant did not answer*.  (Dkt. 243.)  Having
> considered the arguments of the parties, the Court HEREBY
> ORDERS that Relator may withdraw *unanswered* Interrogatory
> Nos. 4 through 18.

*See*, Order (emphasis added).

Shortly thereafter, Defendant filed the instant motion seeking relief from Judge Kim's non-

dispositive order to stop Relator from withdrawing interrogatories Nos. 4, 5, and 6.  Mot.

## II.      STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636 (b)(1)(A), a district court may "designate a magistrate judge to

hear and determine any pretrial matter pending before the court."  Federal Rule of Civil Procedure

72 (a) allows a party to "file objections to the order."  A district court considering objections to a

non-dispositive pretrial order must "modify or set aside any part of the order that is clearly

erroneous or is contrary to law."  *See* 28 U.S.C. § 636 (b)(1)(A) ("A judge of the court may

reconsider any pretrial matter under this subparagraph (A) where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law."); *Osband v. Woodford*, 290 F.3d

1036, 1041 (9th Cir. 2002) ("A district judge may reconsider a magistrate's order in a pretrial

matter if that order is 'clearly erroneous or contrary to law.'" (quoting 28 U.S.C. § 636 (b)(1)(A)));

*see also, Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (holding that

under the clearly erroneous standard, "[t]he reviewing court may not simply substitute its

judgment for that of the deciding court."  (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th

Cir. 1988))).

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### III.   DISCUSSION

Judge Kim determined that Relator could withdraw any interrogatory between Nos. 4 and 18 that Defendant did not answer.  *See* Order.  Defendant contends that it answered interrogatories Nos. 4, 5, and 6.  Mot.  Therefore, the central question in the present motion is whether Defendant's  supplemental responses to those three interrogatories were sufficient to "answer" them under Rule 33, such that Relator cannot withdraw them.  *See* Fed. R. Civ. P. 33(b)(1)(A) ("The interrogatories *must* be *answered* by the party to whom they are directed." (emphases added)).  Defendant argues it answered these interrogatories in two ways, neither of which passes muster.

First, Defendant argues that it answered interrogatories Nos. 4, 5, and 6 via the remaining objections in its supplemental responses.  *See* Mot. at 3 n.3.  As explained above, Defendant initially objected to these interrogatories on several grounds, including numerosity.  *See* Joint Letter at 6.  In its supplemental responses Defendant removed only the numerosity objection. Therefore, Defendant's argument is that the remaining objections should be considered answers to the interrogatories.  The obvious problem with this argument is that the text of Rule 33 clearly establishes that objections are not "answers:"  "[e]ach interrogatory must, to the extent it is not objected to, be answered *separately* and fully in writing under oath."  Fed. R. Civ. P. 33 (b)(3) (emphasis added); *see also Ho v. Marathon Patent Grp., Inc.*, 5:21-cv-339-PSG, 2021 U.S. Dist. LEXIS 118462, *16 (C.D Cal. Jun. 23, 2021) ("[A] party must respond *or* object to interrogatories in writing."(emphasis added)).  Defendant, unsurprisingly, offers no support for the notion that an objection to an interrogatory can be construed as an answer.  If anything, the cases the parties cite support the opposite conclusion.  *See*, *e.g.*, *Kilgore v. Mandeville*, 2:07-cv-2485-GEB, 2010 U.S. Dist. LEXIS 69848, *26 (E.D. Cal. Jun. 18, 2010) ("A party served with interrogatories pursuant to Fed. R. Civ. P. 33 is obliged to serve answers or objections; answers must be made under oath and signed by the party, while objections must be signed by the party's attorney."  (citing Fed. R. Civ. P. 33 (b)(3), (4))).  The Court therefore rejects Defendant's first argument that the objections to interrogatories Nos. 4, 5, and 6 in its supplemental responses constitute "answers" under Rule 33.

4

Second, Defendant argues that, even if its objections do not constitute answers, it nonetheless answered interrogatories Nos. 4 and 6 in its supplemental responses.[3]  *See* Mot. at 3. As noted above, Defendant's supplemental responses to these interrogatories vaguely refer to "Requests for Production of Documents, and where applicable, its responses to her Interrogatories" and do not include any specific information beyond these boilerplate references. *See* Tyler Bexley Decl. at Ex. B, 17–21.  While Rule 33(d) allows the responding party to point the interrogating party to other documents, the responding party must "[specify] the records that must be reviewed, in *sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d) (emphasis added).  Courts have therefore held that the responding party "must identify which specific documents are responsive to which interrogatories" and that it is insufficient to vaguely refer "to the document requests as a whole."  *Grasshopper House, LLC v. Accelerated Recovery Ctrs, LLC*, CV-09-8128-DMG (PLAx), 2010 U.S. Dist. LEXIS 151996, *9 (C.D. Cal. Aug. 27, 2010); *see also Mills v. Billington*, Civil Action No. 04-2205 (HHK) (AK), 2008 U.S. Dist. LEXIS 130557, *14 (D.C. Dist. July 28, 2008) ("Plaintiff's vague response [referencing a group of documents] to this interrogatory creates the type of guessing game that the discovery process is designed to prevent.").

Here, Defendant's supplemental responses to Relator's interrogatories Nos. 4 and 6 are precisely the type of vague, conclusory, and circular references that contravene Rule 33(d) because they do not give Relator sufficient notice or direction to locate responsive documents. Defendant does not specify which particular "responses to [] Requests for Production of Documents, and, [] Interrogatories" supposedly respond to interrogatories Nos. 4 and 6, let alone indicate the relevant bates numbers.  *See* Tyler Bexley Decl. at Ex. B, 17–21.  Furthermore, Defendant's supplemental responses maintain some of the same objections in the initial responses that make it impossible to ascertain whether Defendant's vague responses indeed constitute

---

[3] Defendant endorses this argument particularly as it regards interrogatory No. 5.  Notably, this interrogatory included no response at all other than "N/A" and a supplemental response that simply stated that "Academy stands on its objections."  *See* Tyler Bexley Decl. at Ex. B, 20.

United States District Court
Northern District of California

1   "answers" under Rule 33.  *See* Fed. R. Civ. P. 33 ("Each interrogatory must, to the extent it is not

2   objected to, be answered *separately and fully* in writing under oath." (emphasis added)). The

3   supplemental responses therefore do not constitute "answers" to interrogatories 4 and 6 under Rule

4   33.

5           Accordingly, the Court concludes that Relator is allowed, pursuant to Judge Kim's Order,

6   to withdraw interrogatories Nos. 4, 5, and 6 because they were unanswered.

7                               **IV.      CONCLUSION**

8           For the foregoing reasons, Defendant's motion for relief from a non-dispositive order of

9   Magistrate Judge Kim is **DENIED**.

10          This order disposes of Docket No. 250.

11

12          **IT IS SO ORDERED**.

13

14  Dated: August 9, 2021

15

16  _____

17  EDWARD M. CHEN
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California