UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACADEMY MORTGAGE CORPORATIONN, <br><br> Defendant. | Case No. 16-cv-02120-EMC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, AND GRANTING RELATOR'S ADMINISTRATIVE MOTION FOR RELIEF FROM AMENDED CASE MANAGEMENT AND PRETRIAL ORDER** <br><br> Docket Nos. 257, 263 |

## I. INTRODUCTION

In this *qui tam* False Claims Act suit, Gwen Thrower ("Relator") alleges that Academy Mortgage Corporation ("Defendant") falsely certified compliance with the U.S. Department of Housing and Urban Development's (HUD's) regulations, enabling it to obtain government insurance on the mortgage loans underwritten by Defendant, and to make claims on those loans.

Pending before the Court are (1) Defendant's motion for relief from Magistrate Judge Sallie Kim's August 6, 2021 order requiring Defendant to produce loan files in a data file that can be loaded into Encompass or IHM, *see* Docket Nos. 255 ("Order"); 257 ("Mot. 1"); and (2) Relator's motion for administrative relief from this Court's amended case management and pretrial order, *see* Docket Nos. 180 ("Am. CMC Order"), 263 ("Mot. 2").

For the following reasons, this Court **DENIES** Defendant's motion and **GRANTS** Relator's administrative motion.

## II. DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

A. Background

On February 18, 2021, the parties filed a joint discovery letter brief detailing their dispute as to whether Defendant's production of loan files in a static, single PDF meets the requirements of Federal Rule of Civil Procedure 34 (b)(2)(E)(ii). *See* Docket No. 209 ("Letter Brief 1"). For each loan file, Defendant produced a single PDF averaging nearly 1,600 pages without slips or bookmarks to separate the different documents. *Id. a*t 2. Each PDF includes several loan documents, such as the borrower's paystubs, tax documents, credit reports, bank statements, and more. *Id.* On February 23, 2021, Judge Kim entered an Order allowing Relator to depose Ms. Kaya Chavez, Defendant's corporate representative with knowledge on how Defendant keeps the loan files at issue. *See* Docket No. 210 ("February 23 Order"). On April 14, 2021, Relator deposed Ms. Kaya Chavez. *See* Docket No. 246 ("Bexley Decl."), Ex. A.

On July 2, 2021, the parties filed another joint discovery letter brief detailing their dispute as to whether Defendant's production of loan files in static, single PDFs meets the requirements of Rule 34 and complies with Judge Kim's February 23 Order. *See* Docket No. 245 ("Letter Brief 2"). Shortly after, on July 7, Judge Kim granted Relator's request and ordered "Defendant to produce the loan files in their entirety in native format." *See* Docket No. 249 ("July 7 Order").

On August 2, 2021, the parties filed a *third* joint discovery letter brief regarding Defendant's non-compliance with the July 7 Order, whereby Relator requested attorneys' fees and costs under Federal Rule of Civil Procedure 37. *See* Docket No. 253 ("Letter Brief 3") at 4. On August 6, 2021, Judge Kim *again* ordered Defendant to produce the documents in native format on or before August 21, 2021, by either (1) giving Relator access to Defendant's Encompass and IHM systems, or (2) as a data file that can be loaded onto Relator's operating versions of Encompass and IHM. *See* Order at 3. Judge Kim also ordered that monetary sanctions were appropriate and instructed Relator to submit a declaration indicating the amount of attorneys' fees sought on or before September 3, 2021. *Id.* Shortly thereafter, Defendant filed the instant motion seeking relief from Judge Kim's August 6 Order. Mot. 1.

B.    <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636 (b)(1)(A), a district court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court."  Federal Rule of Civil Procedure 72(a) allows a party to file objections to the order.  A district court considering objections to a non-dispositive pretrial order must "modify or set aside any part of the order that is clear erroneous or is contrary to law."  *See* 28 U.S.C. § 636 (b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2022) ("A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" (quoting 28 U.S.C. § 636 (b)(1)(A)); *see also*, *Grimes v. City & Cnty. Of San Francisco*, 951, F.2d 236, 241 (9th Cir. 1991) (holding that under the clearly erroneous standard, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court" (citing *United States v. BNS, Inc.*, 858 F.2d 456. 464 (9th Cir. 1988))).

C.    <u>Discussion</u>

Judge Kim ordered Defendant to produce the documents at issue in native format either by providing Relator access to Defendant's Encompass and IHM systems, or as a data file that can be loaded onto Relator's operating versions of Encompass and IHM.  *See* Order at 3.  Defendant contends that it can only produce these documents as PDFs.  *See* Mot. 1 at 2-3.  The question is whether Judge Kim's August 6 Order is clearly erroneous or contrary to law because Defendant's production of a single, static PDF for each loan file satisfies its discovery obligations under the Federal Rules.

First, Defendant contends it complied with the July 7 Order because a single, static PDF is the *only* native format that exists for the files at issue.  *Id.* at 2.  Relator submitted publicly available information indicating the "data files" Judge Kim ordered Defendant to produce do indeed exist.  *See* Docket No. 261 ("Relator's Response") at 4-5.  In fact, Encompass users routinely export loan file data in the course of their business.  *Id.*  In any case, even if the Encompass data files do not exist, Defendant should have complied with Judge Kim's July 7

3

1  Order by giving Relator direct access to Encompass and IHM.  *See* July 7 Order; Order at 3.

2  Second, Defendant contends giving Relator direct access to its Encompass and IHM
3  systems is unwarranted.  *See* Mot. 1 at 5.  But Defendant's *own* corporate representative, Ms.
4  Chavez, admitted that providing Relator access to Defendant's Encompass or IHM systems is a
5  viable option.  *See* Bexley Decl., Ex. A at 156:14–21, 186:20–187:11.

6  Lastly, Defendant contends it produced all the loan documents.  *See* Mot. 1 at 4.  Relator
7  challenges this characterization by pointing out that the single, static PDF Defendant produced for
8  each loan file omits "conversation logs, audit trails, and certain underwriting documents" that are
9  only available on Encompass.  *See* Relator's Response at 4.  Ms. Chavez's testimony confirms that
10 Defendant's PDF production only contains documents in an Encompass "eFolder," which includes
11 most, but not all, loan file documents.  *See* Bexley Decl., Ex. A at 148:7–151:3.  Relator is entitled
12 to review the entire loan documents to determine whether each loan file contains the FHA-
13 required information and whether each loan is eligible for FHA insurance.  *See* Letter Brief 1 at 2.
14 Defendant's production was therefore incomplete.

15 Accordingly, Defendant's motion for relief from Judge Kim's August 6 non-dispositive
16 pretrial order is **DENIED** because the order is neither clearly erroneous nor contrary to law.
17 Moreover, for the same reasons, Judge Kim's order of monetary sanctions was proper.

### III. RELATOR'S ADMINISTRATIVE MOTION FOR RELIEF FROM AMENDED CASE MANAGEMENT AND PRETRIAL ORDER

20 Relator asks this Court for a six-month continuance of the trial setting and all pretrial
21 deadlines to complete discovery, including completing an underwriter review and deposing
22 Defendant's underwriters.  *See* Mot. 2 at 4.  Despite several meet and confer efforts, Defendant
23 will only agree to a two-month continuance.  *Id.* at 1-2.  Trial courts have broad discretion to
24 manage their dockets and can modify their case management orders upon a showing of "good
25 cause," which considers the moving party's diligence and any prejudice that will result to the non-
26 moving party.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992).
27 Because Defendant does not argue that it will be prejudiced by a six-month delay, the only
28 question is whether there is good cause for it.

4

Relator has established there is good cause for a continuance because it has been diligent in pursuing discovery. Relator served written discovery requests, conferred with Defendant, and filed multiple joint discovery letter briefs to resolve the disputes. Defendant's noncompliance with the Federal Rules and with Judge Kim's multiple orders has obstructed discovery, specifically the production of the full loan files, causing delay. Without production of the loan files in a usable format, Relator's counsel cannot prepare to depose Defendant's underwriters, nor can they complete their own underwriting review. *See* Mot. 2 at 4. It is Defendant's noncompliance, not Relator's lack of diligence, that has made it impossible for Relator to complete non-expert discovery by the current deadline of September 23, 2021. *See* July 7 Order; Order. Given the sheer volume of documents to be produced and the time it takes to review those documents, a six-month continuance is appropriate.

Accordingly, the Court **GRANTS** Relator's administrative motion for a six-month continuance of the trial setting and all pretrial deadlines, as follows:

| Trial | 9/26/2022 |
|---|---|
| Pretrial Conference | 8/30/2022 |
| Objections | 8/16/2022 |
| Joint pretrial statement | 8/9/2022 |
| Meet and Confer | 7/19/2022 |
| Last Day to Hear Dispositive Motions | 6/16/2022 |
| Last Day to File Dispositive Motions | 5/12/2022 |
| Expert Discovery Close | 5/5/2022 |
| Rebuttal Expert Disclosure | 4/14/2022 |
| Expert Disclosure / Non-expert Discovery | 3/24/2022 |

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for relief from Magistrate Judge Kim's August 6 non-dispositive order and **GRANTS** Relator's administrative

motion for a six month-continuance of trial and pre-trial deadlines.  Defendant shall comply with Judge Kim's order by September 24, 2021.  Relator shall submit to Judge Kim its attorneys' fees declaration by September 27, 2021.  Defendant's challenge thereto as to amount shall be filed by October 7, 2021.

This order disposes of Docket Nos. 257 and 263.

**IT IS SO ORDERED**.

Dated: September 8, 2021

_____
EDWARD M. CHEN
United States District Judge