UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>ACADEMY MORTGAGE CORPORATIONN,<br><br>　　　　Defendant. | Case No. 16-cv-02120-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SANCTIONS**<br><br>Docket No. 275 |

　　　　On September 8, 2021, the Court denied Defendant's motion for relief from Magistrate Judge Kim's August 6 non-dispositive pretrial order, Docket No. 255, requiring Defendant to comply with the Court's prior discovery order and imposing sanctions for Academy's failure to do so. Docket No. 271. Now pending is Defendant's administrative motion for leave to file a motion to seek reconsideration of sanctions. Docket No. 275 ("Motion"). The Court **DENIES** Defendant's motion.

　　　　Defendant's motion for leave to seek reconsideration pursuant to Fed. R. Civ. P. 54(b), argues the Court committed a manifest failure to consider materials facts or legal arguments in denying Academy's motion for relief from the sanctions order. The Court finds Defendant's arguments lack merit.

　　　　First, Defendant essentially repackages and rehashes the same factual arguments that Magistrate Judge Kim and the Court already considered and rejected. *See* Docket Nos. 255, 271. These arguments are no more persuasive now than they were before and cannot serve as a basis for the relief Defendant seeks. *See* N.D. Cal. Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in

1  support of or in opposition to the interlocutory order which the party now seeks to have
2  reconsidered.").

3        Second, Defendant argues that the sanctions order was legally improper because L.R. 7-2
4  requires the moving party to file a separate motion for sanctions and for a hearing to be set within
5  35 days of the motion, which did not occur here.  Motion at 19-20.  Defendant further argues the
6  improper procedure violated its due process rights because it could not fully brief the sanctions
7  issue or present evidence as an evidentiary hearing.  *Id.*  However, Magistrate Judge Kim did not
8  impose sanctions at the request of Plaintiff.  She imposed sanctions *sua sponte* after Defendant
9  failed to comply with its court-ordered discovery obligations, and the Court agreed that imposition
10 of sanctions was proper.  *See* Docket Nos. 255, 271.  Local Rule 7-2 does not restrict the Court's
11 inherent authority to impose sanctions.  Defendant's due process argument also fails because
12 Defendant had an opportunity to brief the propriety of sanctions when it sought relief from
13 Magistrate Judge Kim's order before the Court (which Defendant did), and due process does not
14 entitle Defendant to an evidentiary hearing on the sanctions order.

15       Accordingly, Defendant's motion for leave to file a motion to seek reconsideration of
16 sanctions is **DENIED**.

17       This order disposes of Docket No. 275.

19       **IT IS SO ORDERED**.

21 Dated: October 25, 2021

                                                       _____
                                                       EDWARD M. CHEN
                                                       United States District Judge