**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
Jasmine Jean-Louis (*pro hac vice*)

1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com, mcelroy@thewbkfirm.com,
        katz@thewbkfirm.com, jean-louis@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415.442.4810
Facsimile: 415.442.4870
Email: tmm@ogletree.com

*Attorneys for Defendant Academy Mortgage Corporation*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. GWEN THROWER,<br><br>    Plaintiff,<br><br>    vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>    Defendant. | Civil Action No. 3:16-cv-02120 (EMC) (SK)<br><br>**ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br> Judge:      Hon. Edward M. Chen |

Pursuant to Local Rule 79-5(f), Academy Mortgage Corporation ("Academy") respectfully submits this Statement concerning Relator's Administrative Motion to Consider Whether Another Party's Material Should be Sealed, ECF 323.   Relator's Motion identifies the following exhibits, which Academy designated as confidential:

- Ex. A-1: Expert Report of Susan E. Neal;

- 1 -

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

- Ex. A-3: Expert Report of Christopher J. Bennet;

- Ex. A-5: Communications between HUD and Academy.

Ex. A-1 and A-5 contain trade secret and proprietary information, and/or relies on such information or borrower data, and therefore should remain sealed.

## STANDARD OF REVIEW

Civil L.R. 79-5 requires the designating party to provide:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient[.]

Civil L.R. 79-5(c)(1).  Declarations may be provided when necessary.  *Id.*  "A party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that 'compelling reasons' support the sealing request."  *Corthera, Inc. v. Scottsdale Ins. Co.*, No. 14-cv-05014-EMC, 2016 U.S. Dist. LEXIS 3250, at *1 (N.D. Cal. Jan. 11, 2016) (citations omitted). "The party seeking to maintain records under seal must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure of court records, such as the public interest in understanding the judicial process." *Id.* at *2 (citation omitted) (cleaned up). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes[.]'" *Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970, 2022 U.S. Dist. LEXIS 15436, at *4 (S.D. Cal. Jan. 27, 2022) (citations omitted).  "The party seeking protection bears the burden of showing specific prejudice or harm will result if no protection is granted." *Id.* (citation omitted) (cleaned up). "That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard." *Id.* at *4-5 (citation omitted).

## ARGUMENT

I.    Academy Has a Legitimate Interest that Warrants Sealing Which Outweighs the Presumption of Public Access

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1   Academy has an overriding legitimate interest that warrants sealing the Exhibit identified
2   above.  Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141),
3   Academy designated certain Exhibits as confidential, in part, because they contain or rely upon
4   confidential trade secret and other proprietary commercial information.  Exhibit A-1 contains
5   and/or relies on proprietary information created by and about Academy.  This Exhibit reveals
6   information about Academy's trade secrets in the mortgage origination and lending business that
7   it uses to gain a competitive business advantage.  The Exhibit contains information about
8   Academy's financial standing and viability, business development, strategic planning,
9   performance, operations, marketing strategies, loan origination, underwriting, and quality control
10  policies and practices.  This information, distributed throughout the exhibit, are considered trade
11  secrets.  *See* Cal. Civ. Code § 3426.1 (Trade secret includes formulas, patterns, compilations,
12  programs, devices, methods, techniques, or processes that "[d]erives independent economic value,
13  actual or potential, from not being generally known to the public or to other persons who can
14  obtain economic value from its disclosure or use[.]").

15  California recognizes trade secrets, and the protection of the same. *See, e.g.*, Cal. Civ.
16  Code § 3426, et seq. Courts are required to preserve trade secrets, and may do so by sealing court
17  records. *See, e.g.*, Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the
18  secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records
19  of the action[.]").  The Federal Rules of Civil Procedure expressly provide for the protection of
20  trade secrets, commercial information, and confidential research applications.  Fed. R. Civ. P.
21  26(c)(1)(G).  Academy has a strong interest in protecting its trade secrets, but if these Exhibits are
22  not sealed, Academy will lose its trade secrets and will suffer an irreparable injury to its
23  competitive advantage.

24  Exhibit A-5 contains confidential communications between HUD and Academy regarding
25  HUD's oversight over Academy as a regulated entity.  The communications directly concern
26  Academy's role as a lender in the FHA program.  Further, the materials contained therein directly
27  implicate the privacy interests of Academy, HUD, and Academy's employees.  Both HUD and

28

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

Academy had the reasonable expectation that such communication would remain private and confidential and occurred outside the public domain.  HUD produced similar documentation in this matter, and considers it to be confidential as well.[1]

The privacy rights of borrowers, employees, Academy, and the United States government outweigh the presumption to public access.  Privacy rights are recognized and established.  *See, e.g.*, *Lin v. Suavei, Inc.,* No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec. 23, 2021); *Harris v. Superior Court,* 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992); Cal.Civ. Code § 3426, et seq.  Second, the information contained in Academy's Memorandum of Points and Authorities in support of its Motion for Summary Judgment provides the public with the information necessary to understand and access the litigation.

II.      Sealing the Exhibits Is the Only Appropriate Remedy to Protect Privacy Interests

Sealing the Exhibits is the only appropriate remedy to protect the privacy interests of borrowers, employees, Academy, and the United States government.  The Exhibits described above are voluminous, primarily consist of confidential information, and would have a deleterious impact on confidentiality of discussions between Academy, the government, employees, and Academy's customers if disclosed.

### CONCLUSION

For the foregoing reasons, Academy seeks to seal Exhibits A-1 and A-5.

---

[1] At the very least, since it also marked these communications confidential, HUD should be provided an opportunity to address its position on the confidentiality of private communications between it and companies it regulates, such as Academy.

ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, Case No. 3:16-cv-02120 (EMC) (SK)

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: June 30, 2022                              **WEINER BRODSKY KIDER PC**


By: *_/s/ Jason W. McElroy_*
    Jason W. McElroy
    Attorneys for Defendant
    ACADEMY MORTGAGE
    CORPORATION

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

- 5 -