**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
Jasmine Jean-Louis (*pro hac vice*)

1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com, mcelroy@thewbkfirm.com,
        katz@thewbkfirm.com, jean-louis@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415.442.4810
Facsimile: 415.442.4870
Email: tmm@ogletree.com

*Attorneys for Defendant Academy Mortgage Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. GWEN THROWER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>                    Defendant. | Civil Action No. 3:16-cv-02120 (EMC) (SK)<br><br>**ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>  Judge:      Hon. Edward M. Chen |

Pursuant to Local Rule 79-5(f), Academy Mortgage Corporation ("Academy")
respectfully submits this Statement concerning Relator's Administrative Motion to Consider
Whether Another Party's Material Should be Sealed, ECF 324.   Relator's Motion identifies the
following exhibits, some of which Academy seeks to maintain under seal:

- Ex. A-1: Expert Report of Keith Becker;

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1

2

- Ex. A-2, A-3: Documents concerning annual certification that Academy produced;

- Ex. A-5: Document concerning AUS submissions Academy produced.

    With the exception of Ex. A-1, each document contains trade secret or proprietary

information, and/or relies on such information, and therefore should remain sealed.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

## **STANDARD OF REVIEW**

Civil L.R. 79-5 requires the designating party to provide:

> a specific statement of the applicable legal standard and the reasons for keeping a
> document under seal, including an explanation of: (i) the legitimate private or public
> interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii)
> why a less restrictive alternative to sealing is not sufficient[.]

Civil L.R. 79-5(c)(1).  Declarations may be provided when necessary.  *Id.*  "A party seeking to

seal a judicial record submitted in connection with a dispositive motion bears the burden of

establishing that 'compelling reasons' support the sealing request."  *Corthera, Inc. v. Scottsdale

Ins. Co.*, No. 14-cv-05014-EMC, 2016 U.S. Dist. LEXIS 3250, at *1 (N.D. Cal. Jan. 11, 2016)

(citations omitted).  "The party seeking to maintain records under seal must articulate compelling

reasons supported by specific factual findings that outweigh the general history of access and the

public policies favoring disclosure of court records, such as the public interest in understanding

the judicial process." *Id.* at *2 (citation omitted) (cleaned up).  "In general, 'compelling reasons'

sufficient to outweigh the public's interest in disclosure and justify sealing court records exists

when such 'court files might have become a vehicle for improper purposes[.]'"  *Orthopaedic

Hosp. v. Encore Med. L.P.*, No. 19-CV-970, 2022 U.S. Dist. LEXIS 15436, at *4 (S.D. Cal. Jan.

27, 2022) (citations omitted).  "The party seeking protection bears the burden of showing specific

prejudice or harm will result if no protection is granted." *Id.* (citation omitted) (cleaned up). "That

the documents sought to be filed under seal are subject to a protective order, without more, does

not satisfy the compelling reasons standard." *Id.* at *4-5 (citation omitted).

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

## ARGUMENT

I.     Academy Has a Legitimate Interest that Warrants Sealing Which Outweighs the Presumption of Public Access

Academy has an overriding legitimate interest that warrants sealing the documents identified above. Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141), Academy designated certain Exhibits as confidential, in part, because they contain or rely upon confidential trade secret and other proprietary commercial information. Whether considered independently, or together, these Exhibits reveal information about Academy's trade secrets in the mortgage origination and lending business that it uses to gain a competitive business advantage.

Ex. A-1 is Mr. Becker's report, and relies on Academy's annual certifications and other produced documents in this matter. While this document references confidential materials, Academy does not seek to have the document itself, or any statements made therein, remain under seal.

Ex. A-5 is a confidential internal document containing information about Academy's business development, performance, operations, training practices, loan origination, underwriting, and quality control policies and practices. This information is considered to be trade secrets. *See* Cal. Civ. Code § 3426.1 (Trade secret includes formulas, patterns, compilations, programs, devices, methods, techniques, or processes that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use[.]"). California recognizes trade secrets, and the protection of the same. *See, e.g.*, Cal. Civ. Code § 3426, et seq. Courts are required to preserve trade secrets, and may do so by sealing court records. *See, e.g.*, Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"). The Federal Rules of Civil Procedure expressly provide for the protection of trade secrets, commercial information, and confidential research applications. Fed. R. Civ. P. 26(c)(1)(G). Academy has a strong interest in protecting its trade secrets, but if these Exhibits are not sealed, Academy will lose its trade secrets

- 3 -

and will suffer an irreparable injury to its competitive advantage.  Exhibit A-5 also references a specific borrower and an audit of that borrower's file.  Federal law prohibits the public dissemination of non-public information received from borrowers during the mortgage process.  *See, e.g.,* 12 C.F.R. § 1016.1; *id.* at § 1016.3(q)(defining personally identifiable financial information); *id.* at § 1016.10.

Exhibits A-2 and A-3 are confidential communications between HUD and Academy regarding HUD's oversight over Academy as a regulated entity.  The communications directly concern Academy's role as a lender in the FHA program.  Further, the materials contained therein have a strong likelihood to embarrass Academy, its employees, or HUD, and directly implicate the privacy interests of Academy, HUD, and Academy's employees.  Both HUD and Academy had the reasonable expectation that such communication would remain private and confidential and occurred outside the public domain.  HUD produced similar documentation in this matter, and considers it to be confidential as well.[1]

The privacy rights of borrowers, employees, Academy, and the United States government outweigh the presumption to public access.  Privacy rights are recognized and established.  *See, e.g.*, *Lin v. Suavei, Inc.,* No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec. 23, 2021); *Harris v. Superior Court,* 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992); Cal.Civ. Code § 3426, et seq.  Second, the information contained in Academy's Memorandum of Points and Authorities in support of its Motion for Summary Judgment provides the public with the information necessary to understand and access the litigation.

II.      Sealing the Exhibits Is the Only Appropriate Remedy to Protect Privacy Interests

Sealing the Exhibits is the only appropriate remedy to protect the privacy interests of borrowers, employees, Academy, and the United States government.  The Exhibits referenced by Relator, ECF 324, are voluminous, primarily consist of confidential information, and would have a

---

[1] At the very least, since it also marked these communications confidential, HUD should be provided an opportunity to address its position on the confidentiality of private communications between it and companies it regulates, such as Academy.

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1  devastating impact on confidentiality of discussions between Academy, the government, and

2  Academy's employees if disclosed.

3  <u>**CONCLUSION**</u>

4  For the foregoing reasons, Academy seeks to seal Exhibits A-2, A-3, and A-5.

8  DATED: June 30, 2022                                 WEINER BRODSKY KIDER PC

10                                                 By  */s/ Jason W. McElroy*

11                                                     Jason W. McElroy
                                                       Attorneys for Defendant
12                                                     ACADEMY MORTGAGE
                                                       CORPORATION

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia