**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
Jasmine Jean-Louis (*pro hac vice*)

1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com, mcelroy@thewbkfirm.com,
        katz@thewbkfirm.com, jean-louis@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415.442.4810
Facsimile: 415.442.4870
Email: tmm@ogletree.com

*Attorneys for Defendant Academy Mortgage Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. GWEN THROWER, <br><br> Plaintiff, <br><br> vs. <br><br> ACADEMY MORTGAGE CORPORATION, <br><br> Defendant. | Civil Action No. 3:16-cv-02120 (EMC) (SK) <br><br> **ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Judge:     Hon. Edward M. Chen |

Pursuant to Local Rule 79-5(f), Academy Mortgage Corporation ("Academy")

respectfully submits this Statement concerning Relator's Administrative Motion to Consider

Whether Another Party's Material Should be Sealed, ECF 325.   Relator's Motion identifies the

following exhibits, which Academy seeks to maintain under seal:

- 1 -

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

- Quoted material from Susan E. Neal's Expert Report contained in Relator's Motion to Exclude Expert Testimony of Susan E. Neal;

- Ex. A-1: Expert Report of Susan E. Neal;

- Ex. A-2: Transcript of Susan E. Neal's Deposition;

- Ex. A-3: Transcript of James Wren Taylor, 30(b)(6) corporate representative of Academy.

To the extent identified below, each document contains trade secret, proprietary information, and/or relies on such information or borrower data, and therefore should remain sealed.

## **STANDARD OF REVIEW**

Civil L.R. 79-5 requires the designating party to provide:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient[.]

Civil L.R. 79-5(c)(1). Declarations may be provided when necessary. *Id.* "A party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that 'compelling reasons' support the sealing request." *Corthera, Inc. v. Scottsdale Ins. Co.*, No. 14-cv-05014-EMC, 2016 U.S. Dist. LEXIS 3250, at *1 (N.D. Cal. Jan. 11, 2016) (citations omitted). "The party seeking to maintain records under seal must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure of court records, such as the public interest in understanding the judicial process." *Id*. at *2 (citation omitted) (cleaned up). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes[.]'" *Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970, 2022 U.S. Dist. LEXIS 15436, at *4 (S.D. Cal. Jan. 27, 2022) (citations omitted). "The party seeking protection bears the burden of showing specific

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1   prejudice or harm will result if no protection is granted." *Id*. (citation omitted) (cleaned up). "That

2   the documents sought to be filed under seal are subject to a protective order, without more, does

3   not satisfy the compelling reasons standard." *Id*. at *4-5 (citation omitted).

4                                            **ARGUMENT**

5   I.      Academy Has a Legitimate Interest that Warrants Sealing Which Outweighs the
            Presumption of Public Access

6

7          Academy has an overriding legitimate interest that warrants sealing the Exhibits identified

8   above.  Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141),

9   Academy designated certain Exhibits as confidential, in part, because they contain or rely upon

10  confidential trade secret and other proprietary commercial information.  Exhibits A-1 (and the

11  portion of Ex. A-1 quoted in Relator's brief), A-2, and A-3 contain and/or rely on proprietary

12  information created by and about Academy.  Exhibits A-1 (and the portion of Ex. A-1 quoted in

13  Relator's brief) and A-2 rely on Academy policies, including Exhibit A-2 which contains

14  statements directly concerning specific origination policies and procedures.  In other words, these

15  Exhibits reveal information about Academy's trade secrets in the mortgage origination and

16  lending business that it uses to gain a competitive business advantage.  The Exhibits contain

17  information about Academy's financial standing and viability, business development, strategic

18  planning, performance, operations, marketing strategies, loan origination, underwriting, and

19  quality control policies and practices, as well as recruitment efforts.  This information, distributed

20  in each exhibit, are considered trade secrets.  *See* Cal. Civ. Code § 3426.1 (Trade secret includes

21  formulas, patterns, compilations, programs, devices, methods, techniques, or processes that

22  "[d]erives independent economic value, actual or potential, from not being generally known to the

23  public or to other persons who can obtain economic value from its disclosure or use[.]").

24         The public version of Exhibit A-3 will need to be redacted to reflect the following

25  portions of the transcript which Academy has designated as confidential:  131:10-138:24; 151:4;

26  151:12; 160:3-13; 161:11-16; 161:24-162:8; 162:11-15; 188:16-192:14.  These sections discuss

27  confidential, internal business information and figures, including information regarding investors

28                                              - 3 -

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia

1  and revenue generated.[1]  Academy does not object to the public filing of a redacted version of

2  Exhibit A-3, redacting the minimal confidential information identified.

3      California recognizes trade secrets, and the protection of the same. *See, e.g.*, Cal. Civ.

4  Code § 3426, et seq. Courts are required to preserve trade secrets, and may do so by sealing court

5  records. *See, e.g.*, Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the

6  secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records

7  of the action[.]").  The Federal Rules of Civil Procedure expressly provide for the protection of

8  trade secrets, commercial information, and confidential research applications.  Fed. R. Civ. P.

9  26(c)(1)(G).  Academy has a strong interest in protecting its trade secrets, but if these Exhibits are

10 not sealed, Academy will lose its trade secrets and will suffer an irreparable injury to its

11 competitive advantage.

12      The privacy rights of borrowers, employees, Academy, and the United States government

13 outweigh the presumption to public access.  Privacy rights are recognized and established. *See,*

14 *e.g.*, *Lin v. Suavei, Inc.,* No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec.

15 23, 2021); *Harris v. Superior Court,* 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992);

16 Cal.Civ. Code § 3426, et seq. Second, the information contained in Academy's Memorandum of

17 Points and Authorities in support of its Motion for Summary Judgment provides the public with

18 the information necessary to understand and access the litigation.

19      II.      Sealing the Exhibits Is the Only Appropriate Remedy to Protect Privacy Interests

20      Sealing the Exhibits is the only appropriate remedy to protect the privacy interests of

21 borrowers, employees, Academy, and the United States government.  The Exhibits referenced by

22 Relator, ECF 325, are voluminous, primarily consist of confidential information, and would have

23

24

25 [1] Relator includes the entire transcripts of both Ms. Neal and Mr. Taylor.  Ms. Neal's deposition occurred on June 15, 2022, and Academy still has time to designate portions of the transcript as confidential (*see* Dkt. 141 ¶ 24).  Academy received a copy of Ms. Neal's transcript on June 17, requiring designations to be made by July 7, 2022. *See*
26 Protective Order (Dkt. 141 at ¶ 24).  Once Academy has made its confidentiality designations from that transcript, it will not object to a redacted copy of the transcript being filed, redacting the portions Academy identifies as
27 confidential.

28

- 4 -

1   a deleterious impact on confidentiality of discussions between Academy, the government,

2   employees, and Academy's customers if disclosed.

3                                    **<u>CONCLUSION</u>**

4            For the foregoing reasons, Academy seeks to seal Exhibit A-1, the portions of Exhibit A-1

5   quoted in Relator's brief, Exhibit A-2, and the following lines contained in Exhibit A-3:  131:10-

6   138:24; 151:4; 151:12; 160:3-13; 161:11-16; 161:24-162:8; 162:11-15; 188:16-192:14.

7

8

9

10   DATED: June 30, 2022                           WEINER BRODSKY KIDER PC

11

12                                                  By: */s/ Jason W. McElroy*
                                                        Jason W. McElroy
13                                                      Attorneys for Defendant
                                                        ACADEMY MORTGAGE
14                                                      CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, Case No. 3:16-cv-02120 (EMC) (SK)

WEINER BRODSKY KIDER PC
A Professional Corporation formed in the District of Columbia