**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
Jasmine Jean-Louis (*pro hac vice*)
1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone:  202.628.2000
Facsimile:  202.628.2011
Email: kider@thewbkfirm.com, mcelroy@thewbkfirm.com,
          katz@thewbkfirm.com, jean-louis@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415.442.4810
Facsimile:  415.442.4870
Email:  tmm@ogletree.com

*Attorneys for Defendant Academy Mortgage Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GWEN THROWER,<br><br>Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Civil Action No. 3:16-cv-02120 (EMC) (SK)<br><br>**ACADEMY MORTGAGE CORPORATION'S ADMINSTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Edward M. Chen |

Academy Mortgage Corporation ("Academy") respectfully submits this Administrative Motion to File under Seal pursuant to Civil L.R. 7-11 and 79-5.  Academy seeks to seal portions of its Opposition to Relator's Motion to Exclude the Expert Testimony of Susan Neal (the "Opposition") (Dkt. 336)[1].  Specifically, Academy seeks those portions of the Opposition that

---

[1] Academy filed a redacted version on ECF as Dkt. 336, and is filing an unredacted version of the same brief as an attachment to this motion.

quote Ms. Neal's Expert Report (Ex. A-1 to Dkt. 325-3), which Academy previously requested to be sealed, because there is a compelling reason that warrants the sealing of those portions of the Opposition, for the reasons set forth below.

In addition, Academy seeks to seal the following portions of Ms. Neal's deposition testimony, which is attached to Relator's Motion to Exclude the Expert Testimony of Susan Neal as Exhibit A-2 to Dkt. 325-3[2]: 30:19-31:7; 39:25-40:7; 41:4-41:15; 47:16-69:1; 72:14-73:16; and 74:16-88:21.

## STANDARD OF REVIEW

Civil L.R. 79-5 permits an administrative motion to file under seal, and requires that the moving party provide:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient[.]

Civil L.R. 79-5(c)(1). Additionally, moving party may also provide a declaration where necessary. Civil L.R. 79-5(c)(2).

"A party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that 'compelling reasons' support the sealing request." *Corthera Inc*. at *1 (citations omitted). "[T]he party seeking to maintain records under seal must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure [of court records], such as the public interest in understanding the judicial process.'" *Id*. at *2 (citations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes[.]'" *Orthopaedic Hosp.* at *4 (citations omitted). "[T]he party seeking protection

---

[2] Academy previously represented that the time to designate portions of Ms. Neal's deposition testimony had not run at the time Relator filed her motion to exclude Ms. Neal's expert testimony. Dkt. 332 at fn 1. Academy has now designated the portions of Ms. Neal's deposition testimony referenced in this motion as Confidential, pursuant to the Protective Order (Dkt. 141).

Defendant's Motion to Seal
Case No.  3:16-cv-02120 (EMC) (SK)

1  bears the burden of showing specific prejudice or harm will result if no [protection] is granted."
2  *Id.* (citations omitted).  "That the documents sought to be filed under seal are subject to a
3  protective order, without more, does not satisfy the compelling reasons standard." *Id.* at *4-5.

## ARGUMENT

I.  Academy Has a Legitimate Interest that Warrants Sealing, and Academy's Interest Outweighs the Presumption of Public Access

As previously set forth in Academy's Statement in Support of Relator's Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 332), Academy has an overriding legitimate interest that warrants sealing the Exhibits identified above (and quotes from the Exhibits contained in Academy's Opposition).  Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141), Academy designated certain Exhibits and deposition testimony as confidential, in part, because they contain or rely upon confidential trade secret and other proprietary commercial information.  Exhibit A-1, the portions of Exhibit A-2 designated as confidential, and the portions of Ex. A-1 quoted in Academy's Opposition brief, contain and/or rely on proprietary information created by and about Academy.  The Exhibits contain statements directly concerning specific origination policies and procedures.  In other words, these Exhibits reveal information about Academy's trade secrets in the mortgage origination and lending business that it uses to gain a competitive business advantage.  The Exhibits contain information about Academy's financial standing and viability, business development, strategic planning, performance, operations, marketing strategies, loan origination, underwriting, and quality control policies and practices, as well as recruitment efforts.  This information, distributed in each exhibit, are considered trade secrets. *See* Cal. Civ. Code § 3426.1 (Trade secret includes formulas, patterns, compilations, programs, devices, methods, techniques, or processes that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use[.]").

The public version of Exhibit A-2 will need to be redacted to reflect the following portions of the transcript which Academy has designated as confidential:  30:19-31:7; 39:25-

40:7; 41:4-41:15; 47:16-69:1; 72:14-73:16; and 74:16-88:21.  Academy does not object to the public filing of a redacted version of Exhibit A-2, redacting the confidential information identified herein.

California recognizes trade secrets, and the protection of the same. *See, e.g.*, Cal. Civ. Code § 3426, et seq. Courts are required to preserve trade secrets, and may do so by sealing court records. *See, e.g.*, Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]").  The Federal Rules of Civil Procedure expressly provide for the protection of trade secrets, commercial information, and confidential research applications. Fed. R. Civ. P. 26(c)(1)(G).  Academy has a strong interest in protecting its trade secrets, but if these Exhibits and portions of the Opposition brief that describe or quote them are not sealed (or redacted), Academy will lose its trade secrets and will suffer an irreparable injury to its competitive advantage.

The privacy rights of borrowers, employees, Academy, and the United States government outweigh the presumption to public access.  Privacy rights are recognized and established. *See, e.g.*, *Lin v. Suavei, Inc.,* No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec. 23, 2021); *Harris v. Superior Court,* 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992); Cal.Civ. Code § 3426, et seq. Second, the information contained in Academy's Memorandum of Points and Authorities in support of its Motion for Summary Judgment provides the public with the information necessary to understand and access the litigation.

II.     Sealing the Exhibits Is the Only Appropriate Remedy to Protect Privacy Interests

Sealing the Exhibits is the only appropriate remedy to protect the privacy interests of borrowers, employees, Academy, and the United States government.  The Exhibits are voluminous, primarily consist of or contain confidential information, and would have a deleterious impact on confidentiality of discussions between Academy, its employees, and Academy's customers if disclosed.

**CONCLUSION**

Defendant's Motion to Seal
Case No.  3:16-cv-02120 (EMC) (SK)

For the foregoing reasons, Academy seeks to seal Exhibit A-1; the portions of Exhibit A-1 quoted in Academy's Opposition brief; and the following lines contained in Exhibit A-2: 30:19-31:7; 39:25-40:7; 41:4-41:15; 47:16-69:1; 72:14-73:16; and 74:16-88:21.

Dated:  July 7, 2022

Respectfully submitted,                    **Weiner Brodsky Kider PC**

                                           */s/ Jason W. McElroy*
                                           Jason W. McElroy