**WEINER BRODSKY KIDER PC**
Mitchel H. Kider, CA Bar No. 116479
Jason W. McElroy (*pro hac vice*)
Joseph M. Katz (*pro hac vice*)
Jasmine Jean-Louis (*pro hac vice*)

1300 19th Street, NW Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
Email: kider@thewbkfirm.com, mcelroy@thewbkfirm.com,
        katz@thewbkfirm.com, jean-louis@thewbkfirm.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Thomas M. McInerney, CA Bar No. 162055
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415.442.4810
Facsimile: 415.442.4870
Email: tmm@ogletree.com

*Attorneys for Defendant Academy Mortgage Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. GWEN THROWER,<br><br>Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Civil Action No. 3:16-cv-02120 (EMC) (SK)<br><br>**ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:   Hon. Edward M. Chen |

Pursuant to Local Rule 79-5(f), Academy Mortgage Corporation ("Academy") respectfully submits this Statement concerning Relator's Administrative Motion to Consider Whether Another Party's Material Should be Sealed, ECF 339.  As part of her filing, Relator included the Declaration of Jamison Joiner ("Declaration") and the exhibits therein in support of Relator's Response to Academy's Motion for Summary Judgment.  On information and belief,

- 1 -

Academy cannot access the documents associated with ECF 339 because Relator has filed them under seal. Sometime after that filing, Relator provided Academy with a link to access the Declaration. As a result, Academy's Statement is based on the exhibits to the Declaration accessible using the link Relator provided. To the extent, the exhibits associated with ECF 339 and those accessible using the link Relator provided are not identical, Academy reserves the right to move to seal any new and/or additional exhibits.[1]

The following exhibits should be sealed because they contain highly sensitive borrower information, including names, addresses, credit information, and income information: Exhibits 2-11, 15-16, 18-21, 23-25, 30, 32-35, 41-48, 62-63, 65-70, 72, 75-75ZZZ, and 79. The following exhibits should be sealed because they contain Academy's trade secret and proprietary information: Exhibits 1, 12-14, 17, 22, 34-37, 40, 49-52, 61, 64, 71, 75, 78, and 80. Collectively, these exhibits are referred herein as "Exhibits."

**STANDARD OF REVIEW**

Civil L.R. 79-5 requires the designating party to provide:

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient[.]

Civil L.R. 79-5(c)(1). Declarations may be provided when necessary. *Id.* "A party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that 'compelling reasons' support the sealing request." *Corthera, Inc. v. Scottsdale Ins. Co.*, No. 14-cv-05014-EMC, 2016 U.S. Dist. LEXIS 3250, at *1 (N.D. Cal. Jan. 11, 2016) (citations omitted). "The party seeking to maintain records under seal must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure of court records, such as the public interest in understanding

---

[1] In reviewing the Declaration accessible through the link Relator provided, Academy noticed that Relator Exhibits. 28-29, 31, 38-39, 53, 56-57, 59-60 were listed as enclosed therein. However, those exhibits are not actually enclosed. To the extent Relator seeks to include those exhibits, or any other exhibits, in support of her Response to Academy's Motion for Summary Judgment, Academy reserves the right to move to seal those new and/or additional exhibits.

- 2 -

the judicial process." *Id*. at *2 (citation omitted) (cleaned up). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes[.]'" *Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970, 2022 U.S. Dist. LEXIS 15436, at *4 (S.D. Cal. Jan. 27, 2022) (citations omitted). "The party seeking protection bears the burden of showing specific prejudice or harm will result if no protection is granted." *Id*. (citation omitted) (cleaned up). "That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard." *Id*. at *4-5 (citation omitted).

## ARGUMENT

I. Academy Has a Legitimate Interest that Warrants Sealing Which Outweighs the Presumption of Public Access

Academy has a legitimate interest that warrants sealing certain Exhibits to the Declaration. Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141), Academy designated these Exhibits as confidential, in part, because they contain highly sensitive borrower information. Exhibits 2-11, 15-16, 18-21, 23-25, 30, 32-35, 41-48, 62-63, 65-70, 72, 75-75ZZZ, and 79 contain various borrower information, including their names, home addresses, credit information, income information, and/or loan numbers. California recognizes a right to privacy in personal financial information. *See Lin v. Suavei, Inc.*, No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec. 23, 2021); *Harris v. Superior Court*, 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992). Failure to seal these Exhibits would violate the borrowers' right to privacy, and divulge their sensitive financial information to the public.

Academy has an overriding legitimate interest that warrants sealing Exhibits 1, 12-14, 17, 22, 34-37, 40, 49-52, 61, 64, 71, 75, 78, and 80 to the Declaration. Pursuant to the Stipulated Protective Order entered into in this matter (Dkt. 141), Academy designated these Exhibits as confidential, in part, because they contain or rely upon confidential trade secret and other proprietary commercial information. These Exhibits reveal information about Academy's trade secrets in the mortgage origination and lending business that it uses to gain a competitive business

- 3 -

advantage. These Exhibits contain information about Academy's financial standing and viability, business development, strategic planning, performance, operations, marketing strategies, loan origination, underwriting, and quality control policies and practices. This information, distributed throughout the exhibit, are considered trade secrets. *See* Cal. Civ. Code § 3426.1 (Trade secret includes formulas, patterns, compilations, programs, devices, methods, techniques, or processes that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use[.]").

California recognizes trade secrets, and the protection of the same. *See, e.g.*, Cal. Civ. Code § 3426, et seq. Courts are required to preserve trade secrets, and may do so by sealing court records. *See, e.g.*, Cal. Civ. Code § 3426.5 ("In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include . . . sealing the records of the action[.]"). The Federal Rules of Civil Procedure expressly provide for the protection of trade secrets, commercial information, and confidential research applications. Fed. R. Civ. P. 26(c)(1)(G). Academy has a strong interest in protecting its trade secrets, but if these Exhibits are not sealed, Academy will lose its trade secrets and will suffer an irreparable injury to its competitive advantage.

The privacy rights of the borrowers and Academy outweigh the presumption to public access. First, their privacy rights are recognized and established. *See, e.g.*, *Lin v. Suavei, Inc.*, No. 3:20-cv-862, 2021 U.S. Dist. LEXIS 245187, at *7 (S.D. Cal. Dec. 23, 2021); *Harris v. Superior Court,* 3 Cal. App. 4th 661, 664, 4 Cal. Rptr. 2d 564, 567 (1992); Cal.Civ. Code § 3426, et seq. Second, the information contained in Relator's Response to Academy's Motion for Summary Judgment provides the public with the information necessary to understand and assess the litigation.

II.     Sealing the Exhibits Is the Only Appropriate Remedy to Protect Privacy Interests

Sealing the Exhibits is the only appropriate remedy to protect the privacy interests of the borrowers and Academy. The Exhibits described above are voluminous, primarily consist of

- 4 -

ACADEMY MORTGAGE CORPORATION'S STATEMENT CONCERNING RELATOR'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, Case No. 3:16-cv-02120 (EMC) (SK)

confidential information, and would have a deleterious impact on the borrowers and Academy if disclosed.

### CONCLUSION

For the foregoing reasons, Academy seeks to seal Exhibits 1-25, 30, 32-37, 40-52, 61-72, 75-75ZZZ, and 78-80 to the Declaration of Jamison Joiner.

DATED: July 14, 2022                                           **WEINER BRODSKY KIDER PC**

By: */s/ Jason W. McElroy*
   Jason W. McElroy
   Attorneys for Defendant
   ACADEMY MORTGAGE
   CORPORATION