J. NELSON THOMAS*
JONATHAN W. FERRIS*
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
jferris@theemploymentattorneys.com
*admitted pro hac vice

SANFORD JAY ROSEN – 062566
VAN SWEARINGEN – 259809
ADRIENNE PON HARROLD – 326640
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
srosen@rbgg.com
vswearingen@rbgg.com
aharrold@rbgg.com

Attorneys for Relator Gwen Thrower

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GWEN THROWER,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 16-CV-02120-EMC<br><br>**DECLARATION OF RICHARD M. PEARL, ESQ. IN SUPPORT OF RELATOR'S MOTION FOR REASONABLE ATTORNEYS' FEES AND EXPENSES**<br><br>Judge:  Hon. Edward M. Chen<br>Hearing Date:   July 27, 2023<br>Hearing Time:   1:30pm |

I, Richard M. Pearl, declare:

1. I am a member in good standing of the California State Bar. I am in private practice as principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California. I specialize in issues related to court-awarded attorney fees, which includes service as an expert witness regarding attorney fees, representation of parties in attorney fee litigation and appeals, and service as a mediator and arbitrator in disputes concerning attorney fees and related issues. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I make this declaration in my capacity as an expert witness on reasonable attorney fees in support of Relator's Motion for an Award of Attorneys' Fees and Costs in the above-entitled case. Specifically, Thomas & Solomon LLP (T&S) and Rosen Bien Galvan & Grunfeld LLP (RBGG), who I will describe as "Relator's Counsel," have retained me to provide my expert opinion regarding current market rates for comparable attorney services in this area and the reasonableness of the hourly rates Relator's Counsel are requesting in this case. They also have retained me to opine on whether the lodestar multiplier they are requesting is justified by their superior performance, the exceptional result they have achieved, and the unanticipated delay in achieving those results created by their opponents' vigorous opposition.

### My Background and Experience

3. My Resume, which sets forth my experience and qualifications as an attorneys' fees expert is attached hereto as **Exhibit A**.  Briefly summarized, my background is as follows: I am a 1969 graduate of Boalt Hall (now Berkeley) School of Law, University of California, Berkeley, California. I took the California Bar Examination in August 1969 and learned that I had passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta (LASA), I was not admitted to the California Bar until February 1970. I worked for LASA until the summer of 1971, then

went to work in California's Central Valley for California Rural Legal Assistance, Inc. (CRLA), a statewide legal services program. From 1972 until July 1974, I was the Directing Attorney of CRLA's McFarland Office, a 4-attorney office (including, I am proud to say, a current Ninth Circuit judge). In July 1974, I moved to CRLA's Central Office in San Francisco and became the Director of its Statewide Backup Center, a 4-attorney unit that assisted and co-counseled with other LSC programs in the state on their impact litigation. In 1977, I became CRLA's Director of Litigation, supervising more than fifty attorneys. In 1982-1983, I transitioned into private practice, first in a small law firm, then as a sole practitioner.

4.      Martindale Hubbell rates my law firm "AV." I also have been selected as a Northern California "Super Lawyer" in Appellate Law every year from 2005 through 2008 and 2010 through 2023.

5.      Since 1982, the focus of my legal work has been in general civil litigation and appellate practice, with an increasing emphasis on cases and appeals involving court-awarded attorney fees and attorneys' fees as damages, both as an advocate and as a consultant or expert witness. I have been a member of the California State Bar's Attorneys' Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues.

6.      I have lectured and written extensively on court-awarded attorney fees. I am the author of *California Attorney Fee Awards* (3d ed. Cal. CEB 2010) and its cumulative annual Supplements for the years 2011 through March 2023. I also was the author of *California Attorney Fee Awards*, 2d Ed. (Cal. Cont. Ed. of Bar 1994), and its 1995 through 2008 annual Supplements, as well as the 1984 through 1993 annual Supplements to the predecessor treatise, *CEB's California Attorney's Fees Award Practice*.  The California courts have repeatedly referred to this treatise as "[t]he leading California attorney fee treatise*." Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal. App. 4th 608, 621 (2015); *see also, e.g., Int'l Billing Servs., Inc. v. Emigh*, 84 Cal. App. 4th 1175, 1193 (2000) ("the leading

1   treatise"); *Orozco v. WPV San Jose, LLC,* 36 Cal. App. 5th 375, 409 (2019) ("a leading

2   treatise on California attorney's fees").  It also has been cited by the California Supreme

3   Court and Court of Appeal on many occasions. *See, e.g., Graham v. DaimlerChrysler Corp.,*

4   34 Cal. 4th 553, 576, 584 (2004); *Lolley v. Campbell*, 28 Cal. 4th 367, 373 (2002); *In re*

5   *Conservatorship of Whitley*, 50 Cal. 4th 1206, 1214–15, 1217 (2010)); *Yost v. Forestiere*, 51

6   Cal. App. 5th 509, 530 n. 8 (2020); *Doe v. Regents of Univ. of California*, 51 Cal. App. 5th

7   531, 547 (2020); *Highland Springs Conference & Training Ctr. v. City of Banning*, 42 Cal.

8   App. 5th 416, 428 n. 11 (2019); *Orozco v. WPV San Jose, LLC*, 36 Cal. App. 5th 375, 409

9   (2019); *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal.

10  App. 5th 970, 988 (2019); *Hardie v. Nationstar Mortg. LLC*, 32 Cal. App. 5th 714, 720

11  (2019); *Stratton v. Beck*, 30 Cal. App. 5th 901, 911 (2018); *Syers Props III, Inc. v. Rankin*,

12  226 Cal. App. 4th 691, 698, 700 (2014).  California Superior Courts also cite the treatise with

13  approval.  *See, e.g., Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL

14  7286170, at *4 (Orange Cty. Super. Ct. Aug. 31, 2018); *Hartshorne v. Metlife, Inc.*, No.

15  BC576608, 2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 02, 2017). Federal

16  courts also have cited it. *See In re Hurtado*, Case No. 09-16160-A-13, 2015 WL 6941127

17  (E.D. Cal. Nov. 6, 2015); *TruGreen Companies LLC v. Mower Brothers, Inc.,* 953 F. Supp.

18  2d 1223, 1236 nn.50, 51 (D. Utah 2013). In addition, I authored a federal manual on

19  attorneys' fees entitled "Attorneys' Fees: A Legal Services Practice Manual," published

20  by the Legal Services Corporation. I also co-authored the chapter on "Attorney Fees" in

21  Volume 2 of CEB's *Wrongful Employment Termination Practice*, 2d Ed. (1997).

22      7.      More than 98% of my practice is devoted to issues involving court-awarded

23  attorney fees. I have appeared as counsel of record in over 200 attorney fee applications in

24  state and federal courts, representing other attorneys as well as myself. I also have briefed

25  and argued more than 40 appeals, at least 30 of which have involved attorney fees issues. I

26  have successfully handled five cases in the California Supreme Court involving court-

27  awarded attorney fees: (1) *Maria P. v. Riles*, 43 Cal. 3d 1281 (1987), which upheld a C.C.P.

28

1    section 1021.5 fee award based on a preliminary injunction obtained against the State

2    Superintendent of Education, despite the fact that the case ultimately was dismissed under

3    C.C.P. section 583; (2) *Delaney v. Baker*, 20 Cal. 4th 23 (1999), which held that heightened

4    remedies, including attorneys' fees, are available in suits against nursing homes under

5    California's Elder Abuse Act; (3) *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001), which

6    reaffirmed that contingent risk multipliers are an essential consideration under California

7    attorney fee law (note that in *Ketchum,* I was primary appellate counsel in the Court of

8    Appeal and "second chair" in the California Supreme Court); (4) *Flannery v. Prentice*, 26

9    Cal. 4th 572 (2001), which held that under California law, in the absence of an agreement to

10   the contrary, statutory attorneys' fees belong to the attorney whose services they are based

11   upon; and (5) *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004), which held, *inter*

12   *alia,* that the "catalyst" theory of fee recovery remained viable under California law and that

13   lodestar multipliers could be applied to fee motion work.  In that case, I represented trial

14   counsel in both the Court of Appeal (twice) and California Supreme Court, as well as on

15   remand in the trial court.  I also represented and argued on behalf of *amicus curiae* in

16   *Conservatorship of McQueen*, 59 Cal. 4th 602 (2014), which held that attorneys' fees

17   incurred for appellate work were not "enforcement fees" subject to California's Enforcement

18   of Judgments law; I presented the argument relied upon by the Court. Along with Richard

19   Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus*

20   *curiae* brief in *Vasquez v. State of California,* 45 Ca1. 4th 243 (2009). I also have handled

21   numerous other appeals involving attorneys' fee issues, including: *Davis v. City & County of*

22   *San Francisco,* 976 F.2d 1536 (9th Cir. 1992); *Mangold v. CPUC,* 67 F.3d 1470 (9th Cir.

23   1995); *Velez v. Wynne,* 2007 U.S. App. LEXIS 2194 (9th Cir. 2007); *Camacho v. Bridgeport*

24   *Financial, Inc.,* 523 F.3d 973 (9th Cir. 2008); *Orr v. Brame,* 793 F. Appx. 485(9th Cir.

25   2019); *Center for Biological Diversity v. County of San Bernardino,* 185 Cal.App.4th 866

26   (2010); *Environmental Protection Information Center v. California Dept. of Forestry &*

27   *Fire Protection et al,* 190 Cal.App.4th 217 (2010); *Heron Bay Home Owners Association*

28

1  *v. City of San Leandro,* 19 Cal. App. 5th 376 (2018); and *Robles v. Emp. Dev. Dept.,* 38

2  Cal.App.5th 191 (2019). An expanded list of reported decisions in cases I have handled is

3  set out at pages 5-8 of my resume (**Exhibit A)**.

4     8.     More frequently now, I testify as an expert witness on attorneys' fees, primarily

5  by declaration but also through live testimony before judges and arbitrators.  Many federal

6  cases have referenced my expert testimony favorably. For example, in *Human Rights*

7  *Defense Center v. County of Napa,* 20-cv-01296-JCS, Doc. 50 (March 28, 2021), the court

8  stated that it had "place[d] significant weight on the opinion of Mr. Pearl that the rates

9  charged by all of the timekeepers listed above are reasonable and in line with the rates

10  charged by law firms that engage in federal civil litigation in the San Francisco Bay Area.

11  Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has

12  been widely relied upon by both federal and state courts in Northern California [] in

13  determining reasonable billing rates." *Id.* at 18–19.  That same view of my testimony was

14  subsequently repeated and applied in *Wit v. United Behavioral Health*, 578 F.Supp.3d 1060,

15  1079 (N.D. Cal. Jan. 5, 2022) and *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-

16  00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110)

17  (quoting the above language from *Human Rights Defense Center* and concluding: "This

18  Court similarly finds Pearl's opinions well supported and persuasive." Order at p. 4:13-19.).

19  The following reported federal decisions also reference my expert testimony favorably:

20     • *Prison Legal News v. Ryan,* No. 19-17449 (9th Cir. 2023), Order filed March

21        21, 2023, at 4;

22     • *Antoninetti v. Chipotle Mexican Grill, Inc.,* No. 08-55867 (9th Cir. 2012),

23        Order filed Dec. 26, 2012, at 6;

24     • *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 455 (9th Cir. 2010) (the

25        expert declaration referred to is mine);

26     • *Roe v. SFBSC Mgmt., LLC*, 2022 U.S. Dist. LEXIS 215122 (N. D. Cal. Nov.

27        29, 2022);

28

- *Independent Living Center of S. Cal. v. Kent*, 2020 U.S. Dist. LEXIS 13019 (C.D. Cal. 2020);

- *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd* 269 F.3d 1066 (9th Cir. 2020);

- *Beaver v. Tarsadia Hotels,* 2017 U.S. Dist. LEXIS 160214 (S.D. Cal. 2017);

- *Notter v. City of Pleasant Hill*, 2017 U.S. Dist. LEXIS 197404, 2017 WL 5972698 (N.D. Cal. 2017);

- *Villalpondo v. Exel Direct, Inc.*, 2016 WL 1598663 (N.D. Cal. 2016);

- *State Compensation Insurance Fund v. Khan et al,* Case No. SACV 12-01072-CJC(JCGx) (C.D. Cal. 2016), Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6, 2016 (Dkt. No. 408);

- *In re Cathode Ray Tube Antitrust Litig.,* Master File No. 3:07-cv-5944 JST, MDL No. 1917, 2016 U.S. Dist. LEXIS 24951 (N.D. Cal. 2016) (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiff's Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Class Representative), Dkt. 4351, dated January 28, 2016, *adopted in relevant part,* 2016 U.S. Dist. LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank,* 2015 U.S. Dist. LEXIS 67298 (N.D. Cal. 2015);

- *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698 (N.D. Cal. 2014);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. M 07-1827 SI, MDL No. 1827 (N.D. Cal.), Report and Recommendation of Special Master Re Motions

for Attorneys' Fees And Other Amounts By Indirect-Purchaser Class Plaintiffs And State Attorneys General, Dkt. 7127, filed Nov. 9, 2012, adopted in relevant part, 2013 U.S. Dist. LEXIS 49885 (N.D. Cal. 2013);

- *Walsh v. Kindred Healthcare,* 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. 2013);

- *A.D. v. California Highway Patrol,* 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), rev'd on other grounds, 712 F.3d 446 (9th Cir. 2013), reaffirmed and additional fees awarded on remand, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013);

- *Hajro v. United States Citizenship & Immigration Service*, 900 F. Supp. 2d 1034, 1054 (N.D. Cal. 2012);

- *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012);

- *Stonebrae, L.P. v. Toll Bros., Inc.,* 2011 U.S. Dist. LEXIS 39832, *9 (N.D. Cal. 2011) (thorough discussion), aff'd 2013 U.S. App. LEXIS 6369 (9th Cir. 2013);

- *Armstrong v. Brown,* 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011).

- *Lira v. Cate,* 2010 WL 727979 (N.D. Cal. 2010);

- *Californians for Disability Rights, Inc. v. California Dep't of Transportation*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010).

- *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS 67139 (N.D. Cal. 2009);

- *Prison Legal News v. Schwarzenegger,* 561 F.Supp.2d 1095 (N.D. Cal. 2008);

- *Bancroft v. Trizechahn Corp.,* No. CV 02-2373 SVW (FMOx), Dkt. 278 (C.D. Cal. Aug. 14, 2006);

- *Willoughby v. DT Credit Corp.,* No. CV 05-05907 MMM (CWx), Dkt. 65 (C.D. Cal. July 17, 2006); and

- *Oberfelder v. City of Petaluma,* 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002), aff'd 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

9.    Many California courts also have referenced my testimony favorably. These include:

- *Sonoma Land Trust v. Thompson*, 63 Cal.App.5th 978, 986 (2021);
- *Wood v. Los Angeles County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases)*, 2021 Cal.App. Unpub. LEXIS 5506 (2021);
- *Kerkeles v. City of San Jose*, 243 Cal.App.4th 88 (2015);
- *Habitat and Watershed Caretakers v. City of Santa Cruz*, 2015 Cal. App. Unpub. LEXIS 7156 (2015);
- *Laffitte v. Robert Half Int'l Inc.*, 231 Cal.App.4th 860 (2014), *aff'd*, 1 Cal.5th 480 (2016);
- *In re Tobacco Cases I*, 216 Cal.App.4th 570 (2013);
- *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 1009 (2013);
- *Wilkinson v. South City Ford*, 2010 Cal. App. Unpub. LEXIS 8680 (2010);
- *Children's Hospital & Medical Center v. Bonta*, 97 Cal.App.4th 740 (2002);
- *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996);
- *Kaku v. City of Santa Clara,* No. 17CV319862, 2019 WL 331053, at *3 (Santa Clara Cty. Super. Ct. Jan. 22, 2019), *aff'd,* 59 Cal. App. 5th 385 (2020);
- *Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4 (Orange Cty. Super. Ct. Aug. 31, 2018); and
- *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 2, 2017).

These are just the reported examples. Many other trial courts also have relied on my testimony in unreported fee awards.

10.     I also have been retained by various governmental entities, including the California Attorney General's office and the California Department of Fair Employment and Housing to consult with them and serve as their expert regarding their affirmative attorney fee claims.  *See*, *e.g.*, *In re Tobacco Cases I*, 216 Cal. App. 4th 570, 584 (2013); *Dep. of Fair Employ. and Hous. v. Law Sch. Admission Council, Inc.*, 2018 WL 5791869 (N.D. Cal. No. 12-cv-08130, filed Nov. 5, 2018).

**<u>My Opinion In This Case</u>**

11.     In my opinion, Relator Counsel's hourly rates and their request for a lodestar enhancement are in line with how the legal marketplace would compensate them for similar services accomplishing similar results.  To form my opinions in this case, I have familiarized myself generally with the history of the litigation, the nature of the legal work it required, and the results it achieved. To this end, I reviewed Relator's demand letter with the summary charts of the demand for work through March 31, 2023; a complete list of T&S timekeepers for whom Relator is requesting fees, their rates, and website links to the attorney bios; a complete list of RBGG timekeepers for whom Relator is requesting fees, their rates, and resumes of the principal RBGG timekeepers on this matter (Sanford Rosen, Van Swearingen, Lisa Ells, Adriene Harrold, and Karen Stilber); a penultimate draft of the fees motion; and the draft supporting declarations of Nelson Thomas and Sanford Rosen. I also have spoken with Relator's lead counsel for this motion, RBGG's Sanford Rosen and Adrienne Harrold, about these materials and other aspects of the case. Further, to form my opinion in this case, I familiarized myself with the experience, credentials, and qualifications of the attorneys involved.

12.     It is my understanding that Relator's fee request here is based on the following hourly rates:

| THOMAS & SOLOMON LLP | | |
|---|---|---|
| | **Law School Graduation Year** | **2023 Rate** |
| **Attorneys:** | | |
| Nelson Thomas | 1993 | $1,200 |
| Jonathan Ferris | 2012 | $800 |
| Michael Lingle | 2000 | $1,000 |
| Jessica Lukasiewicz | 2008 | $925 |
| Conor Tallet | 2018 | $550 |
| Adam Sanderson (as attorney) | 2018 | $550 |
| Adam Sanderson (as law clerk) | - | $325 |
| **Paralegals:** | | |
| Sarah K. Hulbert | - | $435 |
| Samuel Noto | - | $325 |
| Jonathan Francisco | - | $435 |
| MLH | - | $435 |
| CSS | - | $435 |
| MMY | - | $325 |
| MAH | - | $325 |
| CMM | - | $325 |
| AMM | - | $325 |
| JEB | - | $325 |
| GJS | - | $435 |

| ROSEN BIEN GALVAN & GRUNFELD LLP | | |
|---|---|---|
| | **Law School Graduation Year** | **2023 Rate** |
| **Attorneys:** | | |
| Sanford Rosen | 1962 | $1,475 |
| Van Swearingen | 2008 | $875 |
| Lisa Ells | 2005 | $925 |
| Adrienne Harrold | 2018 | $525 |
| Michael L. Freedman | 2008 | $825 |
| **Paralegals:** | | |
| Karen Stilber | - | $435 |
| F. Gail LaPurja | - | $405 |
| Linda H. Woo | - | $435 |

13.     Relator also requests that their lodestar be enhanced upward by a multiplier of 2.0 pursuant to federal law based on their superior performance and extraordinary results achieved by Relator's Counsel which are not reflected in or fully compensated by the lodestar for work on the merits.[1]

14.     With these facts in mind, and as detailed more fully below, my opinion that Counsel's rates and multiplier requests are reasonable is based on numerous sources. Initially, my opinion is based on my extensive experience, research, and knowledge in this subject area as detailed above and in **Exhibit A**.

---

[1] I express no opinion about Counsel's hours. This omission does not reflect any disagreement on my part with the number of hours spent or claimed, nor the manner in which they are documented and presented. Rather, in light of this Court's close involvement with the history of the case, Counsel have not requested that I opine on that issue.

15.     My opinion also is based on the numerous source and reference materials regarding attorney fees that I have reviewed over the years. These include the following:

      a.   **Exhibit B** is a document that I have prepared and maintain which compiles recent hourly rates determinations made by San Francisco Bay Area courts.

      b.   **Exhibit C** is a document that I have compiled from various reliable sources that lists attorney fee rates charged by numerous San Francisco Bay Area law firms.

      c.   **Exhibit D** consists of excerpts from the 2021 Real Rate Report by Wolters Kluwer, a widely used report of law firm rates actually charged based on invoice data from hundreds of attorneys.

      d.   **Exhibit E** is the 2018 Peer Monitor Public Rates report which includes the publicly reported attorney fee rates of several Bay Area law firms in 2018.

      e.   **Exhibit F** consists of excerpts from the PG&E bankruptcy (N.D. Bank. Case No. 19-30088), that list the July 2020 rates charged by PG&E's law firm for its work on that matter.

### Counsel's Hourly Rates Are Reasonable.

16.     In my opinion, Relator's Counsel's hourly rates are well in line with the hourly rates charged by comparably qualified San Francisco Bay Area attorneys for comparable services. That is the applicable standard. *See Blum v. Stenson,* 465 U.S 886, 895-96 (1984). Indeed, it is my opinion that Counsel's rates are generally in the mid-range of hourly noncontingent rates charged by similarly qualified Bay Area attorneys who regularly engage in civil litigation of comparable complexity.  The following facts support that opinion:

17.     *First,* my opinion is based on my long experience and expertise regarding attorneys' fees, both as an advocate and as a recognized fee expert. *See, e g.,* *Wit v. United Behav. Health,* 578 F.Supp.3d 1060, 1079 (N.D. Cal. Jan. 5, 2022) ("the Court places significant weight on Pearl's opinion"); *Human Rights Defense Center v. County of Napa*, 2021 U.S. Dist. LEXIS 59778, *32, 2021 WL 1176640, 20-cv-01296-JCS (N.D. Cal. March

28, 2021) ("Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts"); *Stonebrae, L.P. v. Toll Bros., Inc., supra,* 2011 U.S. Dist. LEXIS 39832, *9 (Chen, J.), aff'd 2013 U.S. App. LEXIS 6369 (9th Cir. 2013).

18.     *Second,* my opinion is based on the numerous prior judicial determinations in which Relator's Counsel's hourly rates have been found reasonable.  *See, e.g.*, *Prison Legal News v. Ryan*, No. 19-17449 (9th Cir., March 21, 2023) (Ninth Circuit Order awarding RBGG's full 2022 billing rates for appellate work performed from 2015 to 2022, including Mr. Rosen's $1,350 hourly rate, Ms. Ells' $850 rate, and Ms. Silber's $400 rate); *Andrews v. Equinox Holdings, Inc.*, Case No. 20-cv-00485-SK, 2021 WL 5275822 (N.D. Cal. Nov. 9, 2021) (approving RBGG's 2021 billing rates, including Mr. Rosen's $1,250 hourly rate and Ms. Harrold's $425 hourly rate); *Human Rights Defense Center v. County of Napa*, No. 3:20-cv-01296-JCS, 2021 WL 1176640 (N.D. Cal., Mar. 28, 2021) (awarding RBGG's 2020 rate for work done that year, including Mr. Rosen's $1,100 rate).

19.     Counsel's current rates reflect only very modest increases over those determinations and are firmly justified by rate increases in the legal marketplace.  In fact, listed billing rates, court awards, and published articles show that over the past four years, San Francisco area rates have risen an average of 4-6% per year.  For example, in *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress,* 2020 U.S. Dist. LEXIS 241035, at *13 (N.D. Cal. Dec. 22, 2020), the district court applied a 25% rate increase for the period from 2016 to 2020.  More recently, even larger rate increases in the legal marketplace have been observed by commentators.  *See, e.g.*, Bloomberg Law (Bureau of National Affairs, Inc.), "*Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge"* (Jan. 19, 2023) (new 2023 hourly rates for some commercial firms reflect average 10% over 2022); "*What We're Watching –Alarming Rates?"*, Law.Com Morning Minute, Jan. 25, 2022 (rates rose 4% in 2021 and likely to rise "as much or more" in 2022); *Aggressive Billing Rate Increases Appear Likely, but Can Clients Stomach It?* Maloney, The

American Lawyer (Jan. 24, 2022) (rates rose "nearly 4%" in 2021); Simons, *Big Law Should Raise Partner Billing Rates 10+ Percent Now*, The Recorder (Nov. 15, 2018) at 3 ("In a normal year, partner rates would go up around 5 or 6 percent").

20.    *Third,* my opinion is based on the numerous recent judicial rate determinations listed in **Exhibit B** to my declaration. These findings are entitled to significant weight. *See, e.g.*, *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1207 (9th Cir. 2013). In addition to the three RBGG awards referenced in paragraph 18 above that support their hourly rates here, Exhibit B lists numerous prior rate determinations by local courts that support those rates. These include, for example:

- *Wit v. United Behav. Health, supra,* in which this District Court found that 2021 hourly rates of $1,145, $1,040, and $980 were reasonable for lawyers with 35-39, 24, and 21 years of experience respectively. 578 F.Supp.3d 1060, 1078. Relator Counsel's 2023 hourly rates are well in line with these determinations. For example, when two years of marketplace rate increases are considered, Michael Lingle's $1,000 rate as a 23-year attorney and Ms. Ells' $925 rate as an 18-year attorney are decidedly lower than the comparable rates found reasonable in *Wit* .

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, the court found that as part of its lodestar cross-check that $1,500 per hour was reasonable for the plaintiffs' 53-year attorney and $1,050 was reasonable for their 48-year attorney. Mr. Rosen's $1,475 rate as a highly-skilled 62-year attorney is clearly in line with these rates.

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case, the court found that $1,010 per

hour was reasonable in 2020 for an 11-year associate. And again, Relator's counsel's rates are in line with these findings.

21.     Relator's paralegal rates ($325-$435) also are in line with these court awards. In *Wit, supra,* for example, the court found that paralegal rates of $250-390 were reasonable in 2021. 578 F.Supp.3d at 1080.

22.     *Fourth*, my opinion is based on the reported rates of numerous local law firms set out in **Exhibit C. Exhibit C** consists of data I have compiled from declarations, surveys, articles, and individual correspondence that support Counsel's requested rates here.  For example, in 2022, local plaintiffs' law firm Altshuler Berzon billed a 12-year attorney at $875 per hour and a 3-year associate at $600 per hour. In 2020, Schneider Wallace Cottrell & Konecky (Schneider Wallace), a local class action firm, billed a 26-year attorney at $925 per hour, a rate that was found reasonable by this District in *Nevarez v. Forty Niners,* N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416]. In 2022, Schneider Wallace billed that same attorney at $1,005 per hour.

23.     Likewise, the filings of PG&E's law firm in the PG&E Bankruptcy case, N.D. Bank. Case No. 19-30088, include the rates charged by PGE's law firm for its work on that case  (Dkt. No. 6331). **Exhibit F** shows that in July 2020, PG&E's attorneys billed a 19-year attorney at $1,535 per hour and a 15-year attorney at $1,220 per hour. Relator Counsel's rates here are significantly lower.

24.     *Fifth,* credible surveys of law firm rates show that Relator Counsel's law firms' rates are "in line with" the local legal marketplace.  For example:

- The 2021 Real Rate Report by Wolters Kluwer, excerpts of which are attached hereto as **Exhibit D,** shows that counsel's rates are in line with the local legal marketplace. Specifically, the "High Level Data Cuts" section at page 22 describes the 2021 rates charged by 150 San Francisco partners and 108

associates who practiced "Litigation." For that category, the 2021 litigation hourly rate for the Third Quartile of surveyed attorneys was **$961** per hour for partners. Similarly, the "High Level Data Cuts" section at page 34 of the Report describes the 2021 rates charged by 158 San Francisco partners with "21 or More Years" of experience. For that category, the Third Quartile 2021 partner rate was **$960** per hour. Given counsel's stellar performance here, along with their exceptional expertise and experience, the exceptional results obtained in the face of the difficult obstacles they overcame, and two years of increases in the legal marketplace generally, it is clear that Counsel's rates would rank well above even Third Quartile rates in this legal marketplace.

- The 2018 Peer Monitor Public Rates survey (**Exhibit E**) shows that Relator Counsel's rates are well in line with (or below) the range of hourly rates billed by major Northern California law firms at that time. For example, in December 2018, Gibson Dunn & Crutcher billed a 44-year attorney at $1,475, the same rate Relator now requests in 2023 for Mr. Rosen's work. Kirkland & Ellis billed a 1995 law graduate at $1,455 per hour, significantly more than the $1,200 rate billed for Mr. Thomas's work as a 1993 law graduate. And, in 2018, Gibson Dunn billed a 9-year attorney at $875 per hour, the same rate Relator now requests for a 15-year attorney.

25.    The foregoing facts fully support my opinion that Relator's counsel's hourly rates for their work in this litigation are readily in line with the range of rates charged by and awarded to comparably qualified attorneys for comparable services in the San Francisco Bay Area legal community.

### Counsel's Lodestar Enhancement Is Reasonable.

26.    Relator's Counsel have also asked me to express my expert opinion regarding the lodestar multiplier they have requested. I am familiar with the law governing lodestar multipliers under federal law. See Cal Fee Awards, §§ 10.25 -

10.26, pp. 10-27 – 10-30). As such, I am aware that unlike common fund fee awards or fee awards under California law, lodestar multipliers under federal fee-shifting statutes are "rare". *See Perdue v. Kenny A.,* 559 U.S. 542, 554 (2010). They are not, however, prohibited or non-existent. *See, e.g., Guam Soc'y of Obstetricians & Gynecologists v Ada,* 100 F.3d 691, 697 (9th Cir. 1996) (even after *Dague,* multipliers appropriate when "necessary" to determine reasonable fee); *Espinosa v Ahearn (In re Hyundai & Kia Fuel Econ. Litig.)* 926 F3d 539, 572 (9th Cir. 2019) (en banc) (affirming lodestar multipliers in non-common-fund class action brought under both federal and California law).

27.    Instead, "the district court may enhance the lodestar figure when plaintiff's counsel's 'superior performance and commitment of resources' is 'rare' and 'exceptional' as compared to the run-of-the-mill representation in such cases." *Kelly v. Wrangler*, 822 F.3d 1085, 1103 (9th Cir. 2016), citing *Perdue*, 559 U.S. at 553-54. Moreover, district courts are "in the best position" to determine if a lodestar multiplier is appropriate and accordingly have "considerable discretion" in doing so. *See Espinosa,* 926 F.3d at 571-572 (affirming 1.552 lodestar multiplier under federal law based in part on lead counsel's willingness to take on the risk of challenging defendant's unlawful conduct).

28.    In my view, this lawsuit exemplifies the type of lawsuit in which Counsel's "superior performance and commitment of resources" is 'rare' and 'exceptional' as compared to the run-of-the-mill representation in such cases." Several factors support my view:

29.    *First*, as Relator's Counsel describe in detail, this lawsuit overcame extraordinary obstacles to obtain a $38.5 million settlement. The most daunting obstacle was the Department of Justice's (DOJ) declination to take the case, followed by its concerted opposition to the lawsuit once it was filed, both in this Court and in

the Ninth Circuit. In essence, for what Counsel believe is the first time, Relator's Counsel have beaten the DOJ at its own game. *See* Thomas Decl., ¶¶ 69-131, 138-147.

30.    *Second,* Relator's Counsel 's performance demonstrated extraordinary skill and ability to overcome these obstacles.  In my view, the level of expertise, experience, skill, and tenacity shown here to accomplish such an excellent result would put Relator's Counsel rates at the very high end of the Bay Area market for skilled litigators. In San Francisco, such lawyers bill at and are awarded $1,500 per hour and more. *See* Exhibits B, C, and F. The requested multiplier here would bring Counsel's compensation more in line with this market so such a superior performance and result.

31.    *Third,* the fact that this lawsuit was taken and litigated for seven years on a wholly contingent fee basis makes Counsel's accomplishment even more extraordinary. While contingent risk itself may not justify a lodestar enhancement under federal fee-shifting statutes, the fact that T&S was willing to take the case on a wholly contingent basis despite these uniquely difficult and complex hurdles it presented and then litigate it skillfully and tenaciously over a seven-year period makes their effort even more extraordinary. *See Perdue,* 559 U.S. at 554 (unanticipated delay caused by opponent's tactics may justify enhancement).

32.    *Fourth,* what also makes this case extraordinary is the fact that, unlike private lawsuits, under the False Claims Act, almost $27 million (70.1% of the $38.5 million settlement) will go to benefit the taxpayers, without expense to them (other than that caused by DOJ's unsuccessful efforts to thwart the lawsuit). As the DOJ itself stated in its press release on the settlement:

> "The settlement announced today is a result of the relator's efforts to develop this case in litigation and complements the department's actions to prevent abuse of government programs designed to foster home ownership."

*See* https://www.justice.gov/opa/pr/academy-mortgage-corporation-agrees-pay-385-million-settle-false-claims-act-allegations.  It also will serve the nation by incentivizing other skilled attorneys to take on meritorious cases like *Thrower*, despite their formidable obstacles, even without a fee-paying client. *See Kelly v. Wrangler*, 822 F.3d at 1104 (noting that multiplier would attract competent counsel to enforce the underlying federal statute).

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed on May 30, 2023, at Berkeley, California

Richard M. Pearl

# EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-3143 (facsimile)
rpearl@interx.net (e-mail)

**EDUCATION**

University of California, Berkeley, B.A., Economics (June 1966)
Berkeley School of Law (formerly Boalt Hall), Berkeley, J.D. (June 1969)

**BAR MEMBERSHIP**

Member, State Bar of California (admitted February 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior Courts and Court of Appeals.

**EMPLOYMENT**

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice (AV rating), with emphasis on court-awarded attorney's fees, class actions, and appellate practice. Selected Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, California Court of Appeal, First Appellate District (October 2000 to 2013) (program terminated).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to 2014): Taught *Public Interest Law Practice*, a 2-unit course that focused on the history, strategies, and issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation practice, as described above.

1

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

> Director of Litigation (July 1977 to July 1982)
> Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.

> Regional Counsel (July 1982 to September 1983 part-time)
> Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.

> Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
> Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.

> Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
> Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low-income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

**PUBLICATIONS**

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010) and February 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and March 2023 Supplements

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements

*Best Practices for Litigating a Civil Code Section 1717 Motion for Attorney Fees,* with the Hon. Elizabeth R. Feffer (Ret.), California Litigation (The Journal of the Litigation Section of the California Lawyers Association, Vol. 35, No. 1, 2022)

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

*Wrongful Employment Termination Practice, Second Edition* (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

*California Attorney's Fees Award Practice* (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees for numerous trainings, including for California Continuing Education of the Bar, the California Employment Lawyers Association, the California Lawyers Association, the California Department of Fair Housing and Employment, the Environmental Law, Labor Law, and Appellate Sections of the California State Bar, the California Academy of Appellate Lawyers, and many others.

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases* (September 1985) Los Angeles Lawyer

Program Materials on Remedies Training (Class Actions), sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

**PUBLIC SERVICE**

Member, Attorneys' Fee Task Force, California State Bar

Member, Board of Directors, California Rural Legal Assistance Foundation

Former Member, Border of Directors, Meals on Wheels of San Francisco

**RECOGNITION**

"AV" Rating -- Martindale Hubbell

Northern California "Super Lawyer" in Appellate Law: 2005 – 2008; 2010 -2023.

**REPRESENTATIVE CASES**

*ACLU of N. Cal. v. DEA*
     (N.D. Cal. 2012) 2012 U.S.Dist.LEXIS 190389

*Alcoser v. Thomas*
     (2011) 2011 Cal.App.Unpub.LEXIS 1180

*Arias v. Raimondo*
     (2018) 2018 U.S.App.LEXIS 7484

*Boren v. California Department of Employment*
     (1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
     (9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
     (9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
     (1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
     (2010) 185 Cal.App.4th 866

*Children & Families Commission of Fresno v. Brown*
     (2014) 228 Cal.App.4th 45

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
     (1991) 229 Cal.App.3d 633

**REPRESENTATIVE CASES (cont.)**

*David C. v. Leavitt*
          (D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
          (1999) 10 Cal.4th 23

*Dixon v. City of Oakland*
          (2014) 2014 U.S.Dist.LEXIS 169688

*Employment Development Dept. v. Superior Court (Boren)*
          (1981) 30 Cal.3d 256

*Environmental Protection Info. Ctr. v Department of Forestry & Fire Protection*
          (2010) 190 Cal.App.4th 217

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
          (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
          (2001) 26 Cal. 4th 572

*Graham v. DaimlerChrysler Corp.*
          (2004) 34 Cal. 4th 553

*Guerrero v. Cal. Dept. of Corrections etc.*
          (2016) 2016 U.S.Dist.LEXIS 78796, *aff'd in relevant part,* (9th Cir. 2017) 701
          Fed.Appx. 613

*Heron Bay Home Owners Assn. v. City of San Leandro*
          (2018) 19 Cal.App.5th 376

*Horsford v. Board of Trustees of Univ. of Calif.*
          (2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
          (2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
          (1978) 78 Cal.App.3d 951, *cert. denied* (1979)
          440 U.S. 951

*Lealao v. Beneficial  California, Inc.*
          (2000) 82 Cal.App.4th 19

**REPRESENTATIVE CASES (cont.)**

*Lewis v. California Unemployment Insurance Appeals Board*
        (1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
        (N.D. Cal. 1984) 580 F.Supp. 714,
        *aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
        (9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
        (1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
        (N.D. Cal. 1976) 411 F.Supp. 5,
        *aff'd* (9th Cir. 1977) 573 F.2d 555

*McQueen, Conservatorship of*
        (2014) 59 Cal.4th 602 (argued for *amici curiae*)

*McSomebodies v. Burlingame Elementary School Dist.*
        (9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
        (9th Cir. 1990) 897 F.2d 975

*Molina v. Lexmark International*
        (2013) 2013 Cal.App. Unpub. LEXIS 6684

*Moore v. Bank of America*
        (9th Cir. 2007) 2007 U.S. App. LEXIS 19597

*Moore v. Bank of America*
        (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
        (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
        5 Wage & Hour Cas. 2d (BNA) 1122

*Nadaf-Rahrov v. Nieman Marcus Group*
        (2014) 2014 Cal.App. Unpub. LEXIS 6975

**REPRESENTATIVE CASES (cont.)**

*Orr v. Brame*
(9th Cir. 2018) 727 Fed.Appx. 265, 2018 U.S.App.LEXIS 6094

*Orr v. Brame*
(9th Cir. 2019) 793 Fed.Appx. 485

*Pena v. Superior Court of Kern County*
(1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
(E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
(N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd on merits (fees not appealed)* 269 F.3d 1066 (9th Cir. 2020)

*Robles v. Employment Dev. Dept.*
(2019) 38 Cal.App.5th 191

*Rubio v. Superior Court*
(1979) 24 Cal.3d 93 (amicus)

*Ruelas v. Harper*
(2015) 2015 Cal.App. Unpub.LEXIS 7922

*Sokolow v. County of San Mateo*
(1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
(1976) 17 Cal.3d 719 (amicus)

*Swan v. Tesconi*
(2015) 2015 Cal.App. Unpub. LEXIS 3891

*Tongol v. Usery*
(9th Cir. 1979) 601 F.2d 1091,
*on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
*revs'd* (9th Cir. 1985) 762 F.2d 727

**REPRESENTATIVE CASES (cont.)**

*Tripp v. Swoap*
       (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
       (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part*
       *and revs'd in part sub nom Davis v. City and County*
       *of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
       *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
       (S.D.Cal. 1998) 18 F.Supp.2d 1090

*Vasquez v. State of California*
       (2008) 45 Cal.4th 243 (*amicus*)

*Velez v. Wynne*
       (9th Cir. 2007) 2007 U.S. App. LEXIS 2194

**MARCH 2023**

# EXHIBIT B

## EXHIBIT B

## RATES FOUND REASONABLE IN SAN FRANCISCO BAY AREA CASES

### 2023 Rates

- In *Prison Legal News v. Ryan,* United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the Appellate Commissioner found the following hourly rates reasonable for the Plaintiff-Appellee's appellate work:

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,350 |
| | Partner | 2006 | $850 |
| | Associate | 2016 | $575 |
| | Paralegal | NA | $400 |

### 2022 Rates

- In *Bronshteyn v. State of California*, Los Angeles County Superior Ct. No. 19SMCV00057, Order Granting Plaintiff's Motion for Statutory Attorneys' Fees and Costs filed March 30, 2023, an individual FEHA action brought by two Bay Area law firms (Levy, Vinick, Burrell & Hyams LLP and Law Offices of Wendy Musell, the court found the following 2022 hourly rates reasonable (before applying a 1.75 lodestar multiplier for work up to and through the verdict):

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| **Levy, Vinick, Burrell & Hyams LLP** | | | |
| | Co-Lead at trial | 1989 | $1,100 |
| | Attorney | 1982 | $1,000 |

1

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| | Attorney | 1987 | $1,000 |
| | Attorney | 1995 | $1,000 |
| | Law Student | NA | $300 |
| | Paralegal/Legal Assistant | NA | $225 |
| **Law Offices of Wendy Musell** | | | |
| | Overall Lead and Co-Lead at trial | 1999 | $1,000 |
| | Senior Associate | 2000 | $850 |
| | Associate | 2021 | $425 |
| | Law Clerks | NA | $350 |
| | Paralegal | NA | $225 |

- In *Roe v. SFBSC Mgmt.,, LLC,* 2022 U.S.Dist.LEXIS 215122 (N.D. Cal. November 29, 2022), a wage and hour class action, as part of the lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiffs' law firm were reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **The Tidrick Law Firm** | | | |
| | Partner | 21 | $973 |
| | Partner | 17 | $873 |
| | Paralegals | NA | $180 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

2

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Alioto Law Firm** | | | |
| | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | | | |
| | Ronald D. Foreman | 48 | $1,050 |

## 2021 Rates

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found that the following hourly rates billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Cooley LLP** | | | |
| | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, the court found the following hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |
| | Paralegals | | $250-390 |

- In *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Oder on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,250 |
| | Partner | 1997 | $875 |
| | Senior Counsel | 2010 | $600 |
| | Associate | 2018 | $350 |
| | Summer Associates | NA | $300 |
| | Paralegals | NA | $240-$275 |

**2020 Rates**

- In *UFCW & Employers Benefit Trust et al v. Sutter Health, et al,* San Francisco County Superior Court, Case No. CGC-14-538451, consolidated with Case No. CGC-18-565398, Order re Plaintiffs' Counsel's Joint Motion for Attorneys' Fees, Costs, and Service Award, filed August 27, 2021, the court found the following rates reasonable as part of its lodestar-cross check:

**Pillsbury & Coleman**

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Of Counsel | 1979 | $960 |
| Partner | 1976 | $675 |
| Associate | 2010 | $475 |
| Paralegal | N/A | $225 |

**Farella Braun + Martel**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 2003 | $785 |
| | 1994 | $895 |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1985 | $935 |
| | 1982 | $925 |
| | 1991 | $795 |
| Associates | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2018 | $515 |
| | 2017 | $460 |
| Paralegals | NA | $355-$190 |
| Litigation Support | NA | $325-$285 |

**McCracken, Stemerman & Holsberry LLP**

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Partners | 1975 | $850 |
| | 1983 | $850 |
| | 1990 | $800 |
| | 2008 | $750 |
| Associates | 2011 | $575 |

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Associates | 2012 | $575 |
| | 2014 | $575 |
| | 2014 | $575 |
| | 2017 | $400 |
| | 2018 | $400 |
| | 2019 | $400 |

**Kellogg, Hansen, Todd, Figel & Frederick PLLC**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 1995 | $1,095 |
| | 2005 | $890 |
| | 2011 | $890 |
| | 1997 | $890 |
| Of Counsel | 1988 | $835 |
| Associates | 2014 | $805 |
| | 2015 | $750 |
| | 2017 | $690 |
| | 2017 | $690 |
| | 2016 | $635 |
| | 2018 | $535 |
| Staff Attorneys | 2007 | $460 |
| | 2000 | $460 |
| | 1997 | $460 |
| | 2002 | $460 |
| | 1998 | $400 |
| | 1977 | $400 |
| | 1999 | $460 |
| | 1991 | $460 |
| | 2012 | $400 |
| Paralegal Director | N/A | $430 |
| Paralegals | N/A | $430-$275 |
| Summer Associates | N/A | $185 |
| Research Manager | N/A | $260 |

| Title | Bar Admission | Rate |
|---|---|---|
| Research Analyst | N/A | $160 |
| IT Director | N/A | $200 |
| Litigation Support | N/A | $145 |
| Trial Coordinator | N/A | $115 |

**Cohen Milstein Sellers & Toll PLLC**

| Title | Law School Graduation Year | Hourly Rate 2020* |
|---|---|---|
| Partners | 1975 | $975 |
| | 1983 | $995 |
| | 1986 | $975 |
| | 2005 | $720 |
| | 2007 | $680 |
| Of Counsel | 2003 | $725 |
| Associates | 2009 | $650 |
| | 2014 | $535 |
| Discovery Counsel | 2002 | $550 |
| Staff Attorneys | 1993 | $445 |
| | 2002 | $430 |
| | 2005 | $415 |
| | 2006 | $415 |
| Investigator | N/A | $515 |
| Paralegals | N/A | $325-$310 |

- In *Human Rights Defense Center v. County of Napa*, a prisoner rights action, the court found that Plaintiffs' counsel's 2020 hourly rates were reasonable, "plac[ing] significant weight on the opinion of Mr. Pearl . . . [who] has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in etermining reasonable billing rates."  Order Granting In Part And Denying In Part Motion For Attorneys' Fees, Costs And Expenses at 18, Doc. 50, No. 20-cv-01296 (N.D. Cal. March 28, 2021).

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|------------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,110 |
| | Partner | 1981 | $950 |
| | Senior Counsel | 2009 | $625 |
| | Senior Paralegal | NA | $350 |

- In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020), a RICO action challenging the defendants' invasive tactics, the court found that Plaintiffs' counsel's 2020 hourly rates were "reasonable given the scope and complexity of this case, as well as in light of rates approved in this District for partners, associates, and paralegals for similarly experienced counsel and staff at similar firms." *Id.* at *3, *3 n.4.

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| Arnold & Porter Kaye Scholer LLP | | | |
| | Partner | 1974 | $1,280 |
| | Partner | 1993 | $1,150 |
| | Partner | 1990 | $1,085 |
| | Partner | 2005 | $1,015 |
| | Partner | 2002 | $925 |
| | Senior Associate | 2005 | $910 |
| | Senior Associate | 2012 | $910 |
| | Senior Associate | 2015 | $815 |
| | Associate | 2018 | $675 |
| | Staff Attorney | 2008 | $545 |
| | Paralegal | NA | $405 |
| | Paralegal | NA | $390 |
| Planned Parenthood | | | |

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
|  | General Counsel | 1982 | $1,115 |
|  | Sr. Staff Attorney | 2012 | $910 |

- In *Schneider v. Chipotle Mexican Grill*, a consumer class action, the court found that counsel for the putative class's 2020 hourly rates were "on the high end, although in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. 2020).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Kobre & Kim** |  |  |  |
|  | Partner | 1993 | $1,275 |
|  | Partner | 1987 | $1,275 |
|  | Partner | 1997 | $995 |
|  | Associate | 2011 | $695 |
|  | Analyst | NA | $495 |
|  | Legal Assistant | NA | $195 |
|  | Legal Assistant | NA | $195 |

- In *California Advocates for Nursing Home Reform v. Angell,* Alameda County Superior Court No. RG13700100, Order Awarding Attorneys' Fees filed October 2, 2020, a writ of mandate challenging unconsented to mental health treatment, the court found that a reasonable hourly rate for the plaintiffs' lead counsel, a 47 year attorney, was **$875** per hour (to which it also applied a 1.75 multiplier).

- In *Lashbrook v. City of San Jose,* N.D. Cal. Case No. 20-cv-01236-NC, a disability access class action, the court found the following hourly rates reasonable:

9

| Bar Admission Year | Rate |
|:---:|:---:|
| 1987 | $945 |
| 1992 | $895 |
| 2006 | $750 |
| 2017 | $415 |
| Senior Paralegal | $325 |
| Paralegals | $265-285 |

- In *Stiavetti v. Ahlin,* Alameda County Superior Court No. RG15-779731, Order Granting in Part Motion for Attorneys' Fees filed May 1, 2020, a challenge to state agencies for subjecting persons found incompetent to stand trial to excessively long waits before being admitted to state hospitals, the court found the following 2020 hourly rates reasonable for Plaintiffs' ACLU attorneys:

| Graduation Year | Rate |
|:---:|:---:|
| 1994 | $850 |
| 1996 | $775 |
| 1999 | $745 |
| 2004 | $650 |
| 2009 | $490 |
| 2014 | $325 |

- In *Lee One, LLC v. Facebook, Inc.*, N.D. Cal. No. 4:16-cv-06232-JSW, Order and Judgment Granting Motion for Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards, filed June 26, 2020 [Doc. 211], a class action challenging Facebook's systems for justifying the rates charged advertisers, the court approved a fee constituting 30% of the $40 million settlement fund, and in cross-checking that fee, found the

10

following 2019 hourly rates reasonable (plus a 1.68 lodestar multiplier):

| Law Firm | Title | Bar Date | Rate |
|---|---|---|---|
| **Cohen Millstein Sellers & Toll** | | | |
| | Partners | 1983 | $940 |
| | | 2000 | $790 |
| | | 2004 | $740 |
| | Associates | 2012 | $545 |
| | | 2014 | $505 |
| | Staff Attorney | 2012 | $395 |
| | Contract Attorney | 2003 | $385 |
| | Law Clerk | 2019 | $290 |
| | Contract Attorneys | 2014 | $250 |
| | | 2017 | $250 |
| **Gibbs Law Group** | | | |
| | Partners | 1995 | $910 |
| | | 2000 | $750 |
| | | 2003 | $720 |
| | | 2007 | $710 |
| | Associates | 2014 | $460 |
| | | 2016 | $430 |
| **Eglet Adams** | | | |
| | Partners | 1988 | $870 |

|  |  | 1998 | $800 |
|---|---|---|---|
|  |  | 1999 | $690 |
|  |  | 1999 | $650 |
|  | Associate | 2011 | $450 |
|  | Contract Attorney | 1998 | $200 |
|  | Investigator | -- | $490 |
|  | Paralegals | -- | $300-315 |

- In *Perez v. Rash Curtis & Associates*, N.D. Cal. No. 4:16-cv-03396-YGR, Order, *inter alia*, Granting in Part and Denying in Part Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed April 17, 2020 [Doc. 427], a consumer protection action under both federal and state law resulting in a $267 million judgment, the court awarded counsel a percentage-based common fund fee of 25% of the fund, cross-checked against a lodestar-based fee comprised of a $634.48 blended rate, and a lodestar multiplier ranging from 13.42 to 18.15 depending on the number of hours eventually spent. The 2020 hourly rates from which the blended rate was derived were as follows:

| Admission to Bar | Rate |
|---|---|
| **PARTNERS**: |  |
| 1997 | $1,000 |
| 2002 | $850 |
| 2006 | $750 |
| 2009 | $650 |
| 2013 | $550 |
| **ASSOCIATES:** |  |
| 2010 | $550 |
| 2013 | $525 |
| 2016 | $400 |

| Admission to Bar | Rate |
| --- | --- |
| 2017 | $375 |
| 2019 | $325 |
| Law Clerk | $300 |
| Senior Litigation Support Spclist. | $275-300 |
| Litig. Support Spclist. | $200-250 |

- In *In re Wells Fargo & Company Shareholder Derivative Litigation*, N.D. Cal. No. 16-cv-05541-JST, Order Granting Motion for Final Approval and Motion for Attorneys' Fees, filed April 7, 2020 [Doc. 312], a shareholder derivative class action, the court found the following 2020 hourly rates reasonable:

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
| --- | --- | --- |
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |
| | 2012 | $480-510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |

- In *Moen v. Regents of Univ. of California,* Alameda County Superior Court No. RG10-530493, Order (1) Granting Final Approval of Class Settlement and (2) Granting Motion for Award of Fees and Costs,

13

filed April 10, 2020, a class action to enforce contractual health care rights, the court approved the following hourly rates as reasonable (indicating in addition that a 1.5 multiplier would have been applied but for the parties' agreed ceiling):

| LAW FIRM | LAW SCHOOL GRADUATION | RATE |
|---|---|---|
| **Law Offices of Dov Grunschlag** | 1966 | $975 |
| **Sinclair Law Office** | 1976 | $875 |
| **Calvo Fisher LLP** | 1976 | $875 |
| | 1990 | $775 |
| | 2000 | $650 |
| | 2004 | $625 |
| | Senior Paralegal | $300 |
| | Paralegal | $225 |

**2019 Rates**

- In *In re National Collegiate Athletic Assn. Athletic Grant-In-Aid Antitrust Litigation*, an antitrust class action, the court found the following 2019 "hourly rates are reasonable." *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Attorneys' Fees, Expenses, Service Awards, and Taxed Costs, Doc. 1259, at 4, No. 14-md-02541 (N.D. Cal. Dec. 6, 2019).

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| **Winston & Strawn LLP** | | | |
| | Partner | 1978 | $1,515 |
| | Partner | 1985 | $1,245 |
| | Partner | 2002 | $1,105 |
| | Partner | 1996 | $1,025 |
| | Associate | 2012 | $825 |

14

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
|      | Associate | 2016 | $660 |
|      | Associate | 2017 | $615 |

- In an earlier decision in the same case, the court also found the following 2017 hourly rates were "in line with market rates in this District." *See id.* at Doc. 745 (N.D. Cal. Dec. 6, 2017).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Hagens Berman Sobol Shapiro LLP** | | | |
|      | Partner | 1982 | $950 |
|      | Associate | 1999 | $630 |
|      | Associate | 2014 | $475 |
|      | Contract Attorney | 2013 | $350 |
|      | Contract Attorney | 2006 | $300 |
| **Pearson, Simon & Warshaw LLP** | | | |
|      | Partner | 1983 | $1,035 |
|      | Partner | 1981 | $1,035 |
|      | Of Counsel | 2001 | $900 |
|      | Associate | 2006 | $635 |
|      | Associate | 2008 | $520 |

- In *Nevarez v. Forty Niners* , N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416], a disability-access class action involving Levi's Stadium,  the court found the following 2019  hourly rates reasonable:

| Schneider Wallace Cottrell Konecky LLP: | Law School Grad. | Rate |
|------|------|------|
|      | 1993 | $925 |

15

|  | 1977 | $875 |
|---|---|---|
|  | 1997 | $840 |
|  | 2015 | $680 |
|  | 2014 | $625-$680 |
|  | 2007 | $625 |
|  | 2017 | $575 |
|  | 2009 | $725 |
|  | Paralegal | $300 |
| **Goldstein Borgen Dardarian & Ho** |  |  |
|  | 1987 | $925 |
|  | 2006 | $710 |
|  | 2015 | $450 |
|  | 2008 | $595 |
|  | 2013 | $475 |
|  | 2017 | $400 |
|  | Law Student | $300 |
|  | Sr. Paralegals | $325 |
|  | Paralegals | $275-295 |

- In *Bartoni et al v. American Medical Response West*, Alameda County Superior Court No. RG08-382130, a meal and rest break class action involving Schneider Wallace and other counsel, the court's Order Granting Plaintiffs' Motions on Final Approval of Class Settlement filed July 12, 2019, the court found the following 2019 hourly rates reasonable, based in part on my testimony:

| LAW FIRM | BAR ADMISSION DATE | RATE | BILLING YEAR* |
|---|---|---|---|
| **Leonard Carder / Hinton Alfert Sumner & Kaufmann** |  |  |  |
|  | 1990 | $860 |  |
|  | 1999 | $710 |  |
|  | 2008 | $445 | 6th year (2014) |
|  | 2013 | $445 |  |
| **Schneider Wallace Cottrell Konecky Wotkyns** |  |  |  |
|  | 1996 | $835 |  |
|  | 2009 | $525 |  |
|  | 2014 | $450 |  |
|  | 1997 | $675 | 15th year (partner) |

16

|  |  |  | (2012) |
|---|---|---|---|
|  | 2004 | $475 | 5th year (2009) |
|  | 2005 | $450 | 4th year (2008) |
|  | 2006 | $425 | 3rd year (2009) |
|  | 2007 | $400 | 2nd year (2009) |
|  | 2003 | $525 | 10th year (2013) |
|  | 2014 | $350 | 1st year (2014) |
| **Kralowec Law, P.C.** |  |  |  |
|  | 1992 | $810 |  |
|  | 1986 | $795 |  |
|  | 2008 | $500 | 6th year (2014) |
|  | 2008 | $525 | 7th year (2016) |
| **Schubert Jonckheer & Kolbe LLP** |  |  |  |
|  | 1992 | $600 | 18th year (2010) (2010) |
| ***Parentheticals indicate billers' experience levels and year when they last worked on the case.** |  |  |  |

- In *National Federation of the Blind of California v. Uber Technologies, Inc.*, N.D. Cal. No. 14-cv-04086 NC Amended Order Granting in Part Plaintiffs' Motion for Attorneys' Fees and Costs, filed November 8, 2019 (Dkt. No. 203), a class action against Uber alleging that it violated federal antidiscrimination laws by allowing its drivers to refuse to accept service dogs, the court found the following 2019 hourly rates reasonable for monitoring Uber's compliance with the settlement:

| **Rosen Bien Galvan & Grunfeld LLP Class** | **Rate** |
|---|---|

| 1997 | $800 |
| 2011 | $525 |
| 2016 | $400 |
| Senior Paralegal | $350 |
| Paralegals | $250-275 |

| **Disability Rights Advocates** | **Rate** |
| 1998 | $785 |
| 2014 | $470 |
| 2014 | $425 |
| Paralegals | $230-275 |

- In *Shaw et al v. AMN Service, LLC et al*, N.D. Cal. No. 3:16-cv-02816 JCS, Order Granting Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, filed May 31, 2019 [Doc. 167], a wage and hour class action, based in part on my testimony the court found the following 2019 hourly rates reasonable, before applying a 2.4 lodestar multiplier:

| **BAR ADMISSION DATE** | **RATE** |
| 1996 | $835 |
| 2009 | $750 |
| 2014 | $675 |
| 1996 (Florida) | $600 |
| 2016 | $400 |
| 2017 | $380 |

## 2018 Rates

- In *Department of Fair Employment and Housing v. Law School Admission Council, Inc.*, N.D. Cal. No. 12-cv-08130-JCS, filed Nov. 5, 2018, reported at 2018 WL 5791869, 2018 U.S.Dist.LEXIS 189191, an action for civil contempt based on violation of a consent decree, the court found the following 2018 hourly rates reasonable:

| **Years of Experience** | **Rate** |
| 35 | $850 |
| 5 and 6 | $425 |

18

Law Clerk and 1st year    $290

- In *Cornell v. City & County of San Francisco*, San Francisco Superior Court No. CGC-11-509240, Fee Order filed Oct. 9, 2018 (on remand from *Cornell v. City & County of San Francisco* (2017) 17 Cal.App.5th 766), an individual police misconduct/employment case, the trial court found the following 2018 hourly rates reasonable for appellate work, before applying a 1.25 multiplier:

| Years of Experience: | Rates: |
|---|---|
| 49 | $827 |
| 27 | $800 |
| 23 | $800 |
| 9 | $475 |
| 6 | $425 |

- In *Cole v. County of Santa Clara*, N.D. Cal. No. 16-CV-06594-LHK, Order Granting Final Approval of Class Settlement and Motion for Attorneys' Fees, filed March 21, 2019, a disability rights class action, the court found the following 2018 hourly rates reasonable:

| Bar Admission Date | Rate |
|---|---|
| **Rosen, Bien, Galvan & Grunfeld LLP** | |
| 2006 | $650 |
| 2010 | $525 |
| 2016 | $375 |
| Paralegals | $225-340 |
| **Disability Rights Advocates** | |
| 1998 | $775 |
| 2005 | $655 |
| 2014 | $425 |
| Paralegals | $230 |

- In *In re Anthem, Inc. Data Breach Litigation*, the court found the following 2017 billing rates were "reasonable in light of prevailing market rates in this district." *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617, 2018 WL 3960068, at *16 (N.D. Cal. Aug. 17, 2018).

19

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Altshuler Berzon** | | | |
| | Partner | 1992 | $860 |
| | Partner | 1994 | $820 |
| | Partner | 1998 | $770 |
| | Partner | 2001 | $690 |
| | Associate | 2010 | $460 |
| | Associate | 2012 | $405 |
| | Legal Clerks | NA | $285 |
| | Paralegals | NA | $250 |
| **Gibbs Law Group** | | | |
| | Partner | 1995 | $805 |
| | Partner | 1988 | $740 |
| | Partner | 2000 | $685 |
| | Partner | 2003 | $660 |
| | Partner | 2004 | $635 |
| | Partner | 2007 | $605 |
| | Partner | 2008 | $575 |
| | Associate | 2011 | $525 |
| | Associate | 2012 | $450 |
| | Associate | 2014 | $415 |
| | Associate | 2012 | $400 |
| | Associate | 2000 | $395 |
| | Associate | 2008 | $375 |
| | Associate | 2015 | $365 |
| | Associate | 2015 | $350 |
| | Associate | 2016 | $340 |

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| | Contract Attorney | 2014 | $240 |
| | Paralegals | | $190-$220 |
| **Lieff Cabraser Heimann & Bernstein** | | | |
| | Partner | 1989 | $900 |
| | Partner | 2001 | $675 |
| | Partner | 2002 | $650 |
| | Partner | 2004 | $625 |
| | Partner | 2006 | $565 |
| | Partner | 2006 | $510 |
| | Associate | 2011 | $455 |
| | Associate | 2015 | $370 |
| | Contract Attorneys | 1994-2017 | $240 |
| | Paralegals | NA | $350-$360 |
| **Finkelstein Thompson LLP** | | | |
| | Partner | 1993 | $850 |
| | Partner | 2000 | $600 |
| | Of Counsel | 2005 | $475 |
| | Of Counsel | 1997 | $850 |
| | Associate | 2013 | $300 |

- In *Kaku v. City of Santa Clara,* Santa Clara Superior Court No. 17CV319862, Fee Order filed January 22, 2019, reported at 2019 WL 331053 (Cal.Super. 2019), a voting rights action under the California Voting Rights Act, the court found the following 2018 hourly rates reasonable, before applying a 1.4 multiplier:

21

**Goldstein, Borgen, Dardarian & Ho**

| Graduation Year | Rates |
| --- | --- |
| 1970 | $875 |
| 1994 | $860 |
| 2013 | $450 |
| 2015 | $405 |
| 2016 | $375 |
| Law Clerk | $295 |
| Statistician & Senior Paralegal | $300 |
| Paralegal | $250 |

**Law Office of Robert Rubin**

| Graduation Year | Rates |
| --- | --- |
| 1978 | $975 |
| 2013 | $615 |

**Asian Law Alliance**

| Graduation Year | Rates |
| --- | --- |
| 1978 | $550 |
| 2009 | $375 |

**(4)   2017 Rates.**

- In *Max Sound Corp. v. Google Inc.*, N.D. Cal. No. 14-cv-04412-EJD, Order Granting in Part and Denying in Part Defendants' Motion for Attorneys' Fees, filed October 11, 2017 (Dkt. No. 198), a patent infringement action awarding fees for defending a frivolous action pursuant to, *inter alia,* 35 U.S.C. § 285 and 28 U.S.C. § 1927, the court found the following hourly rates reasonable:

| Bar Admission | Rates |
| --- | --- |
| 2000 | $650-950 |
| 1995 | $905 |
| 2014 | $520-715 |
| 2007 | $504-608 |
| 2012 | $335-575 |

22

- In *May v. San Mateo County,* N.D. Cal. No. 3:16-cv-00252-LB, Stipulation and Order re Settlement filed Nov. 10, 2017 [Doc. No. 218], an individual police misconduct action, the court found the following hourly rates reasonable:

  | Years of Experience | Rates |
  | --- | --- |
  | 26 | $775 |
  | 22 | $775 |
  | 10 | $475 |
  | 5 | $425 |
  | 48 | $825 |
  | Paralegal | $240 |

- In *Hoeper v. City & County of San Francisco*, No. CGC-15-543553, Order After Hearing Granting in Part and Denying in Part Plaintiff Joanne Hoeper's Motion for Attorney Fees, filed July 12, 2017, an individual whistleblower case under Government Code section 12653(b), the court found the following 2017 hourly rates reasonable, before applying a 1.35 lodestar multiplier:

  | Bar | Rates |
  | --- | --- |
  | 1982 | $850-750 |
  | 1979 | $750 |
  | 2003 | $550 |
  | Associate | $350 |
  | Paralegal | $150-160 |

- In *Ridgeway v. Wal-Mart Stores, Inc.* (N.D. Cal. 2017) 269 F. Supp. 3d 975, a wage and hour class action, the court issued a statutory fee award against Wal-Mart based on the following 2017 rates (plus a 2.0 multiplier), to partially offset a 25% common fund fee award payable by the class:

  | Years of Experience | Rates |
  | --- | --- |
  | 46 | $900 |
  | 40 | $890 |
  | 38 | $870 |
  | 36 | $850 |
  | 34 | $830 |

23

| | |
|---|---|
| 20 | $730 |
| 37 (Senior | $700 |
| 29 (Senior | $670 |
| 19 (Senior | $610 |
| 11 | $500 |
| 7 | $450-500 |
| 6 | $425 |
| 3 | $355 |
| 4 | $330 |
| 1 | $300 |
| Senior Paralegal | $225 |
| Paralegal | $195 |
| Law Clerk | $225 |

- In *Huynh v. Hous. Auth. Of Santa Clara,* 2017 U.S.Dist.LEXIS 39138 (N.D. Cal. 2017), a tenant class action challenging the Housing Authority's policy regarding the accommodation of households with disabled family members, the court found the following 2017 hourly rates reasonable:

**Law Foundation of Silicon Valley**

| Graduation Year | Rates |
|---|---|
| 1990 | $800 |
| 2001 | $660 |
| 2004 | $635 |
| 2007 | $545 |
| 2008 | $545 |
| 2010 | $415 |
| 2014 | $325 |
| 2015 | $325 |

**Fish & Richardson PC**

| Graduation Year | Rates |
|---|---|
| 1996 | $862.07 |
| 2002 | $700 |
| 2005 | $676.75 |
| 2011 | $530 |

24

**Fish & Richardson PC**

| Graduation Year | Rates |
|---|---|
| 2007 | $475 |
| 2014 | $362.54 |
| 2015 | $329.09 |
| 2016 | $330.11 |
| Paralegal | $236-275 |

- In *Armstrong v. Brown*, N.D. Cal. No. 4:94-cv-02307-CW, Stipulated Order Confirming Undisputed Attorneys' Fees and Costs for the Third Quarter of 2017, filed December 19, 2017 (Dkt. No. 2708), a prisoners' rights class action, the court approved the following 2017 hourly rates for monitoring the injunction in that matter:

| Years of Experience | Rates |
|---|---|
| 37 | $950 |
| 33 | $825 |
| 20 | $780 |
| 24 (Of Counsel) | $700 |
| 12 (Partner) | $650 |
| 9 (Associate) | $490 |
| 8 | $480 |
| 7 | $470 |
| 6 | $440 |
| Paralegal | $240-325 |

- In *Cotter et al. v. Lyft, Inc.*, N.D. Cal. No. 13-cv-04065- VC, Order Granting Final Approval of Settlement Agreement, filed March 16, 2017 (Dkt. No. 310), a class action against Lyft alleging Lyft underpaid its drivers by classifying them as independent contractors, the court approved the percentage-based fee award requested by plaintiffs based on the following 2017 hourly rates, plus a 3.18 multiplier:

| Graduation Year | Rates |
|---|---|
| 1996 | $800 |
| 2010 | $500 |
| 2014 | $325 |

| Graduation Year | Rates |
| --- | --- |
| Paralegal | $200 |

- In *Dropbox, Inc. v. Thru, Inc.*, 2017 U.S. Dist. LEXIS 33325 (N.D. Cal.), a trademark action, the court found reasonable "rates ranging from $275/hr for a paralegal to $900 for a senior partner" and "rates of $365/hr and $420/hr" for mid-level associates.

# EXHIBIT C

**Exhibit C**

**Rates Charged by San Francisco Bay Area Law Firms**

| *Akin Gump Strauss Hauer & Feld LLP* | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 2001 | $1,115 |
| | 1986 | $1,175-1,345 |
| | 2007 | $965 |
| | 2019 | $535-$625 |
| | | |
| *Alioto Law Firm* | | |
| **2022 Rate** | **Years of Experience** | **Rate** |
| | 53 | $1,500 |
| | | |
| *Altshuler Berzon LLP* | | |
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 1983 | $1.225 |
| | 1989 | $1,125 |
| | 2008 | $950 |
| | 2010 | $875 |
| | 2019 | $625 |
| 2021 Rates | **Graduation Year** | **Rate** |
| | 1977 | $1,150 |
| **2018 Rates** | **Graduation Year** | **Rate** |
| | 1968-1983 | $940 |
| | 1985 | $920 |
| | 1989 | $900 |
| | 1991 | $885 |
| | 1992 | $875 |
| | 1994 | $835 |
| | 1998 | $795 |

1

| | | |
|---|---|---|
| | 2000 | $740 |
| | 2001 | $725 |
| | 2008 | $540 |
| | 2009 | $515 |
| | 2010 | $485 |
| | 2012 | $435 |
| | 2013 | $415 |
| | 2014 | $390 |
| | 2015 | $365 |
| | Law Clerks | $285 |
| | Paralegals | $250 |
| **2017 Rates** | **Years of Experience/Level** | **Rates** |
| | Senior Partners | $930 |
| | Junior Partners (1991-2001) | $875-690 |
| | Associates (2008-2013) | $510-365 |
| | Paralegals | $250 |
| *Arnold Porter LLP* | | |
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $750-$1,150 |
| | Senior Counsel | $910-$1,280 |
| | Associates | $545-$910 |
| | Paralegals | $390-$405 |
| *Boies Schiller & Flexner LLP* | | |
| **2017 Rates** | **Bar Admittance or Law School Graduation** | **Rates** |
| | 1986 | $1,049 |
| | 2006 | $972 |
| | 1999-2000 | $830 |
| | 2004 | $760 |
| | 2006 | $680 |
| | 2007 | $714 |

2

| | 2009 | $800 |
|---|---|---|
| **_Burson & Fisher_** | | |
| **2020 Rates:** | **Bar Admission Year** | **Rate** |
| | **PARTNERS:** | |
| | 1997 | $1,000 |
| | 2002 | $850 |
| | 2006 | $750 |
| | 2009 | $650 |
| | 2013 | $550 |
| | **ASSOCIATES:** | |
| | 2010 | $550 |
| | 2013 | $525 |
| | 2016 | $400 |
| | 2017 | $375 |
| | 2019 | $325 |
| | Law Clerk | $300 |
| | Senior Litigation Support Specialist | $275-300 |
| | Litigation Support Specialist | $200-250 |
| **_Cooley LLP_** | | |
| **2021 Rates** | **Years of Experience** | **Rates** |
| | 27 (Partner) | $1,275 |
| | 27 (Special Counsel) | $1,090 |
| **_Cotchett, Pitre, & McCarthy, LLP_** | | |
| **2019 Rates** | **Year of Cal Bar Admission** | **Rates** |
| | 1965 | $950 |
| | 1992 | $925 |
| | 1994 | $850 |
| | 2006 | $750 |
| | Senior Associate | $600 |

|  | Associates | $375-425 |
|---|---|---|
|  | Paralegals, Case Assistants, Law Clerks | $225-325 |

| *Farella Braun + Martel* | Bar Admission | Rates |
|---|---|---|
| **2020 Rates** | | |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1982 | $925 |
| | 1985 | $935 |
| | 1991 | $795 |
| | 1994 | $895 |
| | 2003 | $785 |
| | 2011 (Assoc./Partner) | $710 |
| | **Associates** | |
| | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2017 | $460 |
| | 2018 | $515 |
| | Paralegals | $285-355 |
| | Case Clerk | $190 |
| | Practice Support Supervisor | $325 |
| | Practice Support Proj. Mgr. | $285 |
| *Feinberg, Jackson, Worthman & Wasow LLP* | | |
| **2023 Rates** | **Year of Bar Admission** | **Rate** |
| | 1988 | $1,050 |
| | 2004 | $1,050 |
| | 2006 | $900 |
| | 2010 | $800 |
| | 2020 (Fellows) | $350 |
| | Law Clerk | $275 |
| | Legal Assistant | $275 |
| *Fenwick & West* | | |

| 2021 Rates | Cal. Bar Admission | Rates |
|---|---|---|
| | 1995 | $1,040 |
| | 2001 | $860 |
| | 2005 | $745 |
| | 2010 | $720 |
| | 2011 | $665 |
| | 2016 | $710 |
| | 2017 | $470-495 |
| | 2018 | $425 |
| | 2020 | $325 |
| | Paralegals | $395 |
| **Foreman & Brasso** | | |
| **2022 Rates** | **Years of Experience** | **Rate** |
| | 48 | $1,025 |
| **Gibson Dunn & Crutcher LLP** | | |
| **2020 Rates** | **Level** | **Rates** |
| | Senior Partners | $1,395 – 1,525 |
| | Senior Associates | $960 |
| | Mid-level Associate | $740 |
| | Paralegals | $480 |
| **2019 Rates** | **Level** | **Rates** |
| | Senior Partners | $1,335 – 1,450 |
| | Senior Associates | $915 |
| | Mid-level Associate | $625 |

| Goldstein Borgen Dardarian & Ho | | |
|---|---|---|
| **2020 Rates:** | **Bar Admission Year** | **Rates** |
| | 1987 | $945 |
| | 1992 | $895 |
| | 2006 | $750 |
| | 2017 | $415 |
| | Senior Paralegal | $325 |
| | Paralegals | $265-285 |
| **2019 Rates** | **Law School Graduation** | **Rates** |
| | 1987 | $925 |
| | 2006 | $710 |
| | 2008 | $595 |
| | 2013 | $475 |
| | 2015 | $450 |
| | 2017 | $400 |
| | Law Student | $300 |
| | Sr. Paralegals | $325 |
| | Paralegals | $275-$295 |
| Hooper, Lundy & Bookman | | |
| **2019 Rates** | **Law School Graduation Year** | **Rates** |
| | 1975 | $1,025 |
| | 1976 | $965 |
| | 1979 | $1,025 |
| | 2007 | $815 |
| | 2011 | $800 |
| | 2015 | $640 |
| | 2016 | $600 |
| | 2019 | $440 |

| 2018 Rates | Law School Graduation Year | Rates |
|---|---|---|
| | 1975 | $1,025 |
| | 1976 | $930 |
| | 1979 | $995 |
| | 2015 | $570 |
| *Keker & Van Nest, LLP* | | |
| **2019 Rates** | **Years of Experience** | **Rates** |
| | 39 | $1,075 |
| | 9 | $700 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 16 | $875 |
| | 5 | $600 |
| | 3 | $500 |
| *Kirkland & Ellis* | | |
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $1,085-$1,895 |
| | Of Counsel | $625-1,895 |
| | Associates | $625-$1,195 |
| | Paraprofessional | $255-475 |
| *Lieff Cabraser Heimann & Bernstein, LLP* | | |
| **2020 Rates** | **Law School Grad. Year** | **Rates** |
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |
| | 2012 | $480-$510 |

| | 2015 | $440 |
|---|---|---|
| | 2017 | $395 |
| | Law Clerk | $375-$395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |
| **McCracken, Stemerman & Holsberry** | **Law School Grad. Year** | **Rates** |
| **2020 Rates** | | |
| | 1975 | $850 |
| | 2008 | $750 |
| | 2014 | $575 |
| | 2018-2019 | $400 |
| **Morrison Foerster LLP** | | |
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,200 |
| | 2011 | $1,075 |
| | 2014 | $925 |
| | 2018 | $745 |
| | Paralegal | $295 |
| **2020 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,125 |
| | 2011 | $975 |
| | 2014 | $810 |
| | 2018 | $640 |
| | Paralegal | $275 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 40 | $1,050 |
| | 22 | $950 |
| | 11 | $875 |
| | 3 | $550 |
| | Paralegal | $325 |

9

| Munger, Tolles & Olson | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1991 | $1,725 |
| | 2009 | $995 |
| | 2016 | $825 |
| | Paralegal (43 years) | $365 |
| **2020 Rates** | **Law School Grad. Yr.** | **Rate** |
| | 1991 | $1,610 |
| | 2001 | $950 |
| | 2009 | $920 |
| | 2016 | $725 |
| | Paralegal (42 years) | $345 |
| | | |
| O'Melveny & Myers | | |
| **2019 Rates** | **Level** | **Rates** |
| | Senior Partner | $1,250 |
| | Partner (1998 Bar Admitted) | $1,050 |
| | 3rd Year Associate | $640 |
| | 2nd Year Associate | $656 |
| | | |
| Paul Hastings LLP | | |
| **2020 Rates** | **Years of Experience** | **Rates** |
| | 25 | $1,425 |
| | 7 | $885 |
| | 5 | $775 |
| | 3 | $645 |
| | Research assistant | $335 |
| Pearson Simon & Warshaw LLP | | |
| **2019 Rates** | **Years of Experience** | **Rates** |
| | 23-38 | $1,150 |
| | 10 | $900 |

| | Of Counsel | $825 |
|---|---|---|
| | 6 | $500 |
| | 4 | $450 |
| | Paralegals | $225 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 22-37 | $1,050 |
| | 9 | $650 |
| | Of Counsel | $725 |
| | 5 | $450 |
| | 3 | $400 |
| | | |
| *Quinn Emanuel Urquhart & Sullivan* | | |
| **2020 Rates** | **Level** | **Rate** |
| | Partners | $870-$1,250 |
| | Associates | $600-$905 |
| **2018 Rates** | **Law School Graduation Yr.** | **Rates** |
| | 1980 | $1,135 |
| | 2016 | $630 |

| *Rosen, Bien, Galvan & Grunfeld LLP* | | |
|---|---|---|
| **2022 Rates** | **Law School Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,350 |
| | 1980 | $1,400 |
| | 1981 | $1,100 |
| | 1984 | $1,000 |
| | 1997 | $950 |
| | 2005 | $850 |
| | 2008 | $800 |
| | 2010 | $750 |
| **Of Counsel** | | |
| | 1993 | $825 |
| | 2003 | $800 |
| **Senior Counsel** | | |
| | 2008 | $750 |
| | 2009 | $725 |
| | 2010 | $700 |
| | 2011 | $675 |
| **Associates** | | |
| | 2011 | $650 |
| | 2013 | $600 |
| | 2015 | $575 |
| | 2016 | $550 |
| | 2017 | $500 |
| | 2018 | $425 |
| | 2019 | $400 |
| **Senior Paralegals** | | $375-$400 |
| **Paralegals** | | $300 |
| **Litigation Support/Paralegal Clerks** | | $260 |

| Law Students | | $350 |
|---|---|---|
| **2021 Rates (partial)** | **Law School Class** | **Rates** |
| **Partner** | 1984 | $925 |
| **Senior Counsel** | 2008 | $675 |
| | 2010 | $600 |
| **Associate** | 2016 | $465 |
| **Summer Associate** | NA | $300 |
| **Senior Paralegal** | | $375 |
| **Paralegal** | | $275 |
| **2020 Rates** | **Law School Class** | **Rate** |
| **Partners** | | |
| | 1962 | $1,100 |
| | 1980 | $1,100 |
| | 1981 | $950 |
| | 1984 | $875 |
| | 1997 | $825 |
| | 2005 | $730 |
| | 2008 | $660 |
| **Of Counsel** | | |
| | 1993 | $740 |
| | 2003 | $715 |
| **Senior Counsel** | | |
| | 2008 | $635 |
| | 2009 | $625 |
| | 2010 | $565 |
| **Associates** | | |
| | 2011 | $540 |
| | 2013 | $480 |
| | 2015 | $460 |
| | 2016 | $440 |
| | 2017 | $395 |

| | Class | Rates |
|---|---|---|
| **Sr. Paralegals** | | $320-$350 |
| **Paralegals** | | $250-$275 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2019 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,050 |
| | 1980 | $1,000 |
| | 1981 | $940 |
| | 1984 | $860 |
| | 1997 | $800 |
| | 2005 | $700 |
| | 2008 | $640 |
| **Of Counsel** | | |
| | 1993 | $725 |
| | 2003 | $700 |
| **Senior Counsel** | | |
| | 2008 | $610 |
| | 2009 | $585 |
| **Associates** | | |
| | 2010 | $540 |
| | 2011 | $525 |
| | 2013 | $460 |
| | 2015 | $440 |
| | 2016 | $400 |
| | 2017 | $350 |
| **Senior Paralegals** | | $350 |
| **Litigation Support/Paralegal Clerks** | | $225 |

| | | |
|---|---|---|
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2018 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,000 |
| | 1980 | $965 |
| | 1981 | $920 |
| | 1984 | $835 |
| | 1997 | $780 |
| | 2005 | $650 |
| **Of Counsel** | | |
| | 1983 | $800 |
| | 1993 | $700 |
| | 2003 | $675 |
| **Senior Counsel** | | |
| | 2008 | $585 |
| **Associates** | | |
| | 2009 | $535 |
| | 2010 | $525 |
| | 2011 | $500 |
| | 2013 | $440 |
| | 2015 | $410 |
| | 2016 | $375 |
| **Paralegals** | | $340-$240 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |

| Schneider, Wallace Cottrell Konecky LLP | | |
|---|---|---|
| **2022-2023 Rates** | **Year Admitted to Bar** | **Rate** |
| Partners | 1996 | $1,105 |
| | 2014 | $850 |
| Associates | 2004 | $935 |
| | 2016 | $775 |
| | 2018 | $725 |
| | 2009 | $680 |
| | 2004 | $935 |
| Staff Attorneys | | $680 |
| Law Clerks/Paralegals | | $275-$450 |
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |
| | 2015 | $690 |
| **2020 Rates** | **Years of Experience** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |
| | 2015 | $690 |
| **2019 Rates** | **Years of Experience** | **Rate** |
| | 1993 | $925 |
| | 1977 (Of Counsel) | $875 |
| | 1997 | $840 |
| | 2015 | $680 |
| | | |
| *The Tidrick Law Firm* | | |
| **2022 Rates:** | **Graduation Year** | **Rate** |
| | 1999 | $973 |

|  | 2004 | $873 |
|---|---|---|
| **Wilson Sonsini** |  |  |
| **2022 Rates** | **Level** | **Rates** |
|  | Members | $975-$2,220 |
|  | Associates | $550-$1,175 |
|  | Of Counsel | $640-$1,875 |
|  | Staff | $225-$935 |
|  | Library Personnel | $200-$300 |
| **Winston & Strawn** (partial) |  |  |
| **2019 Rates** | **Title** | **Rates** |
|  | Partners | $1,025-$1,515 |
|  | Associates | $615-$825 |
| **2018 Rates** | **Title** | **Rates** |
|  | Partners | $820-$1,445 |
|  | Associates | $585-$765 |
|  | Paralegals | $170-$340 |
|  | Litigation Support Mgr. | $275 |
|  | Review Attorneys | $85 |

# EXHIBIT D



*2021 Real Rate Report®*

The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices



Wolters Kluwer

When you have to be right

PEARL0040



ELM Solutions

**Report Editor**

**Jeffrey Solomon**
Senior Director, Product Management Legal
Analytics, Wolters Kluwer's ELM Solutions

**Lead Data Analysts**

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer's ELM Solutions

**Pankaj Saha**
Data Engineer
Wolters Kluwer's ELM Solutions

**ELM Solutions Creative**

**David Andrews**
Senior Graphic Designer
Wolters Kluwer's ELM Solutions

**Contributing Analysts and Authors**

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer's ELM Solutions

**Deniece Bushell**
Senior Product Marketing Manager
Wolters Kluwer's ELM Solutions

**Nathan Cemenska**
Associate Director, Product Management
Wolters Kluwer's ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer's ELM Solutions

**Executive Sponsor**

**Barry Ader**
Vice President, Product Management and
Marketing
Wolters Kluwer's ELM Solutions

---

© 2004 - 2021 Wolters Kluwer's ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

ELM Solutions, a Wolters Kluwer business
20 Church Street
Hartford, CT 06103 United States
ATTN: Marketing
+1-860-549-8795

**LEGAL CAVEAT**

Wolters Kluwer's ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer's ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer's ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer's ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

---

PEARL0041

# Table of Contents - 2021 Real Rate Report

**A Letter to Our Readers • 4**

**Report Use Considerations • 5**

**Section I: High-Level Data Cuts • 9**
- Partners, Associates, and Paralegals
- Partners, Associates, and Paralegals by Practice Area and Matter Type
- Partners and Associates by City
- Partners and Associates by City and Matter Type
- Partners by City and Years of Experience
- Associates by City and Years of Experience
- Partners and Associates by Firm Size and Matter Type

**Section II: Industry Analysis • 64**
- Partners, Associates, and Paralegals by Industry Group
- Partners and Associates by Industry Group and Matter Type
- Basic Materials and Utilities
- Consumer Goods
- Consumer Services
- Financials (Excluding Insurance)
- Health Care
- Industrials
- Technology and Telecommunications

**Section III: Practice Area Analysis • 85**
- Bankruptcy and Collections
- Commercial
- Corporate: Mergers, Acquisitions, and Divestitures
- Corporate: Regulatory and Compliance
- Corporate: Other
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability (Litigation Only)
- Insurance Defense (Litigation Only)
- Intellectual Property: Patents
- Intellectual Property: Trademarks
- Intellectual Property: Other
- Real Estate

**Section IV: In-Depth Analysis for Select US Cities • 175**
- Boston, MA
- Chicago, IL
- Los Angeles, CA
- New York, NY
- Philadelphia, PA
- San Francisco, CA
- Washington, DC

**Section V: International Analysis • 195**

**Section VI: Matter Staffing Analysis • 227**

**Appendix: Data Methodology • 232**

PEARL0042

# A Letter to Our Readers

**Welcome to the Wolters Kluwer's ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve. The Real Rate Report is powered by Wolters Kluwer's ELM Solutions LegalVIEW® data warehouse, the world 's largest source of legal performance benchmark data, which has grown to include over $150 billion in anonymized legal data.

This year, we launched our LegalVIEW Insights Report series, which explores the emerging trends behind the overall legal spend volatility seen in corporate legal departments. The insights reports coupled with the Real Rate Report are great tools to drive actionable decisions.

The legal services industry relies on internal analytics and the use of external data resources, such as the LegalVIEW® data warehouse, to support legal management strategies. The depth and details of the data in the Real Rate Report enable you to better benchmark and make more informed investment and resourcing decisions for your organization.

As with past Real Rate Reports, all of the data analyzed are from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters to give legal departments and law firms greater ability to pinpoint areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer's ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Barry Ader**
Vice President, Product Management and Marketing
Wolters Kluwer's ELM Solutions

PEARL0043

# Report Use Considerations

**2021 Real Rate Report**
- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Clients might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location** - Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity** - The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation** - A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead** - The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size** – The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

## Rates increase in geographic areas with growing population

Additional analysis was performed to examine the impact of geographic location on law firm hourly rates. This report, like previous ones, shows that large, cosmopolitan legal services markets like New York City, San Francisco, and Los Angeles are associated with higher hourly rates. In addition, our analysis reveals a significant spike in hourly rates in areas of the country

---

1 David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing Retrieved from:
  https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
2 Source: **2018 RRR.** Factor order validated in multiple analyses since 2010

**PEARL0044**

# Report Use Considerations

that are currently experiencing high population growth. Significant average rate increases occurred from 2020 to 2021 in many areas, but especially Fresno, California (~15% average rate increase), Greenville, SC (~18%), Miami, FL (~9%), Nashville, TN (~11%), Oklahoma City (~13%), Phoenix, AZ (~10%), and Seattle, WA (~11%) -- all of which have experienced much higher than average population growth in recent years.

The correlation between hourly rates and population growth makes sense. When people and businesses move into an area, it creates a spike in demand for all sorts of goods and services, including legal services. However, it is hard for the supply of legal services to move as quickly as demand because attorneys looking to move into a new geographic area face high switching costs that most will refuse to pay unless they absolutely have to.

First, attorneys looking to take work in a new state have to get licensed there, which takes time and effort and is a distraction that can reduce their current income in the form of the number of hours they are able to bill to clients. Second, despite the rise in remote working, many attorneys looking to establish practices in a new geographic location may have to establish at least some physical presence there, find a new office, new lodging, and potentially uproot their entire family. Third, even if the switching costs of licensure, physically moving, etc. are paid, attorneys may fear yet another switching cost in the form of attrition of their existing clients from their original geographic locale, who may view them as no longer investing in their knowledge of the legal problems and legal solutions that are specific to the original locale.

---

3 Source: **2020 RRR.** Factor order validated in multiple analyses since 2010

**PEARL0045**

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2021 - Real Rates for Associate and Partner**          **Trend Analysis – Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2021 | 2020 | 2019 |
|---|---|---|---|---|---|---|---|---|---|
| San Diego CA | Litigation | Associate | 19 | $150 | $175 | $325 | $254 | $257 | $268 |
| | Non-Litigation | Partner | 96 | $325 | $523 | $1,019 | $670 | $660 | $655 |
| | | Associate | 60 | $226 | $325 | $516 | $395 | $343 | $354 |
| San Francisco CA | Litigation | Partner | 150 | $392 | $663 | $961 | $704 | $703 | $667 |
| | | Associate | 108 | $314 | $415 | $628 | $486 | $471 | $451 |
| | Non-Litigation | Partner | 223 | $468 | $669 | $942 | $730 | $753 | $721 |
| | | Associate | 145 | $345 | $465 | $730 | $539 | $536 | $485 |
| San Jose CA | Litigation | Partner | 40 | $600 | $867 | $1,056 | $876 | $880 | $796 |
| | | Associate | 27 | $435 | $550 | $745 | $587 | $542 | $471 |
| | Non-Litigation | Partner | 61 | $618 | $795 | $1,165 | $918 | $910 | $803 |
| | | Associate | 38 | $370 | $515 | $865 | $622 | $575 | $570 |
| San Juan PR | Non-Litigation | Partner | 13 | $215 | $250 | $294 | $260 | $262 | $260 |
| Seattle WA | Litigation | Partner | 91 | $436 | $535 | $741 | $596 | $506 | $498 |
| | | Associate | 67 | $370 | $507 | $535 | $476 | $410 | $405 |
| | Non-Litigation | Partner | 150 | $406 | $505 | $697 | $547 | $553 | $523 |
| | | Associate | 117 | $300 | $366 | $504 | $411 | $389 | $381 |

# Section I: High-Level Data Cuts

## Cities
By Years of Experience

**2021 - Real Rates for Partner**    **Trend Analysis - Mean**

| City | Years of Experience | n | First Quartile | Median | Third Quartile | 2021 | 2020 | 2019 |
|------|---------------------|---|----------------|--------|----------------|------|------|------|
| Portland OR | 21 or More Years | 44 | $455 | $505 | $585 | $531 | $500 | $466 |
| Raleigh NC | Fewer Than 21 Years | 15 | $300 | $378 | $455 | $397 | $427 | $408 |
| | 21 or More Years | 24 | $275 | $480 | $571 | $452 | $485 | $466 |
| Richmond VA | Fewer Than 21 Years | 32 | $610 | $684 | $724 | $638 | $618 | $580 |
| | 21 or More Years | 36 | $420 | $665 | $805 | $655 | $635 | $625 |
| Salt Lake City UT | Fewer Than 21 Years | 20 | $274 | $342 | $432 | $349 | $347 | $381 |
| | 21 or More Years | 24 | $333 | $393 | $462 | $409 | $378 | $378 |
| San Diego CA | Fewer Than 21 Years | 27 | $395 | $540 | $945 | $663 | $552 | $507 |
| | 21 or More Years | 64 | $357 | $563 | $1,175 | $747 | $701 | $657 |
| San Francisco CA | Fewer Than 21 Years | 80 | $480 | $705 | $950 | $752 | $718 | $681 |
| | 21 or More Years | 158 | $535 | $694 | $960 | $757 | $778 | $737 |
| San Jose CA | Fewer Than 21 Years | 18 | $707 | $955 | $1,201 | $979 | $915 | $799 |
| | 21 or More Years | 56 | $600 | $819 | $1,153 | $915 | $918 | $841 |
| Seattle WA | Fewer Than 21 Years | 66 | $402 | $471 | $634 | $511 | $454 | $446 |
| | 21 or More Years | 90 | $467 | $571 | $698 | $583 | $573 | $547 |

wkelmsolutions.com

# EXHIBIT E

# PEER MONITOR
## INSIGHT. ADVANTAGE. COMPETITIVE INTELLIGENCE.

# PUBLIC RATES

In a time when the legal market continues to face fluctuating demand and challenges containing expenses, it's critical that your firm stays on top of the latest billing trends and maintains fair, competitive rates while maximizing revenue.

## Take Action to Inform Your Firm

**Public Rates** is a dynamic, web-based billing rate service that gives you anytime access to accurate, court reported, hourly rate data, with details drilling down to the named timekeeper.

It empowers you to quickly and easily slice and analyze rates across user-selected combinations of various attributes, sort targeted record results, view quartile and median rates for searched data, and more.

## Then Take Your Rate Analysis One Step Further

As efficient as it is intuitive, **Public Rates** offers deeper billing evaluation with query comparison that allows for firm-to-firm, case-to-case, or even person-to-person rate examination.

What's more, you can quickly and easily find critical insights with features such as click sorting, query naming, and auto-saved search history.

## Use Public Rates to:

- Determine optimal rates and profit opportunities
- Justify rates submitted to courts on fee applications
- Track lawyer performance
- Get pricing transparency in the marketplace





## Get Critical, Actionable Data

Search reported hourly rates by:
- Timekeeper
- Year of admission
- Firm
- Segment
- Location
- Jurisdiction
- Role
- Year of filing
- Case
- Historical records as far back as 7 years

**Learn more at** legalsolutions.com/peer-monitor
CONTACT US TODAY:
**Ruth Bowen**
ruth.bowen@thomsonreuters.com | 651.687.6891


the answer company™
THOMSON REUTERS®

© 2016 Thomson Reuters S019557/11-11

# California Rates (January–May 2018)

| Title | Professional | Firm | Graduated | Admitted | State | Rate | Hours | Total |
|-------|-------------|------|-----------|----------|-------|------|-------|-------|
| Partner | David M. Nemecek | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,395 | 2.4 | $3,348.00 |
| Partner | Leslie A. Plaskon | Paul Hastings LLP | 1988 | 1988 | CA | $1,275 | 260 | $331,500.00 |
| Partner | Thomas B. Walper | Munger Tolles & Olson LLC | 1980 | 1980 | CA | $1,225 | 166.7 | $204,207.50 |
| Partner | Jeffrey B Greenberg | Latham & Watkins LLP | 1996 | 1996 | CA | $1,175 | 3.3 | $3,877.50 |
| Partner | Mark E. McKane | Kirkland & Ellis LLP | 1997 | 1997 | CA | $1,175 | 79.1 | $92,942.50 |
| Partner | Paul D Tanaka | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,145 | 1.1 | $1,259.50 |
| Partner | Annie Kim | Proskauer Rose LLP | 2004 | 2004 | CA | $1,125 | 22.1 | $24,862.50 |
| Partner | Jonathan Benloulou | Proskauer Rose LLP | 2006 | 2006 | CA | $1,125 | 2.9 | $3,262.50 |
| Partner | Robert J Frances | Latham & Watkins LLP | 2001 | 2001 | CA | $1,125 | 1.7 | $1,912.50 |
| Partner | Dean A. Ziehl | Pachulski Stang Ziehl Young Jones & | 1978 | 1978 | CA | $1,050 | 73.3 | $76,965.00 |
| Partner | James I. Stang | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $1,050 | 111.4 | $116,970.00 |
| Partner | Alan J. Kornfeld | Pachulski Stang Ziehl Young Jones & | 1987 | 1987 | CA | $1,025 | 78.9 | $80,872.50 |
| Partner | Stephen D. Rose | Munger Tolles & Olson LLC | 1991 | 1991 | CA | $1,025 | 63.9 | $65,497.50 |
| Partner | Unger Sean | Paul Hastings LLP | 2004 | 2004 | CA | $1,025 | 103.2 | $105,780.00 |
| Partner | Stefanie I Gitler | Kirkland & Ellis LLP | 2009 | 2009 | CA | $995 | 225.1 | $223,974.50 |
| Partner | Tate Eric A. | Morrison & Foerster LLP | 1995 | 1995 | CA | $990 | 0.3 | $297.00 |
| Partner | Michael Esser | Kirkland & Ellis LLP | 2009 | 2009 | CA | $965 | 542.6 | $523,609.00 |
| Associate | Campbell Gavin | Kirkland & Ellis LLP | 2012 | 2012 | CA | $950 | 227.7 | $216,315.00 |
| Partner | David M. Bertenthal | Pachulski Stang Ziehl Young Jones & | 1993 | 1989 | CA | $950 | 107.7 | $102,315.00 |
| Associate | Olsen Katrina | Kirkland & Ellis LLP | 2014 | 2014 | CA | $950 | 4.6 | $4,370.00 |
| Partner | Janie F. Schulman | Morrison & Foerster LLP | 1987 | 1987 | CA | $925 | 0.2 | $185.00 |
| Associate | Jacob Johnston | Kirkland & Ellis LLP | 2013 | 2013 | CA | $905 | 5 | $4,525.00 |
| Partner | Kenneth H. Brown | Pachulski Stang Ziehl Young Jones & | 1981 | 1977 | CA | $895 | 5.9 | $5,280.50 |
| Partner | Kevin S. Allred | Munger Tolles & Olson LLC | 1986 | 1986 | CA | $875 | 209.7 | $183,487.50 |
| Partner | Knudsen Erik G. | Morrison & Foerster LLP | 2007 | 2007 | CA | $875 | 269.4 | $235,725.00 |
| Counsel | Adam Lin | Orrick, Herrington & Sutcliffe LLP | 2004 | 2004 | CA | $850 | 3 | $2,550.00 |
| Associate | Austin Klar | Kirkland & Ellis LLP | 2013 | 2013 | CA | $845 | 173 | $146,185.00 |
| Associate | Michael Saretsky | Kirkland & Ellis LLP | 2015 | 2015 | CA | $835 | 237.2 | $198,062.00 |
| Partner | Harry D. Hochman | Pachulski Stang Ziehl Young Jones & | 1987 | 1987 | CA | $825 | 69.1 | $57,007.50 |
| Of Counsel | Lloyd W. Aubry | Morrison & Foerster LLP | 1975 | 1975 | CA | $825 | 1.6 | $1,320.00 |
| Partner | Seth Goldman | Munger Tolles & Olson LLC | 2002 | 2002 | CA | $825 | 260.5 | $214,912.50 |
| Of Counsel | Victoria A. Newmark | Pachulski Stang Ziehl Young Jones & | 1996 | 1996 | CA | $825 | 1.6 | $1,320.00 |
| Of Counsel | Yana S. Johnson | Morrison & Foerster LLP | 1999 | 1999 | CA | $825 | 3.2 | $2,640.00 |
| Associate | Austin Klar | Kirkland & Ellis LLP | 2013 | 2013 | CA | $810 | 23.3 | $18,873.00 |
| Associate | Cynthia Castillo | Kirkland & Ellis LLP | 2015 | 2015 | CA | $810 | 178.8 | $144,828.00 |
| Associate | Kevin Chang | Kirkland & Ellis LLP | 2014 | 2014 | CA | $810 | 8.4 | $6,804.00 |
| Of Counsel | Nardali Ali U. | Morrison & Foerster LLP | 2008 | 2008 | CA | $795 | 4.4 | $3,498.00 |
| Associate | Ramin Montazeri | Latham & Watkins LLP | 2016 | 2016 | CA | $795 | 10.9 | $8,665.50 |
| Associate | Lee Muhyung | Proskauer Rose LLP | 2015 | 2015 | CA | $780 | 37.5 | $29,250.00 |
| Of Counsel | Jeffrey L. Kandel | Pachulski Stang Ziehl Young Jones & | 1984 | 1984 | CA | $750 | 10.7 | $8,025.00 |
| Of Counsel | Bradley R. Schneider | Munger Tolles & Olson LLC | 2004 | 2004 | CA | $735 | 88.9 | $65,341.50 |
| Associate | Curtis Kelly M | Proskauer Rose LLP | 2016 | 2016 | CA | $730 | 39.6 | $28,908.00 |
| Associate | Cynthia Castillo | Kirkland & Ellis LLP | 2015 | 2015 | CA | $725 | 30.3 | $21,967.50 |
| Associate | Joanna A Gorska | Latham & Watkins LLP | 2014 | 2014 | CA | $725 | 2.4 | $1,740.00 |
| Counsel | Elissa A. Wagner | Pachulski Stang Ziehl Young Jones & | 2001 | 2001 | CA | $695 | 5 | $3,475.00 |
| Associate | Benjamin Butterfield | Morrison & Foerster LLP | 2014 | 2014 | CA | $660 | 883.2 | $582,912.00 |
| Partner | David M. Eaton | Kilpatrick Townsend & Stockton LLP | 1996 | 1996 | CA | $660 | 5.3 | $3,498.00 |
| Associate | Ankur Sharma | Kirkland & Ellis LLP | 2016 | 2016 | CA | $645 | 16.4 | $10,578.00 |
| Associate | Maxwell Coll | Kirkland & Ellis LLP | 2016 | 2016 | CA | $630 | 15 | $9,450.00 |
| Associate | Brashears Travis C | Proskauer Rose LLP | 2016 | 2016 | CA | $595 | 8.3 | $4,938.50 |
| Associate | Sadeghi Sam | Paul Hastings LLP | 2016 | 2016 | CA | $585 | 22.9 | $13,396.50 |
| Associate | Jenny Pierce | Kirkland & Ellis LLP | 2016 | 2016 | CA | $555 | 1.2 | $666.00 |
| Associate | Meg A Webb | Kirkland & Ellis LLP | 2017 | 2017 | CA | $555 | 1.4 | $777.00 |

| Associate | Peter E. Boos | Munger Tolles & Olson LLC | 2014 | 2014 | CA | $550 | 88.05 | $48,427.50 |
| Associate | Floyd Amani Solange | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 3.9 | $2,106.00 |
| Associate | Glock Jana | Morrison & Foerster LLP | 2015 | 2015 | CA | $540 | 22.2 | $11,988.00 |
| Associate | Kerry C. Jones | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 11.5 | $6,210.00 |
| Associate | Roumiantseva Dina | Morrison & Foerster LLP | 2014 | 2014 | CA | $540 | 5 | $2,700.00 |
| Associate | Scheinok Brittany | Morrison & Foerster LLP | 2015 | 2015 | CA | $485 | 27.2 | $13,192.00 |
| Associate | Coleman Matthew | Ropes & Gray LLP | 2014 | 2014 | CA | $450 | 2.5 | $1,125.00 |
| Associate | Tobyn Yael Aaron | Morrison & Foerster LLP | 2016 | 2016 | CA | $435 | 26.4 | $11,484.00 |

# California Rates (June–December 2018)

| Title | Professional | Firm | Graduated | Admitted | State | Rate | Hours | Total |
|---|---|---|---|---|---|---|---|---|
| Partner | Kenneth Klee | Klee, Tuchin, Bogdanoff & Stern, LLP | 1975 | 1974 | CA | $1,475 | 46.4 | $68,440.00 |
| Partner | Eric Reimer | Milbank Tweed Hadley & McCloy LLP | 1987 | 1987 | CA | $1,465 | 7.9 | $11,573.50 |
| Partner | Gregory A. Bray | Milbank Tweed Hadley & McCloy LLP | 1984 | 1984 | CA | $1,465 | 234.1 | $342,956.50 |
| Partner | Madden P.C. Rick C | Kirkland & Ellis LLP | 1995 | 1995 | CA | $1,445 | 31.2 | $45,084.00 |
| Partner | David M. Nemecek | Kirkland & Ellis LLP | 2003 | 2003 | CA | $1,395 | 2.4 | $3,348.00 |
| Partner | Browning P.C. Marc D | Kirkland & Ellis LLP | 1998 | 1998 | CA | $1,375 | 4.2 | $5,775.00 |
| Partner | Isaac M Pachulski | Pachulski Stang Ziehl Young Jones & | 2014 | 2014 | CA | $1,295 | 0.7 | $906.50 |
| Partner | Walker Elizabeth W | Sidley Austin LLP | 1984 | 1984 | CA | $1,250 | 3.7 | $4,625.00 |
| Partner | David Stern | Klee, Tuchin, Bogdanoff & Stern, LLP | 1975 | 1975 | CA | $1,245 | 67.4 | $83,913.00 |
| Partner | Michael Tuchin | Klee, Tuchin, Bogdanoff & Stern, LLP | 1990 | 1990 | CA | $1,245 | 191.1 | $237,919.50 |
| Partner | Richard M. Pachulski | Pachulski Stang Ziehl Young Jones & | 1979 | 1979 | CA | $1,245 | 274.7 | $342,001.50 |
| Partner | Dennis  Arnold | Gibson Dunn & Crutcher, LLP | 1976 | 1975 | CA | $1,210 | 65.2 | $78,892.00 |
| Partner | Cromwell Montgomery | Gibson Dunn & Crutcher, LLP | 1997 | 1997 | CA | $1,205 | 0.9 | $1,084.50 |
| Partner | Oscar Garza | Gibson Dunn & Crutcher, LLP | 1990 | 1990 | CA | $1,205 | 116.1 | $139,900.50 |
| Partner | Austin V Schwing | Gibson Dunn & Crutcher, LLP | 2000 | 2000 | CA | $1,155 | 0.7 | $808.50 |
| Partner | Douglas Michael Fuchs | Gibson Dunn & Crutcher, LLP | 2007 | 2007 | CA | $1,155 | 53.5 | $61,792.50 |
| Partner | Annie Kim | Proskauer Rose LLP | 2004 | 2004 | CA | $1,125 | 11.6 | $13,050.00 |
| Partner | Jonathan Benloulou | Proskauer Rose LLP | 2006 | 2006 | CA | $1,125 | 2.9 | $3,262.50 |
| Partner | James I. Stang | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $1,095 | 63.4 | $69,423.00 |
| Partner | Farshad E. More | Gibson Dunn & Crutcher, LLP | 2003 | 2003 | CA | $1,080 | 0.8 | $864.00 |
| Partner | Jesse I. Shapiro | Gibson Dunn & Crutcher, LLP | 2000 | 2000 | CA | $1,080 | 10.9 | $11,772.00 |
| Partner | David Fidler | Klee, Tuchin, Bogdanoff & Stern, LLP | 1998 | 1997 | CA | $1,075 | 237.9 | $255,742.50 |
| Special | Brian Stern | Milbank Tweed Hadley & McCloy LLP | 2003 | 2003 | CA | $1,065 | 7.5 | $7,987.50 |
| Special | Haig Maghakian | Milbank Tweed Hadley & McCloy LLP | 2002 | 2002 | CA | $1,065 | 264.8 | $282,012.00 |
| Partner | Jesse A. Cripps Jr. | Gibson Dunn & Crutcher, LLP | 2011 | 2011 | CA | $1,045 | 16.2 | $16,929.00 |
| Partner | Mehta Anjna | Kirkland & Ellis LLP | 2000 | 2000 | CA | $1,045 | 10.9 | $11,390.50 |
| Of Counsel | Richard J. Gruber | Pachulski Stang Ziehl Young Jones & | 1982 | 1982 | CA | $1,025 | 9.1 | $9,327.50 |
| Partner | Samuel Newman | Gibson Dunn & Crutcher, LLP | 2001 | 2001 | CA | $1,010 | 326.5 | $329,765.00 |
| Partner | Debra I. Grassgreen | Pachulski Stang Ziehl Young Jones & | 1992 | 1992 | CA | $995 | 15.7 | $15,621.50 |
| Associate | Jessica Dombroff | Milbank Tweed Hadley & McCloy LLP | 2009 | 2009 | CA | $995 | 13.3 | $13,233.50 |
| Partner | Katherine V.A Smith | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $995 | 0.6 | $597.00 |
| Partner | Matthew B Dubeck | Gibson Dunn & Crutcher, LLP | 2017 | 2017 | CA | $995 | 44.1 | $43,879.50 |
| Partner | Robert J. Pfister | Klee, Tuchin, Bogdanoff & Stern, LLP | 2001 | 2001 | CA | $995 | 123.3 | $122,683.50 |
| Partner | David M. Bertenthal | Pachulski Stang Ziehl Young Jones & | 1993 | 1989 | CA | $975 | 6.5 | $6,337.50 |
| Partner | Jeffrey N. Pomerantz | Pachulski Stang Ziehl Young Jones & | 1989 | 1989 | CA | $975 | 66.5 | $64,837.50 |
| Associate | Campbell Gavin | Kirkland & Ellis LLP | 2012 | 2012 | CA | $950 | 336.5 | $319,675.00 |
| Partner | Henry C. Kevane | Pachulski Stang Ziehl Young Jones & | 1986 | 1986 | CA | $950 | 4.8 | $4,560.00 |
| Associate | Olsen Katrina | Kirkland & Ellis LLP | 2014 | 2014 | CA | $950 | 4.6 | $4,370.00 |
| Partner | Stanley E. Goldich | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $925 | 7 | $6,475.00 |
| Associate | Najeh Baharun | Milbank Tweed Hadley & McCloy LLP | 2013 | 2013 | CA | $910 | 28.3 | $25,753.00 |
| Partner | David M. Guess | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | $895 | 84.5 | $75,627.50 |
| Partner | Maria Sountas | Klee, Tuchin, Bogdanoff & Stern, LLP | 2006 | 2006 | CA | $895 | 23.2 | $20,764.00 |
| Partner | Whitman L. Holt | Klee, Tuchin, Bogdanoff & Stern, LLP | 2005 | 2005 | CA | $895 | 54.7 | $48,956.50 |
| Associate | Allison Balick | Gibson Dunn & Crutcher, LLP | 2009 | 2009 | CA | $875 | 5.4 | $4,725.00 |
| Associate | Caldon Brendan W | Kirkland & Ellis LLP | 2007 | 2007 | CA | $875 | 1.5 | $1,312.50 |
| Associate | Daniel B. Denny | Gibson Dunn & Crutcher, LLP | 2005 | 2005 | CA | $875 | 436.1 | $381,587.50 |
| Associate | Douglas G. Levin | Gibson Dunn & Crutcher, LLP | 2009 | 2009 | CA | $875 | 205.2 | $179,550.00 |
| Associate | Genevieve G. Weiner | Gibson Dunn & Crutcher, LLP | 2007 | 2007 | CA | $875 | 93.7 | $81,987.50 |
| Partner | Maxim B. Litvak | Pachulski Stang Ziehl Young Jones & | 1997 | 1997 | CA | $875 | 89.6 | $78,400.00 |
| Associate | Melissa Leigh Barshop | Gibson Dunn & Crutcher, LLP | 2006 | 2006 | CA | $875 | 5 | $4,375.00 |
| Associate | Jonathan Schaefler | Gibson Dunn & Crutcher, LLP | 2016 | 2016 | CA | $860 | 1.9 | $1,634.00 |
| Partner | Joshua M. Fried | Pachulski Stang Ziehl Young Jones & | 1995 | 1995 | CA | $850 | 74.1 | $62,985.00 |
| Of Counsel | Gurule Julian I | Klee, Tuchin, Bogdanoff & Stern, LLP | 2007 | 2007 | CA | $825 | 39.3 | $32,422.50 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Associate | Ian T. Long | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $820 | 140 | $114,800.00 |
| Associate | Goldberg Zachary | Milbank Tweed Hadley & McCloy LLP | 2016 | 2016 | CA | $790 | 162.4 | $128,296.00 |
| Associate | Lee Muhyung | Proskauer Rose LLP | 2015 | 2015 | CA | $780 | 28.2 | $21,996.00 |
| Partner | Jamie L. Edmonson | Venable LLP | 1996 | 1996 | CA | $765 | 180.3 | $137,929.50 |
| Associate | Tiffany X. Phan | Gibson Dunn & Crutcher, LLP | 2013 | 2013 | CA | $760 | 8.7 | $6,612.00 |
| Of Counsel | Erin Gray | Pachulski Stang Ziehl Young Jones & | 1992 | 1991 | CA | $750 | 9.9 | $7,425.00 |
| Partner | Justin D. Yi | Klee, Tuchin, Bogdanoff & Stern, LLP | 2009 | 2009 | CA | $750 | 3.9 | $2,925.00 |
| Associate | Chapple Catherine L. | Morrison & Foerster LLP | 2012 | 2012 | CA | $725 | 4 | $2,900.00 |
| Associate | Jonathan M. Weiss | Klee, Tuchin, Bogdanoff & Stern, LLP | 2012 | 2012 | CA | $725 | 195.4 | $141,665.00 |
| Of Counsel | William Ramseyer | Pachulski Stang Ziehl Young Jones & | 1980 | 1980 | CA | $725 | 18.8 | $13,630.00 |
| Associate | Sarah A. Carnes | Cooley LLP | 2014 | 2014 | CA | $710 | 146.1 | $103,731.00 |
| Associate | Latta R T | Jones Day | 2011 | 2011 | CA | $700 | 194.5 | $136,150.00 |
| Associate | Samuel M. Kidder | Klee, Tuchin, Bogdanoff & Stern, LLP | 2012 | 2012 | CA | $675 | 88.6 | $59,805.00 |
| Associate | Thomas H Alexander | Gibson Dunn & Crutcher, LLP | 2015 | 2015 | CA | $660 | 23.7 | $15,642.00 |
| Associate | Sasha M. Gurvitz | Klee, Tuchin, Bogdanoff & Stern, LLP | 2014 | 2014 | CA | $625 | 114.9 | $71,812.50 |
| Associate | Robert J. Smith | Klee, Tuchin, Bogdanoff & Stern, LLP | 2016 | 2016 | CA | $600 | 35.8 | $21,480.00 |
| Associate | Brashears Travis C | Proskauer Rose LLP | 2016 | 2016 | CA | $595 | 8.3 | $4,938.50 |
| Associate | Matthew S Coe-Odess | Gibson Dunn & Crutcher, LLP | 2016 | 2016 | CA | $595 | 16.9 | $10,055.50 |
| Associate | Katherine A Lau | Gibson Dunn & Crutcher, LLP | 2017 | 2017 | CA | $525 | 97.7 | $51,292.50 |
| Associate | Tran J L | Jones Day | 2015 | 2015 | CA | $525 | 60.2 | $31,605.00 |
| Associate | Nicholas A. Koffroth | Venable LLP | 2012 | 2012 | CA | $515 | 94.9 | $48,873.50 |
| Associate | Liu R Q | Jones Day | 2015 | 2015 | CA | $475 | 34.2 | $16,245.00 |
| Associate | Stuart B W | Jones Day | 2013 | 2013 | CA | $475 | 208.6 | $99,085.00 |
| Associate | Doyle A M | Jones Day | 2017 | 2017 | CA | $450 | 6.5 | $2,925.00 |
| Associate | Udenka Honieh | Brown Rudnick LLP | 2017 | 2017 | CA | $375 | 1 | $375.00 |

Sensitivity: Confidential

# EXHIBIT F

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>     **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>                    **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing Date to be Set**<br><br>Place:  United States Bankruptcy Court<br>           Courtroom 17, 16th Floor |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

2

| **General Information** | |
|---|---|
| Name of Applicant | Simpson Thacher & Bartlett LLP |
| Name of Client | Board of Each of PG&E Corporation and Pacific Gas and Electric Company and Certain Current and Former Independent Directors |
| Petition Date | January 29, 2019 |
| Retention Date | May 10, 2019 *nunc pro tunc* to January 29, 2019 |
| **Summary of Fees and Expenses Sought in the Fourth Interim Application** | |
| Time Period Covered by Application | January 1, 2020 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $4,856,392.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $2,108,488.00 |
| Amount of Compensation Sought Pursuant to Section 363 | $2,747,904.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $5,535.63 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $37,156.64 |
| **Total Fees and Expenses in Fourth Interim Application Paid But Not Yet Allowed** | |
| Total Compensation Paid But Not Yet Allowed | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed | $21,490.38 |
| **Summary of Rates and Related Information for Fourth Interim Application** | |
| Number of Timekeepers in Fourth Interim Application | 37 (29 attorneys, 8 paraprofessionals) |
| Hours Billed by Timekeepers in Fourth Interim Compensation Period | 3,944.00 |
| Blended Rate for Attorneys | $1,251.74 |
| Blended Rate for all Professionals | $1,231.34 |

This is a(n) __X__ Interim _____Final Application

3

| | |
|---|---|
| **Summary of Fees and Expenses Sought in the Final Application** | |
| Time Period Covered by Application | January 29, 2019 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $12,071,175.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $5,066,244.50 |
| Amount of Compensation Sought Pursuant to Section 363 | $7,004,931.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $45,680.93 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $117,225.79 |
| **Total Fees and Expenses in Final Application Paid But Not Yet Allowed** | |
| Total Compensation Paid But Not Yet Allowed (*i.e.,* compensation paid for Fourth Interim Compensation Period) | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed (*i.e.,* costs paid for Fourth Interim Compensation Period) | $21,490.38 |
| **Total Fees and Expenses Allowed Under First, Second and Third Interim Applications** | |
| Total  Compensation Allowed on Interim Basis  (*i.e.,* compensation allowed under First-Third Interim Applications) | $7,214,783.00[1] |
| Total Expenses Allowed on Interim Basis (*i.e.,* costs allowed under First-Third Interim Applications) | $120,214.45[2] |
| **Summary of Rates and Related Information** | |
| Number of Timekeepers in Final Application | 67 (47 attorneys and 20 paraprofessionals) |
| Hours Billed by Timekeepers for Total Compensation Period | 10,568.40 |
| Blended Rate for Attorneys | $1,188.47 |
| Blended Rate for all Professionals | $1,166.80 |

This is a(n) **____** Interim **___X___** Final Application

---

[1] This amount reflects the reduction of $260,000 pursuant to the compromises between Simpson Thacher and the Fee Examiner regarding the First Interim Application and the Second and Third Interim Applications.

[2] Simpson Thacher was paid an additional $22,000 in expenses that were ultimately not "allowed" because Simpson Thacher agreed, pursuant to its compromise with the Fee Examiner, to reduce the expenses requested under the First, Second and Third Interim Applications by $22,000 ($2,000 under the First Interim Application and $20,000 under the Second and Third Interim Applications).  This $22,000 reduction has been accounted for by subtracting it from the total outstanding amount requested to be paid pursuant to this Fourth Interim and Final Application.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

4

**Simpson Thacher & Bartlett LLP**
**425 Lexington Ave**
**New York, NY 10017**

## SUMMARY OF FOURTH INTERIM AND FINAL APPLICATION

| Date Filed | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Originally Requested for Compensation Period | | Total Amount Paid to Date | | Amounts Unpaid and Outstanding[3] |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | 80% of Undisputed Fees | Expenses (@ 100%) | Fees | Expenses | |
| First Interim (7/23/19) | 01/29/19 – 04/30/19 | $1,931,632.00 | $16,579.35 | $1,545,305.60 | $16,579.35 | $1,851,632.00 | $14,579.35 | N/A |
| Second Interim (11/15/19) | 05/1/19 – 08/31/19 | $2,837,908.50 | $51,945.60 | $2,243,331.60 | $51,945.60 | $2,243,331.60 | $51,945.60 | $494,576.90 |
| Third Interim (3/16/20) | 09/1/19 – 12/31/19 | $2,705,242.50 | $73,689.50 | $1,770,766.00 | $73,689.50 | $1,770,766.00 | $73,689.50 | $834,476.50 |
| Fourth Interim | 01/1/20 – 07/1/20 | $4,856,392.50 | $42,692.27 | $3,885,114.00 | $42,692.27 | $1,845,634.80 | $21,490.38 | $3,031,959.59 |
| Total | | $12,331,175.50 | $184,906.72 | $9,444,517.20 | $184,906.72 | $7,711,364.40 | $161,704.83 | $4,361,012.99 |

[3] The amounts unpaid and outstanding include: (1) $494,576.90 outstanding under the Second Interim Application, which (x) includes $33,744 in fees objected to by PERA (defined below) and $560,832.90 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (2) $834,476.50 outstanding under the Third Interim Application, which (x) includes $491,785 objected to by PERA and $442,691.50 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (3) $3,031,959.59 outstanding under the Fourth Interim Application, which includes $971,278.50 as the Holdback Amount, $2,039,479.20 in currently unpaid fees under the Thirteenth-Sixteenth Monthly Fee Statements and $21,201.89 in currently unpaid expenses under the Thirteenth-Sixteenth Monthly Fee Statements.

The Public Employees Retirement Association of New Mexico ("**PERA**") objected to fees (collectively, the "**Objection Amount**") in Simpson Thacher's Fourth through Seventh Monthly Fee Statements, which are contained within the Second and Third Interim Applications. PERA did not continue to object beyond the Seventh Monthly Fee Statement and did not pursue its prior objections in connection with Simpson Thacher's request for approval of the Second and Third Interim Applications. Pursuant to the *Docket Text Order* dated August 3, 2020, Simpson Thacher's Second and Third Interim Applications, as amended by Simpson Thacher's compromise with the Fee Examiner, were allowed on an interim basis, which such allowance will be formally ordered in the *Order Granting Second Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 Through August 31, 2019* [Dkt. __] (the "**Second Interim Approval Order**") and the *Order Granting Third Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 1, 2019 Through December 31, 2019* [Dkt. __] (the "**Third Interim Approval Order**") to be entered by this Court.

Simpson Thacher expects that it will be paid (1) the remaining allowed amounts under the Second and Third Interim Applications pursuant to the Second and Third Interim Approval Orders (totaling $1,329.053.40) and (2) the remaining 80% of the fees and 100% of the expenses requested under the Fourth Interim Application (totaling $2,060,681.09 not inclusive of the $971,278.50 Holdback Amount) prior to the hearing on this Fourth Interim and Final Application.

5

**SUMMARY OF COMPENSATION FOR
JANUARY 29, 2019 THROUGH JULY 1, 2020**

The attorneys and professionals who rendered professional services in these Chapter 11

Cases during the Total Compensation Period are:

| NAME OF PARTNERS AND COUNSEL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Blake, Stephen | Litigation | 2008 | $1,325 | 141.70 | $187,752.50 |
| Brentani, William B. | Corporate | 1990 | $1,535 | 5.10 | $7,828.50 |
| Coll-Very, Alexis | Litigation | 1997 | $1,480 | 0.30 | $444.00 |
| Curnin, Paul C. | Litigation | 1988 | $1,640 | 723.90 | $1,187,196.00 |
| Frahn, Harrison J. | Litigation | 1997 | $1,535 | 0.50 | $767.50 |
| Frankel, Andrew T. | Litigation | 1990 | $1,535 | 26.80 | $41,138.00 |
| Goldin, Nicholas | Litigation | 2000 | $1,480 | 853.90 | $1,263,772.00 |
| Goldin, Nicholas | Litigation | 2000 | $740 | 17.70 | $13,098.00 |
| Grogan, Gregory T. | ECEB | 2001 | $1,535 | 151.20 | $232,092.00 |
| Kelley, Karen H. | Corporate | 2003 | $1,425 | 12.70 | $18,097.50 |
| Kreissman, James G. | Litigation | 1989 | $1,640 | 3.50 | $5,740.00 |
| Lesser, Lori E. | Litigation | 1994 | $1,535 | 0.30 | $460.50 |
| Ponce, Mario A. | Corporate | 1989 | $1,640 | 1,284.20 | $2,106,088.00 |
| Purcell, Andrew  B. | Tax | 2009 | $1,325 | 2.40 | $3,180.00 |
| Purushotham, Ravi | Corporate | 2010 | $1,325 | 489.60 | $648,720.00 |
| Qusba, Sandy | Corporate | 1994 | $1,535 | 839.00 | $1,287,865.00 |
| Steinhardt, Brian M. | Corporate | 1999 | $1,640 | 4.50 | $7,380.00 |
| Torkin, Michael H. | Corporate | 1999 | $1,535 | 233.90 | $359,036.50 |
| Webb, Daniel N. | Corporate | 2002 | $1,480 | 0.80 | $1,184.00 |
| Alcabes, Elisa | Litigation | 1989 | $1,220 | 313.40 | $382,348.00 |
| DeLott, Steven R. | Corporate | 1988 | $1,220 | 18.40 | $22,448.00 |
| Koslowe, Jamin R. | ECEB | 1996 | $1,220 | 2.50 | $3,050.00 |
| McLendon, Kathrine | Corporate | 1985 | $1,220 | 301.10 | $367,342.00 |
| Nadborny, Jennifer  L. | Corporate | 2005 | $1,220 | 0.70 | $854.00 |
| Brunner, Janice G. | Corporate | 2001 | $1,190 | 4.00 | $4,760.00 |
| Kofsky, Andrew M. | ECEB | 2000 | $1,190 | 11.90 | $14,161.00 |
| Rapp, James I. | Corporate | 1999 | $1,190 | 0.20 | $238.00 |
| Ricciardi, Sara A. | Litigation | 2003 | $1,190 | 639.70 | $761,243.00 |
| Wiseman, Stephen M. | Corporate | 1986 | $1,190 | 33.60 | $39,984.00 |
| **Total  Partners and Counsel:** | | | | **6,117.50** | **$8,968,268.00** |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

| NAME OF PROFESSIONAL ASSOCIATES | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Calderon, Justin | Litigation | 2018 | $700 | 157.20 | $110,040.00 |
| Campbell, Eamonn W. | Litigation | 2016 | $915 | 217.40 | $198,921.00 |
| Duran, Raul G. | Litigation | 2018 | $590 | 78.30 | $46,197.00 |
| Duran, Raul G. | Litigation | 2018 | $295 | 0.50 | $147.50 |
| Egenes, Erica M. | Corporate | 2018 | $840 | 324.60 | $272,664.00 |
| Fell, Jamie | Corporate | 2015 | $995 | 306.90 | $305,365.50 |
| Hay, Jasmine N. | Tax | 2016 | $915 | 3.80 | $3,477.00 |
| Hinckson, Shanice D. | Litigation | 2019 | $590 | 13.40 | $7,906.00 |
| Isaacman, Jennifer | Litigation | 2019 | $590 | 561.30 | $331,167.00 |
| Kinsel, Kourtney J. | Litigation | 2018 | $590 | 519.80 | $306,682.00 |
| Levine, Jeff P. | Corporate | 2016 | $915 | 180.70 | $165,340.50 |
| Lundqvist, Jacob | Litigation | 2019 | $590 | 195.50 | $115,345.00 |
| Mahboubi, Aria | Corporate | 2018 | $700 | 4.30 | $3,010.00 |
| Phillips, Jacob M. | ECEB | 2017 | $840 | 149.60 | $125,664.00 |
| Phillips, Jacob M.[4] | ECEB | 2017 | $700 | 16.00 | 11,200.00 |
| Sparks Bradley, Rachel | Litigation | 2013 | $1,095 | 497.50 | $544,762.50 |
| Sussman, Rebecca A. | Litigation | 2017 | $840 | 578.60 | $486,024.00 |
| Sussman, Rebecca A. | Litigation | 2017 | $420 | 3.00 | $1,260.00 |
| Vallejo, Melissa A. | Litigation | 2019 | $590 | 297.80 | $175,702.00 |
| Yeagley, Alexander | Corporate | 2018 | $700 | 58.50 | $40,950.00 |
| **Total Associates:** | | | | **4,164.70** | **$3,251,825.00** |

| NAME OF PROFESSIONAL STAFF ATTORNEYS | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Penfold, John | Litigation | | $375 | 19.10 | $7,162.50 |
| Rossi, Adrian D. | Litigation | | $375 | 38.40 | $14,400.00 |
| **Total Staff Attorneys:** | | | | **57.50** | **$21,562.50** |

| NAME OF PARAPROFESSIONAL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| DeVellis, Mary | Resource Center | | $265 | 1.00 | $265.00 |
| Franklin, Janie Marie | Paralegal – Litigation | | $455 | 44.10 | $20,065.50 |
| Fuller, Devin | Resource Center | | $265 | 0.70 | $185.50 |

---

[4] *Jacob M. Phillips was mistakenly billed at the hourly rate of $700 for the month of February rather than his typical hourly rate of $840.

2

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Gampper, Krista | Paralegal | | $265 | 0.50 | $132.50 |
|---|---|---|---|---|---|
| Gedrich, Evan | Resource Center | | $265 | 1.50 | $397.50 |
| Henderson, Douglas | Paralegal - Litigation | | $375 | 2.50 | $937.50 |
| Jacovatos, Nicholas | Resource Center | | $265 | 1.00 | $265.00 |
| Kortright, Magallie | Paralegal – Litigation | | $400 | 23.60 | $9,440.00 |
| Laspisa, Rosemarie | Paralegal – Litigation | | $400 | 56.50 | $22,600.00 |
| Magsino, Luke | Resource Center | | $265 | 1.00 | $265.00 |
| Mierski, Nathan | Resource Center | | $265 | 2.60 | $689.00 |
| O'Connor, Elizabeth | Paralegal - Litigation | | $265 | 10.60 | $2,809.00 |
| Scott, Eric Dean | Resource Center | | $265 | 4.30 | $1,139.50 |
| Terricone, Cyrena | Paralegal - Litigation | | $400 | 7.50 | $3,000.00 |
| Welman, Timothy | Resource Center | | $265 | 12.30 | $3,259.50 |
| Azoulai, Moshe | Knowledge Management | | $455 | 7.40 | $3,367.00 |
| Carney, Michael | Knowledge Management | | $420 | 0.90 | $378.00 |
| Kovoor, Thomas G. | Knowledge Management | | $420 | 44.30 | $18,606.00 |
| Rovner, Grace | Paralegal - Corporate | | $265 | 5.90 | $1,563.50 |
| Tripodi, Lou | Library | | $310 | 0.50 | $155.00 |
| **Total Paraprofessionals:** | | | | **228.70** | **$89,520.00** |

| **PROFESSIONALS** | **BLENDED HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Partners and Counsel | $1,466.00 | 6,117.50 | $8,968,268.00 |
| Associates | $780.81 | 4,164.70 | $3,251,825.00 |
| Staff Attorneys | $375.00 | 57.50 | $21,562.50 |
| Paraprofessionals | $391.43 | 228.70 | $89,520.00 |
| Blended Attorney Rate | $1,188.47 | | |
| **Total Fees Incurred** | | **10,568.40** | **$12,331,175.50** |

3

**SUMMARY OF COMPENSATION BY WORK TASK CODE FOR
THE PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| AA | Asset Analysis and Recovery | | |
| AD | Asset Disposition | | |
| BO | Business Operations | | |
| BU | Budgeting (Case) | | |
| CA | Case Administration | 13.20 | $13,046.00 |
| CC | Creditor Communications | | |
| CG | Corporate Governance and Board Matters | 5,482.70 | $6,802,970.00 |
| CH | Court Hearings | 99.50 | $118,468.00 |
| CM | Claims Administration and Objections | 88.70 | $79,286.00 |
| EC | Executory Leases and Contracts | | |
| EE | Employee Benefits/Pensions | 16.00 | $24,560.00 |
| ES | Equityholder Communications | | |
| FA | Fee/Employment Applications | 611.10 | $665,866.00 |
| FI | Financings/Cash Collateral | | |
| FO | Fee/Employment Application Objections | 25.30 | $27,134.50 |
| FR | Fact Analysis and Related Advice | 1.90 | $1,800.00 |
| IC | Intercompany Issues | | |
| IP | Intellectual Property Issues | | |
| LI | Litigation: Contested Matters and Adversary Proceedings | 72.40 | $75,725.50 |
| LS | Relief From Stay Proceedings | | |
| PL | Plan/Disclosure Statement | 1,518.80 | $2,219,067.50 |
| RE | Reporting | 0.20 | $238.00 |
| TV[5] | Non-Working Travel Time | 41.20 | $44,235.50 |
| TX | Tax Issues | | |
| VA | Valuation | | |
| L110 | Fact Investigation/Development | 1,565.30 | $1,235,737.50 |
| L120 | Analysis/Strategy | 102.90 | $106,368.50 |

[5] Time billed to this task code is billed in accordance with the Fee Guidelines and the Second Amended Fee Procedures Order as of October 24, 2019.

4

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| L130 | Experts/Consultants | | |
| L143 | Discovery - Identification and Preservation | | |
| L160 | Settlement/Non-Binding ADR | | |
| L200 | Pre-Trial Pleadings and Motions | 890.60 | $898,472.50 |
| L241 | Motion to Dismiss: Preemption | | |
| L242 | Motion to Dismiss: Lack of Subject Matter Jurisdiction | | |
| L243 | Motion for Summary Judgment: Kongros | | |
| L244 | Motion for Summary Judgment: Causation | | |
| L245 | Motion for Summary Judgment: Employment | | |
| L246 | Motion for Summary Judgment: Recreational Use Immunity | | |
| L310 | Written Discovery | | |
| L330 | Depositions | | |
| L350 | Discovery Motions | | |
| L400 | Trial Preparation and Trial | | |
| L500 | Appeal | | |
| L600 | eDiscovery - Identification | | |
| L610 | eDiscovery - Preservation | | |
| L620 | eDiscovery - Collection | 3.50 | $1,332.50 |
| L630 | eDiscovery - Processing | 21.60 | $9,027.00 |
| L650 | eDiscovery - Review | 0.20 | $91.00 |
| L653 | eDiscovery - First Pass Document Review | 13.00 | $7,670.00 |
| L654 | eDiscovery - Second Pass Document Review | | |
| L655 | eDiscovery - Privilege Review | | |
| L656 | eDiscovery - Redaction | | |
| L670 | eDiscovery - Production | 0.30 | $79.50 |
| L671 | eDiscovery - Conversion of ESI to Production | | |
| L680 | eDiscovery - Presentation | | |
| L800 | Experts/Consultants | | |
| L900 | Settlement Process | | |
| **TOTAL** | | **10,568.40** | **$12,331,175.50** |

5

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case<br>No. 19-30088 (DM) |
| **PG&E CORPORATION,** | Chapter 11 |
| **- and –** | (Lead Case) |
| **PACIFIC GAS AND ELECTRIC COMPANY,** | (Jointly Administered) |
| **Debtors.** | **FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020** |
| ☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors | |
| *\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | **Hearing Date: To Be Set**<br>**Place**:  United States Bankruptcy Court<br>             Courtroom 17, 16th Floor |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

6

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), as counsel for (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**"), pursuant to sections 330(a), 331 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby submits this combined fourth interim application and final application (this "**Fourth Interim and Final Application**") for (I) the allowance and payment of compensation for professional services performed in the amount of $4,856,392.50 and for reimbursement of actual and necessary expenses incurred in the amount of $42,692.27 for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**") and (II) the allowance and payment on a final basis of compensation for professional services performed in the amount of $12,071,175.50 and for reimbursement of actual and necessary expenses incurred in the amount of $162,906.72 for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Total Compensation Period**"), and in support thereof, respectfully states as follows:

<u>**Preliminary Statement**</u>

1.      Since January 29, 2019, and throughout the Total Compensation Period, Simpson Thacher has served as counsel for and has provided important and necessary legal advice to the Board and Independent Directors.  Specifically, during the Total Compensation Period, Simpson Thacher has, among other things, provided representation and legal advice in connection with (i) these chapter 11 cases (the "**Chapter 11 Cases**") and material aspects of the

7

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

bankruptcy process, including the negotiation of various settlements underlying the Debtors'
proposed plan of reorganization (the "**Plan**") and financing commitments for implementation of
the Plan; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors,
the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and
related issues; (iv) the exercise of the Board's fiduciary duties, including with respect to
maximizing the value of the Debtors' estates for all stakeholders; (v) director liability insurance
and indemnification matters; (vi) the review of disclosures to be made with the Securities and
Exchange Commission (the "**SEC**"); (vii) director and officer compensation matters; and (viii)
general corporate governance matters.

2.      Simpson Thacher's advice to the Board and the Independent Directors and
representation of them in connection with the aforementioned matters during the Total
Compensation Period were of substantial benefit to the Board and the Independent Directors, and
the professional services performed and expenses incurred in connection therewith were actual
and necessary.  Importantly, the Board is entitled to engage and retain advisors and experts it
determines are necessary and appropriate to properly discharge its fiduciary duties to the
Debtors, and the Independent Directors were entitled to maintain the representation of
independent counsel in order to continue providing advice on the number of ongoing related
matters that were not stayed during the pendency of these Chapter 11 Cases.  Moreover, Simpson
Thacher has worked closely with the Debtors' legal and financial advisors to ensure there has
been no duplication of efforts with respect to legal matters affecting the Debtors.  In light of the
size and complexity of these Chapter 11 Cases, Simpson Thacher's fees for services rendered
and incurred expenses are reasonable under the applicable standards as set forth in more detail
herein.  Simpson Thacher therefore respectfully requests that the Court grant this Fourth Interim
Application and allow interim compensation for professional services performed and
reimbursement for expenses as requested herein for the Fourth Interim Compensation Period and
grant this Final Application and finally allow compensation for professional services performed
and reimbursement for expenses as requested herein for the Total Compensation Period.

8

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

3.      This Fourth Interim and Final Application has been prepared in accordance with and submitted pursuant to the sections 105, 330(a), 331 and 363 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated February 27, 2019 [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (the "**UST Guidelines**") and the *Revised Fee Examiner Protocol,* dated October 24, 2019 [Docket No. 4473] (as approved and modified by the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures*, dated January 30, 2020 [Docket No. 5572] (the "**Second Amended Fee Procedures Order**") (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

4.      The Interim Compensation Order provides that professionals may file a Monthly Fee Statement or a Consolidated Monthly Fee Statement (each as defined in the Interim Compensation Order) and serve it upon certain designated notice parties.  If there is no objection within twenty-one (21) days after service of the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees (with the remaining 20% of the fees requested referred to herein as the "**Holdback Amount**") and 100% of the expenses requested.  If there is an objection to the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees and 100% of the expenses that are not subject to an objection.

5.      On March 30, 2020, April 30, 2020, May 29, 2020, June 30, 2020, July 23, 2020 and July 28, 2020, Simpson Thacher filed and served, respectively, a Tenth Monthly

9

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Fee Statement covering the period from January 1, 2020 through and including January 31, 2020 [Docket No. 6533] (the "**Tenth Monthly Fee Statement**"), an Eleventh Monthly Fee Statement covering the period from February 1, 2020 through and including February 29, 2020 [Docket No. 7012] (the "**Eleventh Monthly Fee Statement**"), a Twelfth Monthly Fee Statement covering the period from March 1, 2020 through and including March 31, 2020 [Docket No. 7655] (the "**Twelfth Monthly Fee Statement**"), a Thirteenth Monthly Fee Statement covering the period from April 1, 2020 through and including April 30, 2020 [Docket No. 8217] (the "**Thirteenth Monthly Fee Statement**"), a Fourteenth Monthly Fee Statement covering the period from May 1, 2020 through and including May 31, 2020 [Docket No. 8504] (the "**Fourteenth Monthly Fee Statement**"), a Fifteenth Monthly Fee Statement covering the period from June 1, 2020 through and including June 30, 2020 [Docket No. 8553] (the "**Fifteenth Monthly Fee Statement**"), and a Sixteenth Monthly Fee Statement covering July 1, 2020 [Docket No. 8554] (the "**Sixteenth Monthly Fee Statement**" and collectively, the "**Monthly Fee Statements**").

6.      In these Monthly Fee Statements with respect to the Fourth Interim Compensation Period, Simpson Thacher requested payment of $3,885,114.00 (80% of total fees, of which $1,686,790.40 was in respect of representation of the Board under section 327(e) and $2,198,323.60 was in respect of representation of the Independent Directors under section 363) as compensation for professional services and $42,692.27 (100% of expenses, of which of which $5,535.63 was in respect of representation of the Board under section 327(e) and $37,156.64 was in respect of representation of the Independent Directors under section 363) as reimbursement for actual and necessary expenses.  The total Holdback Amount for the Fourth Interim Compensation Period is $971,278.50 (20% of undisputed fees).  To date, Simpson Thacher has received payment of $1,845,634.80 in fees for professional services rendered and $21,490.38 for expenses incurred during the Fourth Interim Compensation Period.

7.      The deadlines for any objections to the Tenth through Sixteenth Monthly Fee Statements have passed, and no objections were filed.  Consistent with the Interim Compensation Order, Simpson Thacher seeks approval for the allowance and payment (to the

10

extent not paid prior to the hearing on this Application) of all outstanding amounts requested under the Monthly Fee Statements, including the Holdback Amount.  This request is consolidated with Simpson Thacher's concurrent request for final review and approval of all compensation and expenses in these Chapter 11 Cases.

8.     In addition, with respect to the remainder of the Total Compensation Period, Simpson Thacher previously filed its First Consolidated Monthly Fee Statement covering the period from January 29, 2019 through and including April 30, 2019 (the "**First Interim Compensation Period**"), which is reflected in the First Interim Application [Docket No. 3157]; its Second Monthly Fee Statement through Fifth Monthly Statement collectively covering the period from May 1, 2019 through and including August 31, 2019 (the "**Second Interim Compensation Period**"), which is reflected in the Second Interim Application [Docket No. 4767]; and its Sixth Monthly Fee Statement through Ninth Monthly Fee Statement collectively covering the period from September 1, 2019 through and including December 31, 2019 (the "**Third Interim Compensation Period**"), which is reflected in the Third Interim Application [Docket No. 6331].

9.     Under the First Interim Application, Simpson Thacher requested payment of $1,931,632.00 in fees for professional services rendered (including both the initial 80% requested under the First Consolidated Monthly Fee Statement and the 20% Holdback Amount) and $16,579.35 for expenses incurred during the First Interim Compensation Period.  Simpson Thacher reached a compromise with the Fee Examiner to reduce the outstanding fees sought by $80,000 and the expenses by $2,000.  This Court approved the First Interim Application as amended by the compromise pursuant to the *Order Granting Amended First Interim Fee Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 29 2019 Through April 30, 2019* [Docket No. 6446].  Accordingly, Simpson Thacher has been paid a total of $1,851,632.00 in allowed fees and $14,579.35 for allowed expenses on account of the First Interim Compensation Period.

11

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.    Under the Second Interim Application, Simpson Thacher requested payment of $2,837,908.50 in fees for professional services rendered (including both the initial 80% requested under the Second, Third, Fourth and Fifth Monthly Fee Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $51,945.60 for expenses incurred during the Second Interim Compensation Period.  Under the Third Interim Application, Simpson Thacher requested $2,705,242.50 in fees for professional services rendered (including both the initial 80% requested under the Sixth, Seventh, Eighth and Ninth Monthly Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $73,689.50 for expenses incurred during the Third Interim Compensation Period.  Simpson Thacher reached a consolidated compromise with the Fee Examiner to reduce the outstanding fees requested under the Second and Third Interim Applications by $180,000 and the expenses by $20,000.  The Court approved  the Second Interim Application and Third Interim Application, each as amended, by amended docket text order [Docket No. 6331], and the Second Interim Approval Order and the Third Interim Approval Order have been submitted and are awaiting entry by the Court. The total outstanding amount to be paid to Simpson Thacher under the Second Interim Application and the Third Interim Application, each as amended, is $1,329,053.40.  As of the date of filing of this Fourth Interim and Final Application, Simpson Thacher has not yet received payment of this amount.

**Jurisdiction**

11.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

12.    On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015.

13.     On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Docket No. 409], which was amended on March 20, 2019 [Docket No. 962].  On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants [Docket No. 453], which was amended on February 21, 2019 [Docket No. 530].

14.     Additional information regarding the events leading to these chapter 11 cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

15.     On June 19, 2020, this Court confirmed the Debtors' Plan.  The Plan provides that any final fee applications must be filed within sixty (60) days of the Effective Date (as defined therein).  The Effective Date of the Plan occurred on July 1, 2020 [Docket No. 8252].

16.     Simpson Thacher was first engaged to represent the Independent Directors in December 2017 to (i) provide legal advice regarding legislation concerning dividends and related issues, (ii) represent the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires and (iii) advise the Independent Directors in connection with a number of ongoing litigations and inquiries.

17.     On April 2, 2019, the Debtors filed an application to retain Simpson Thacher as counsel for the Independent Directors under section 363 of the Bankruptcy Code (the "**Retention Application**").  After the filing of the Retention Application, Simpson Thacher was also asked to represent the Board and the members of the Board from time to time in their capacities as members of the Board.  The U.S. Trustee then requested that the retention of Simpson Thacher to represent the Board be approved under section 327(e) of the Bankruptcy Code.  *See Supplemental Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. §363 Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp. (as Modified as Described*

13

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

*Herein)* [Docket No. 1802] (as amended from time to time, the "**STB Retention Declaration**"). The Retention Application, as modified, was approved by this Court on May 10, 2019 [Docket No. 1979] (the "**Retention Order**"). The Retention Order is attached hereto as **Exhibit A**.

18. The Retention Order authorizes the Debtors to employ and retain Simpson Thacher *nunc pro tunc* to January 29, 2019 as attorneys for the Board and Independent Directors in accordance with Simpson Thacher's normal hourly rates and disbursement policies, as described in the Retention Application. Further, the Retention Order authorizes the Debtors (i) pursuant to section 327(e) of the Bankruptcy Code, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection with the Board Representation (as defined in the Retention Order), including with respect to "all matters related to corporate governance" and "other related matters"; and (ii) pursuant to section 363, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection the Independent Director Representation (as defined in the Retention Order), including with respect to "representation in ongoing litigation and regulatory inquiries," "fact-gathering," and "related matters."

### Summary of Professional Compensation and Reimbursement of Expenses Requested Under Fourth Interim Application

19. Simpson Thacher seeks the interim allowance and payment of (i) compensation for professional services performed during the Fourth Interim Compensation Period in the amount of $4,856,392.50, of which $971,278.50 has been held back as the Holdback Amount; and (ii) $42,692.27 as reimbursement for actual and necessary expenses incurred for the months covered by the Fourth Interim Compensation Period. As of the date of this Fourth Interim and Final Application, $1,845,634.80 in fees and $21,490.38 in expenses have been paid to Simpson Thacher in respect of the Fourth Interim Compensation Period.

20. There is no agreement or understanding between Simpson Thacher and any other person, other than members of the firm, for the sharing of compensation to be received for

14

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

services rendered in these Chapter 11 Cases. Except as otherwise described herein, no payments have heretofore been made or promised to Simpson Thacher for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

21. The fees charged by Simpson Thacher in these cases are billed in accordance with Simpson Thacher's normal and existing billing rates and procedures in effect during the Compensation Period. The rates charged by Simpson Thacher for professional and paraprofessional services in these Chapter 11 Cases are the same rates that Simpson Thacher charges for comparable bankruptcy and non-bankruptcy representations.[6] Such fees are reasonable based on the customary compensation by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

22. Attached hereto as **Exhibit B** is a certification regarding Simpson Thacher's compliance with the Fee Guidelines.

23. Attached hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Simpson Thacher's timekeepers in all domestic offices to non-bankruptcy matters during the prior twelve (12) month rolling period and the blended hourly rates billed to the Debtors during the Compensation Period.

24. With respect to the Independent Director Representation, Simpson Thacher discussed its rates, fees and staffing with the Independent Directors and Debtors at the outset of these Chapter 11 Cases. A summary of Simpson Thacher's budget is attached hereto as **Exhibit D.** Simpson Thacher estimated its fees for the Fourth Interim Compensation Period in

---

[6] By agreement with the Debtors, Simpson Thacher deferred implementation of normal step rate increases for attorneys advancing in seniority, which increases customarily would have taken effect in September, and normal rate increases for all professionals, which increases customarily would have taken effect on January 1.

15

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

connection with the Independent Director Representation would be approximately $3,076,630, and the fees sought for the Fourth Interim Compensation Period are lower than that estimate.

25. With respect to the Board Representation, professional services were or are being provided on the basis of specific assignments, and accordingly no budget was prepared. However, as set forth in the Retention Motion and the STB Retention Declaration, Simpson Thacher's rates, fees and staffing for the Board Representation are the same as those used in connection with the Independent Director Representation.  The Board did not request that Simpson  Thacher prepare a budget.

26. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein.  The Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs.  Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

27. The compensation and fees sought for the Fourth Interim Compensation Period are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**. **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by

16

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher for the services of each professional and paraprofessional. **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein. **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour. Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records in LEDES format have been furnished to the Debtors, the U.S. Trustee and the Fee Examiner in the format specified in the Fee Guidelines.

28. Simpson Thacher also hereby requests reimbursement of $42,692.27 for actual and necessary costs and expenses incurred in rendering services to the Board and Independent Directors. Of the total amount of costs and expenses sought, $37,156.64 is being requested for reimbursement in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $5,535.63 is being requested for reimbursement in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code. The costs and expenses sought are described in the Tenth through Sixteenth Monthly Fee Statements and are set forth therein and in **Exhibit G**, which sets forth a summary of costs and expenses incurred during the Fourth Interim Compensation Period, and **Exhibit I**, which sets forth an itemized schedule of all such costs and expenses.

**Summary of Services Performed by Simpson Thacher
During the Fourth Interim Compensation Period**

29. As described above, during the Fourth Interim Compensation Period, Simpson Thacher rendered substantial professional services to the Board and Independent Directors in connection with ongoing litigation, the exercise of their fiduciary duties to the Debtors and their stakeholders, the protection of the Board's and Independent Directors' interests and other matters

17

relating to these Chapter 11 Cases.  The following is a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period,[7] organized in accordance with Simpson Thacher's internal system of task codes.[8]

    a.   Corporate Governance and Board Matters (Task Code: BCG)
         Fees: $3,393,018.50; Total Hours: 2,843.00

     i.   Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings, and prepared presentations and reviewed and provided comments with respect to Board and committee materials;

     ii.   Advised in connection with Directors & Officers insurance ("**D&O Insurance**") issues, including reviewing current policies and preparing overviews and analyses, engaging in discussions with insurance providers and risk management personnel regarding policy terms and conditions;

     iii.   Advised in connection with resignation of existing board members and selection of new board members, including participation in onboarding sessions with new directors and review and preparation of Board materials in connection therewith;

     iv.   Engaged in discussions, advised on strategy and process, conducted diligence, conducted legal and factual research, prepared presentations and other written materials, and participated in calls and meetings regarding numerous issues including Director compensation, fiduciary duties, insurance coverage, and the bankruptcy process, including settlements with key parties, the Debtors' Plan, exit financing and confirmation;

     v.   Advised on strategy, process and substance with respect to strategic alternatives and financing commitments;

     vi.   Advised with respect to certain management personnel issues;

---

[7] The summary of professional services rendered during the First Interim Compensation Period, the Second Interim Compensation Period and the Third Interim Compensation Period are provided in the First Interim Application, Second Interim Application and Third Interim Application, respectively, which are fully incorporated herein by reference.

[8] Certain services rendered may overlap between more than one task code.  If a task code does not appear below, then Simpson Thacher did not bill significant, if any, time to that task code during the Compensation Period.

18

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

vii.  Engaged in discussions, advised on strategy and process, prepared presentations and other written materials, and participated in numerus calls and meetings regarding various modifications to Backstop Commitment Letter

viii.  Reviewed and commented on various SEC filings.

b.  <u>Court Hearings  (Task Code: BCH)</u>
Fees: $36,514.00; Total Hours: 36.20

  i.  Prepared for and attended hearings regarding case status, estimation,  approval of settlements, and confirmation.

c.  <u>Fee/Employment Applications  (Task Code: BFA)</u>
Fees: $190,654.50; Total Hours: 170.20

  i.  Reviewed billing records and prepared required monthly fee statements and interim fee applications.

  ii.  Reviewed all applicable fee guidelines and updated internal systems and coding as necessary for developments regarding retention and billing matters in connection with these Chapter 11 Cases.

d.  <u>Fee/Employment Objections (Task Code: BFO)</u>
Fees: $10,390.50; Total Hours: 10.20

  i.  Reviewed reports from Fee Examiner and provided outlines and responses for discussions with Fee Examiner; drafted notices of amendment and compromise and proposed orders.

e.  <u>Plan/Disclosure Statement </u>(Task Code: BPL)
Fees: $888,376.50; Total Hours: 599.60

  i.  Reviewed and researched, conducted diligence and provided analysis and advice regarding exclusivity and termination thereof, chapter 11 plan proposals, proposed settlement term sheets, equity commitments and funding alternatives, and plan confirmation, and reviewed and commented on drafts of Plan and Plan documentation.

  ii.  Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings regarding chapter 11 plan proposals, restructuring support agreements, equity commitments, other funding alternatives and related matters.

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

f.  <u>Pre-Trial Pleadings and Motions  (Task Code: L200)</u>
Fees: $323,860.50; Total Hours: 274.40

    i.  Reviewed case dockets and filings and engaged in general coordination and case administration.

    ii.  Conducted research, conducted fact diligence and legal analysis, engaged in various meetings and communications in connection with securities and derivative claims, and drafted reply papers on motion to dismiss and related court submissions in connection with securities litigation.

30. The foregoing is merely a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period.  The professional services performed by Simpson Thacher were necessary and appropriate to the representation of the Board and Independent Directors, including in connection with these Chapter 11 Cases, and were in the best interests of the Board, the Independent Directors and the Debtors and their estates. The services provided by Simpson Thacher to the Board and Independent Directors were separate from and not duplicative of any of the services provided to the Debtors by their professionals.  The compensation requested for Simpson Thacher's services is commensurate with the complexity, importance and nature of the issues and tasks involved.

31. The professional services rendered by partners, counsel and associates of Simpson Thacher were rendered primarily by the Litigation, Corporate, Executive Compensation and Executive Benefits, and Bankruptcy and Restructuring Departments.  Simpson Thacher has an esteemed and nationally recognized reputation for its expertise in these fields, particularly in connection with the representation of boards of directors in challenging and complex matters.

32. During the Fourth Interim Compensation Period, a total of 3,944 hours were expended by attorneys and paraprofessionals at Simpson Thacher in connection with the aforementioned services performed.  2,411.5 hours were spent on the Independent Director

20

Representation pursuant to section 363 of the Bankruptcy Code, and 1,532.5 hours were spent on the Board Representation pursuant to section 327(e) of the Bankruptcy Code.  In the aggregate, the partners and counsel of Simpson Thacher accounted for 2,820.10 hours (approximately 71.5% of time), associates accounted for 1,031.90 hours (approximately 26.2% of time), and staff attorneys and paraprofessionals accounted for 92 hours (approximately 2.3% of time).

33. During the Fourth Interim Compensation Period, Simpson Thacher billed for time expended by attorneys based on hourly rates ranging from $590 to $1,640 per hour for attorneys.  Allowance of compensation in the amount requested herein would result in a blended hourly rate for attorneys of approximately $1,251.74, and a blended rate for all professionals and paraprofessionals of approximately $1,231.34.

34. Consistent with the Second Amended Fee Procedures Order, Simpson Thacher capped Non-Working Travel Time (with respect to airplane travel only) at two hours per airplane trip for billing purposes as of October 1, 2019.  Prior to the approval of the Fee Examiner Protocol, Simpson Thacher had discounted Non-Working Travel Time by 50%, which is reflected in Monthly Fee Statements prior to the Seventh Monthly Fee Statement.  This prior billing approach has been explained to and resolved with the Fee Examiner pursuant to the compromise reached in connection with the Second Interim Application and Third Interim Application.

**Actual and Necessary Disbursements of Simpson Thacher**

35. Simpson Thacher has disbursed $42,692.27 as expenses incurred in providing professional services during the Fourth Interim Compensation Period.  These expenses were reasonable and necessary and were essential to, among other things, participate in necessary meetings or hearings, timely respond to client or counsel inquiries and provide effective

21

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

representation in ongoing regulatory and litigation-related matters.  The costs and expenses are not incorporated into Simpson Thacher's hourly billing rates because it is Simpson Thacher's policy to charge such costs and expenses to those clients requiring such expenditures in connection with the services rendered to them.

36. Simpson Thacher began applying the rates and guidelines as set forth in the Fee Examiner Protocol as of October 24, 2019.  The amounts for which Simpson Thacher is seeking reimbursement for reasonable meal and transportation costs are thus consistent with the Fee Guidelines.  Additionally, as of October 24, 2019, Simpson Thacher charged for disbursements in accordance with the Fee Guidelines.  With respect to photocopying and duplicating expenses, reimbursement for costs is at an average rate of $.20 per page.  Computer-assisted legal research, court conferencing participation and mail services are charged at actual cost.  Only clients who use services of the types set forth in **Exhibits G** and **I** are separately charged for such services.

37. Simpson Thacher has made every effort to minimize its disbursements in these Chapter 11 Cases.  The actual expenses incurred in providing professional services were reasonable, necessary and justified under the circumstances.

### Basis for Allowance of Requested Compensation and Reimbursement for Fourth Interim Compensation Period and Total Compensation Period

38. With respect to the Board Representation, section 331 of the Bankruptcy Code provides for the interim compensation of professionals pursuant to the standards set forth in section 330 governing the Court's award of any such compensation.  11 U.S.C. § 331.  Section 330 provides that a professional employed under section 327 of the Bankruptcy Code may be awarded "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

39. Section 330 further provides that, "[i]n determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent and the value of such services, taking into account" the following factors:

g.  Time spent on the services performed;

h.  Rates charged for the services performed;

i.  Whether the services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the applicable chapter 11 case;

j.  Whether the services were performed in a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed";

k.  Whether the professional is board certified or otherwise has demonstrated skill and experience in bankruptcy; and

l.  Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

40. With respect to the Independent Director Representation, section 363 of the Bankruptcy Code applies.  Section 363(b) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363.  In considering whether to approve use of estate property under section 363(b), the bankruptcy judge examines whether there is a sound business purpose for the proposed use and in doing so, "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988).  Courts have found business justification for and approved the payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363.  *See, e.g.,*

23

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

*In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764]; *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No. 485]. The Debtors explained in the Retention Motion that (i) the Debtors' Articles of Incorporation and board resolutions authorize the payment of the fees and expenses of professionals for the Independent Directors, and (ii) it is common for a company the size of the Debtors to engage and pay for separate counsel to provide independent advice to its directors, and asserted that the retention of Simpson Thacher by the Board and the payment of its reasonable fees and expenses were an exercise of the Debtor's sound business judgment.

41. Simpson Thacher submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Fourth Interim and Final Application were necessary for and beneficial to, among other things, the Board's and the Independent Directors' exercise of their fiduciary duties, the need for the Board and Independent Directors to continue receiving objective and independent legal advice, and the protection of their interests in these unique and challenging circumstances. Specifically, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher has represented and advised the Board and Independent Directors in connection with (i) these Chapter 11 Cases and key aspects of the bankruptcy process, including the estimation of wildfire-related claims, the restructuring settlements with subrogation claimholders and tort claimants, the obtaining of backstop commitments and exit financing, discussions with the Governor's Office and the analysis of various chapter 11 plan proposals; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's and the Independent Directors' fiduciary duties to the Debtors and their stakeholders; (v) director

24

liability and indemnification matters; (vi) director and officer compensation matters; and (vii) general corporate governance matters applicable to the board of directors and management. Additionally, during the Fourth Interim Compensation Period and the Total Compensation Period, Simpson Thacher reviewed and advised on SEC disclosures; attended and provided legal advice during in-person and telephonic board and committee meetings; reviewed and commented on various pleadings and motions filed in connection with, among other things, the categories listed in this paragraph 41, and advised the Board and Independent Directors on appropriate courses of action; and drafted or participated in the drafting of all necessary motions, applications, stipulations, orders, responses and other papers in support of the positions or interests of the Board and Independent Directors.

42. Simpson Thacher not only has extensive experience in representing directors in such complex situations, but it also had an established history with the Independent Directors prior to the Petition Date regarding many of the matters referenced herein.  The compensation and reimbursement requested herein are reasonable in light of the nature, extent and value of such services to the Board and Independent Directors, and accordingly, should be approved and allowed both for the Fourth Interim Compensation Period and for all fees and disbursements requested in the First, Second, Third and Fourth Interim Applications (as reduced, as applicable in the First, Second and Third Interim Approval Orders) for the Total Compensation Period on a final basis.

**The PERA Fee Objections Should be Overruled on a Final Basis**

43. PERA objected to $525,529 in fees reported in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements primarily on the grounds that the disputed fees are for services rendered to the Independent Directors in connection with the Securities Litigation and that the

25

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Debtors are not authorized to pay such fees under the Retention Order.  As a threshold matter, PERA is incorrect regarding the Retention Order, which expressly authorizes the Debtors to pay Simpson Thacher's fees for services rendered in connection with its representation of the Independent Directors in "ongoing litigation," which includes the Securities Litigation. Moreover, the PERA Fee Objections incorrectly classified many Simpson Thacher time entries as relating directly to the Securities Litigation.  Such fees were not Securities Litigation fees but rather fees for legal advice and analysis provided to the Board and Independent Directors regarding matters related to D&O Insurance and/or these Chapter 11 Cases.  Finally, Simpson Thacher addressed the prior PERA objections and requested that they be overruled on an interim basis in the Second and Third Interim Applications, which this Court approved on an interim basis on August 3, 2020 (via docket text order), which Simpson Thacher expects will be reflected in the Second and Third Interim Approval Orders that have been submitted to the Court but not yet entered as of the date hereof.  PERA did not respond to Simpson Thacher nor did it pursue its objections in connection with Simpson Thacher's request for interim approval of the fees and expenses set forth in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements.   For these reasons, Simpson Thacher requests that the PERA Fee Objections be overruled on a final basis.  If necessary, Simpson Thacher will file separate papers further responding to the PERA Fee Objections prior to any hearing on this Fourth Interim and Final Application and reserves all rights with respect thereto.

**Notice and Objections**

44. Notice of this Application has been provided to parties in interest (the "**Notice Parties**") in accordance with the Interim Compensation Order, and a joint notice of hearing on this Application and other interim/final compensation applications will be filed as determined by

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

the Fee Examiner with this Court and served upon all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  Such notice is sufficient and no other or further notice need be provided.

45. In accordance with the Interim Compensation Order, responses and objections (by any party other than the Fee Examiner) to this Fourth Interim and Final Application, if any, must be filed and served on Simpson Thacher and the Notice Parties on or before 4:00 pm on the 20th day (or the next business day if such day is not a business day) following the date this Fourth Interim and Final Application is served.

**<u>Conclusion</u>**

46. Simpson Thacher respectfully requests that the Court enter an Order (i) allowing on a final basis Simpson Thacher's (A) compensation for professional services rendered during the Total Compensation Period in the amount of $12,071,175.50, consisting of (x) $7,214,783.00 previously allowed on an interim basis and (y) $4,856,392.50 in undisputed fees requested in the Fourth Interim Application; and (B) reimbursement for actual and necessary costs and expenses incurred during the Total Compensation Period in the amount of $162,906.72, consisting of (x) $120,214.45 previously allowed on an interim basis and (y) $42,692.27 in expenses requested in the Fourth Interim Application; and (ii) granting such other and further relief and this Court deems just.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Dated: August 28, 2020

Respectfully submitted,

*/s/ Jonathan C. Sanders*
Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell

SIMPSON THACHER & BARTLETT LLP

*Counsel for the Board of Each of PG&E
Corporation and Pacific Gas and Electric
Company and for Certain Current and Former
Independent Directors*

28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1

## NOTICE PARTIES

2

PG&E Corporation
c/o Pacific Gas & Electric Company

3

77 Beale Street
San Francisco, CA 94105

4

Attn: Janet Loduca, Esq.

5

Weil Gotshal & Manges
767 Fifth Avenue

6

New York, NY 10153-0119
Attn: Stephen Karotkin, Esq.,

7

Rachael Foust, Esq.

8

Keller & Benvenutti LLP
650 California Street, Suite 1900

9

San Francisco, CA 94108
Attn: Tobias S. Keller, Esq.,

10

Jane Kim, Esq.

11

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153

12

San Francisco, CA 94102
Attn: James L. Snyder, Esq.,

13

Timothy Laffredi, Esq.

14

Milbank LLP
55 Hudson Yards

15

New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq.,

16

Sam A. Khalil, Esq.

17

Milbank LLP
2029 Century Park East, 33rd Floor

18

Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq.,

19

Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.

20

21

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509

22

Attn: Eric Sagerman, Esq.,
Cecily Dumas, Esq.

23

24

Bruce A. Markell
541 N. Fairbanks Court, Suite 2200
Chicago, IL 60611-3710

25

bamexampge@gmail.com
pge@legaldecoder.com

26

traceygallegos@gmail.com

27

28

29