UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATIONN,<br><br>Defendants. | Case No. 16-cv-02120-EMC<br><br>**ORDER DENYING MOTION FOR RELIEF FROM MAGISTRATE JUDGE DECISION**<br><br>Docket No. 469 |

Presently pending before the Court is Defendant Academy Mortgage Corporation's ("Academy") Motion for Relief from Non-Dispositive Pretrial Order of a Magistrate Judge. Docket No. 469. Academy seeks relief from Hon. Magistrate Judge Kim's order denying Academy's request to compel production of documents from counsel to Relator Gwen Thrower, the law firm of Thomas & Solomon ("T&S"). Docket No. 461.

A.   Facts and Background

At issue before Judge Kim was the production of documents pursuant to two document requests, Request Nos. 48 and 49 served pursuant to this Court's approval of supplemental discovery regarding attorney's fees, Docket No. 459. The requests at issue seek raw time entries and metadata associated with those entries.[1] Docket No. 462, Katz Decl., Ex. A at 6.

//

---

[1] Specifically, "A copy of all contemporaneously entered time entries for each Timekeeper recorded by Counsel for this Action from each of the Timekeeping Systems maintained by Counsel. For purposes of clarity, this request seeks this information for time entries as maintained by Counsel's system of record, not those that have been revised and submitted to the Court with the fee petition." Request No. 48.  And "The metadata associated with each of the time entries produced in request no. 48. Specifically, the following metadata for each time entry produced in response to request no. 48: time; date; and person who made the entry." Request No. 49.

1    The Relator objected to production of documents on the basis that production of the
2 documents would be "unduly burdensome[ ] and not proportional to the needs of the case." *Id.*,
3 Ex. B at 4-5. Specifically, the Relator objected on the basis that it already produced records
4 reflecting contemporaneous billing, and that contained over nine-thousand-time entries by date
5 and timekeeper which is sufficient. *Id.* at 4.
6    In Judge Kim's order she held, in review of the requests, objections and responses, and
7 arguments made in the parties' discovery letter brief that the motion for production of documents
8 should be denied. Docket No. 467. Judge Kim provided:

> Defendant provides no valid reason for this additional data, as Relator has already spent time providing non-privileged information regarding the fees. After balancing the burden to Relator to further collect and review the materials against the failure by Defendant to provide a compelling reason for the need for this additional information, the Court concludes that the burden outweighs the need.

*Id.* Academy seeks relief from this determination. Docket No. 469.

B.   Legal Standard

Rule 72 requires a magistrate judge's order to be set aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the district court reaches a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). And "the magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." *EEOC v. Peter's Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014).

C.   Discussion

Ultimately, this is a question of proportionality, i.e., balancing burden of production against the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Though Judge Kim's order was succinct, the Court cannot say that it was clearly erroneous or contrary to law to find that the balance weighed against production. Academy's argument as to why the raw time entries are necessary here can be boiled down to two points: (1) Academy thinks that the billing records supporting the motion for fees, filed at Docket No. 440-1, reflect reconstructed billing rather than contemporaneous billing; and (2) Academy thinks that T&S may have been billing for time spent

2

reconstructing the records. *See* Docket No. 461 at 2-3; Docket No. 469 at 3-4. This is relevant because the parties are presently litigating the Relator's Motion for Attorney Fees and Expenses. Docket No. 440. And, Academy argues, courts have been willing to reduce the amount of fees awarded to attorneys when the request is based upon reconstructed time. Docket No. 469 at 3 (citing *Saunders v. Naval Air Rework Facility*, No. 74-cv-520, 1981 U.S. Dist. LEXIS 17852, at *8 (N.D. Cal. Sep. 4, 1981) (applying a 20% reduction to reconstructed time)). Additionally, time spent reconstructing records may not be compensable. *Id.* (citing *Abad v. Williams, Cohen & Gray, Inc.*, No. C-06-2550 SBA (JCS), 2007 U.S. Dist. LEXIS 48315, at *26-27 (N.D. Cal. Apr. 23, 2007)). Relator's position is that production of raw time entries and associated metadata will impose a heavy burden and is not necessary because of the time entries already submitted. *See* Docket No. 461 at 3-4.

The problem with Academy's position is that it does not have a good reason to think that the time entries are reconstructed. Nelson Thomas, a founding partner of T&S, attested that "[t]imekeepers at our firm are required to make a record of the work they do at or near the time the work is done either by personally entering that information into the firm's timekeeping software or by directing a staff member to do so." Docket No. 440-1, Thomas Decl. ¶ 185. While the records were reviewed post-hoc for accuracy, to ensure that work billed was not duplicative and or unnecessary, and for privilege, the underlying reports are represented to have been created in the first instance contemporaneously. *See id.* ¶¶ 185-89.

Academy's basis for stating that the bills were reconstructed is that T&S reported a "large number of hours," specifically 178.9 hours, reviewing and preparing the time records for submission to the Court and in response to fee requests. Docket No. 469 at 3-4. But Academy does not explain why this indicates reconstruction. Particularly, the number of hours is consistent with T&S's explanation that the time was spent reviewing over nine-thousand time entries, spanning across seven years of this litigation, and engaging in substantial vetting of those entries. Docket No. 440-1, Thomas Decl. ¶¶ 185-89. The vetting included cross-checking entries against emails for accuracy, determining if there were inefficiencies or duplication of efforts, and reviewing entries and making judgment calls as to whether reductions of time was appropriate to

1  ensure that all compensation sought was appropriate. *Id.* This also included a privilege review of
2  the time entries. *Id.* Academy does not explain why the amount of time spent is indicative of
3  reconstruction, given the other tasks perform that are also time consuming.

4      On the other hand, re-reviewing all of these entries to prepare for production in raw form
5  would impose a substantial burden. Specifically, there are over nine thousand entries that may, at
6  a minimum, contain privileged information, e.g., details of communication between the Relator
7  and T&S, identities of unretained experts, communications regarding strategy, and identity of
8  potential co-counsel. Despite Academy's argument to the contrary, privilege is not waived just
9  because time records are submitted in a fee motion; this is not the meaning of putting the records
10 "at issue." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004);
11 *see also Lewis v. Cnty. of San Diego*, 2017 WL 6326972, at *9 (S.D. Cal.), *aff'd*, 798 F. App'x 58
12 (9th Cir. 2019) (overruling objection to "redacted entries in Plaintiffs' billing records"); *Perfect*
13 *10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *25 (C.D. Cal.), *aff'd*, 847 F.3d 657 (9th Cir.
14 2017) (redactions appropriate to protect the attorney-client privilege). Additionally, requiring
15 additional production would incur additional delay in adjudicating the motion for fees which has
16 been pending since mid-2023. *See* Docket No. 440.

17     When it comes to Academy's argument that T&S should not be compensated for the hours
18 it spent reviewing time entries if it involved reconstruction, that is a matter that can be adjudicated
19 in assessing the motion for fees. Specifically, if the documents submitted supporting recovery for
20 those hours is insufficient to justify recovery, the award can be reduced commensurately.

21     And while Court previously found that limited, supplemental discovery was appropriate in
22 this matter, the Court did not take up the specific objections and proportionality issues raised as to
23 requests 48 and 49 regarding raw time entries. *See* Docket Nos. 451, 459.  T&S has since
24 submitted a legitimate basis to find that the documents requested are not proportional to the needs
25 of the case. For these reasons, the Court cannot say that Magistrate Judge Kim's decision was
26 "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

27 //
28 //

Accordingly, the Court hereby **DENIES** Academy's request for relief of Magistrate Judge Kim's order denying Academy's request for production of documents.

**IT IS SO ORDERED**.

Dated: December 21, 2023

_____
EDWARD M. CHEN
United States District Judge