UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GWEN THROWER,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATIONN,<br><br>Defendant. | Case No. 16-cv-02120-EMC<br><br>**ORDER GRANTING IN PART RELATOR GWEN THROWER'S MOTION RE ACCRUAL OF INTEREST AND FOR SUPPLEMENTAL ATTORNEYS' FEES**<br><br>Docket No. 508 |

Presently pending before this Court is Relator Gwen Thrower's "Motion to Set the Date on Which Interest Started Accruing on the Attorneys' Fees and Expenses that the Court Ordered on May 31, 2024 and for Supplemental Attorneys' Fees to Secure that Order and to Collect the Attorneys' Fees and Expenses" at Docket No. 508 ("Mot."). The Court finds that interest on attorneys' fees and expenses began to accrue from the Court's May 31 Order Granting In Part Relator's Motion for Fees, Docket No. 500, with a post-judgment interest rate of 5.20%. The Court grants Relator's Interim Attorneys' Fees subject to a 15% reduction. The reduced award totals to $468,022.24 ($550,614.40 x .85).

I. **BACKGROUND**

On January 27, 2023, the Court entered its Order Approving Stipulation of Partial Dismissal ("January 27 Order"). *See* Dkt. No. 438. In this January 27 Order, the issue of fees was specifically carved out from the settlement agreement and the Court retained jurisdiction to decide the applicable fees. The January 27 Order noted that Relator's claims were dismissed "except

1   with respect to Relator's claims pursuant to applicable law for reasonable expenses necessarily
2   incurred and reasonable attorneys' fees and costs … which are not dismissed and shall remain
3   pending." Dkt. No. 438, at 2.
4       After briefing and argument, on May 31, 2024, the Court entered an Order Granting In Part
5   Relator's Motion for Fees ("May 31 Order"), awarding Relator $8,585,530.20 for attorneys' fees
6   and $89,437.77 for expenses. The attorneys' fees comprised "$7,798,146.44 for merits work
7   ((T&S) $7,655,431.44 and (RBGG) $142,715) and $787,383.76 for fee motion fees" that had been
8   incurred. Dkt. No. 500 at ECF 2. After meeting and conferring, the parties agreed that
9   $11,645.54 would be added to the fees total as prejudgment interest on the Rosen Bien Galvan &
10  Grunfeld LLP ("RBGG") merits fees which had been paid by Relator's counsel during the
11  litigation, and that the Court's May 31 Order should be unsealed and filed on the Court's public
12  docket. *See* Dkt. No. 502 at ECF 2.
13      After additional meeting and conferring, on July 1, 2024, Academy Mortgage paid
14  Relator's counsel a total of $5,405,714.33, constituting the Court's entire lodestar fees and
15  expenses award. The parties' counsel were unable to agree on resolution concerning (1) the date
16  on which interest started accruing; (2) the 1.75% multiplier ($3,280,899.19) that the Court
17  awarded; (3) disposition of $292,754.80 for RBGG's fees work from August 14 through
18  November 30, 2023 and December 1, 2023 through February 12, 2024, *see* Dkt. Nos. 477 and 494,
19  that was not addressed in the Court's May 31 Order; (4) RBGG's additional fees for work
20  commencing February 13, 2024 through July 14, 2024 ($216,528.40) to complete the work in this
21  Court and to collect the attorneys' fees and expenses; and now (5) RBGG's supplemental fees for
22  fees work from August 14, 2023 through the August 28, 2024 (the date of the hearing on the
23  Motion). The total for all three additional buckets of supplemental fees from items 3, 4, and 5,
24  comes to $550,614.40.
25      On July 1, 2024, Academy filed its notice of appeal. Dkt. No. 504. As the parties
26  confirmed at the hearing herein, Academy is appealing only the award of the 1.75% multiplier,
27  amounting to $3,280,899.19. See Mediation Questionnaire at 2, *United States ex rel. Thrower v.*
28  *Academy Mortgage Corp*., No. 24-4103 (9th Cir. Jul 8, 2024), ECF No. 5.1 at ECF 2. The same

1    day, Academy filed the Parties' stipulation "that execution of the Court's May 31, 2024 Order,
2    Dkt. No. 500, will be stayed for 45 days, through August 15, 2024, and Academy need not pay
3    any supersedeas bond during that time." The stipulation further recited, inter alia, "Whereas
4    Academy has agreed to pay [and has paid] $5,405,714.33 to Relator on July 1, 2024 (the
5    'Payment'), in satisfaction of an uncontested portion of the Fee Award." Dkt. No. 505.

On August 19, 2024, the Parties filed another stipulation, reciting "Whereas the Court entered a prior stipulation by the Parties to stay execution of the judgment through August 15, 2024. Whereas the Parties have agreed that a three-week extension of the previous stipulation is appropriate for the Parties to come to an agreement on the Surety. Wherefore, it is hereby stipulated that execution of the Court's May 31, 2024 Order, Dkt. No. 500, will be stayed for an additional three weeks, through September 9, 2024, and Academy need not provide any supersedeas bond during that time." Dkt. No. 513. On September 9, 2024, the Parties filed another stipulation, reciting "Wherefore, It Is Hereby Stipulated that execution of the Court's May 31, 2024 Order, Dkt. 500, will be stayed until October 14, 2024, and Academy need not provide any supersedeas bond during that time." Dkt. No. 517.

## II. APPLICABLE DATE UPON WHICH POST-JUDGMENT INTEREST BEGAN TO ACCRUE.

The Court first addresses what the applicable date is upon which post-judgment interest on attorneys' fees and expenses (as distinct from the damages on the merits) began to accrue. Post judgment interest rates are governed by 28 U.S.C. 1961(a) which provides that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court …. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment ….

Relator argues the relevant "date of the entry of the judgment" is January 27, 2023—the date the Court entered its Order Approving Stipulation of Partial Dismissal ("January 27 Order"). *See* Dkt. 438. Academy argues the relevant date is the date on which a "money judgment" that is "recovered" in a civil case, 28 U.S.C. § 1961(a) – in this case being May 31,

3

2024, the date the Court entered its Order Granting In Part Relator's Motion for Fees in a specified dollar amount ("May 31 Order"). *See* Dkt. 500. Academy argues that the Court's January 27 Order was not a "money judgment" entitling Relator to attorneys' fees because the Court specifically retained jurisdiction over the matter to determine the attorneys' fees and costs Relator were owed and did not enter a money judgment for fees.

Rather than relying on a money judgment of the Court or any order declaring Relators were in fact legally entitled to fees – neither of which occurred until the May 31 Order – Relator argues that the January 27 Order established Relator's counsel "entitlement" to attorneys' fees as *a matter of law* because the False Claims Act mandates that after "settling the claim," Relator "*shall* receive … reasonable attorneys' fees and costs.*" 31 U.S.C. § 3730(d)(2). However, Relator is unable to point to any case where a party was awarded post-judgment interest going back to an order granting fees. Cases cited by the parties typically involve an award of interest at the point fees are actually granted. *See Friend v. Kolodzieczak*, 72 F.3d 1386, 1391-92 (9th Cir. 1995) (holding that the post-judgment interest on the fee-on-fee award dated back to the *original* order granting attorney's fees where the court awarded the plaintiff the fee-on-fee award, with the amount to be decided later); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996) (awarding plaintiffs interest from the date of the *initial fee award* as well as interim fees). To be sure, a specific monetary award for fees is not required to start the running of post-judgment interest if the court rules that the plaintiff is "unconditionally entitled" to fees. *Miller v. Vicorp Restaurants, Inc.*, No. C-03-00777 RMW, 2006 WL 463544 (N.D. Cal. Feb. 24, 2006), amended, No. C-03-00777 RMW, 2006 WL 8443027 (N.D. Cal. Apr. 14, 2006) (denying post-judgment interest from date of jury verdict because the verdict did not "unconditionally entitle" Relator to attorneys' fees, many of the causes of actions were CA state law with a fee-shifting scheme for prevailing plaintiff) (collecting cases); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 902 (E.D. Cal. 2009) (granting interest on attorney's fees from date of order entering stipulated settlement and injunction where stipulated judgment provides that "plaintiffs are the prevailing party in the action and that they could accordingly move for attorneys fees"). But no such unconditional entitlement was enunciated in this Court's January 27 Order.

4

1    Accordingly, the Court concludes that post-judgment interest began to accrue on the day of
2    the Court's May 31 Order.

III. **APPLICABLE INTEREST RATE**

Because the Parties did not propose an interest rate for the May 31 Order, the Court refers to https://www.casb.uscourts.gov/post-judgment-interest-rates-2024. Relator's Counsel suggests this page—the United States Bankruptcy Court Post-Judgment Interest Rates— which identifies the federal judgment rate pursuant to 28 U.S.C. § 1961(a). Declaration of Sanford Jay Rosen, Docket No. 508-1. The Court located the applicable rate on the May 31 Order as of May 31, 2024 of 5.20%.

IV. **SUPPLEMENTAL ATTORNEYS' FEES, FEES ON FEES**

The Parties next dispute whether this Court has jurisdiction to address Relator's request for supplemental attorneys' fees.

Relator argues this Court has jurisdiction because none of these new fee requests were the subject of the Court's May 31 Order at Dkt. 500 that Academy has appealed. Academy appeals the 1.75% multiplier ($3,280,899.19) that the Court awarded on the fees already accrued and awarded. Academy argues that this Court is stripped of jurisdiction because the appeal is on attorneys' fees, the same general subject matter of this new request, arguing "an order on attorney's fees is not 'collateral' to a new request for attorneys' fees—they are the same issue." Opp. at 6.

Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Hendricks v. Starkist Co.*, No. 13-CV-00729-HSG, 2017 WL 2289210, at *2 (N.D. Cal. May 25, 2017). The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir.

1983)). This rule "is a creature of judicial prudence, however, and is not absolute." *Masalosalo*, 718 F.2d at 956. The court is not divested of jurisdiction over matters collateral to a determination of the merits of the case. *See United States ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.,* 550 F.3d 764, 766 (9th Cir. 2008) (factual issues are "collateral to the main action" when they involve a "factual inquiry distinct from one addressing the merits"); *Masalosalo,* 718 F.2d at 957 (district court retains power to award attorneys' fees after notice of appeal from decision on merits).

Typically, a motion for attorneys' fees is considered "collateral" to a decision on the merits. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). This is because a question that remains undecided after a final order on the merits will not alter or amend the decisions embodied by the order which is the subject of the appeal. *Id.* at 199. An attorneys' fees determination (distinct from the merits) typically fits this description. *Id.* at 199–200. However, if "the order from which the appeal is taken is the very order" that a party "seeks to augment," then the district court cannot retain control of the aspects of the case on appeal. *Kowalski v. Farella, Braun & Martel, LLP*, No. C-06-3341 MMC, 2010 WL 475357, at *1 (N.D. Cal. Feb. 4, 2010) (finding that the court lacked jurisdiction to rule on the plaintiff's motion for fees on remand, where the court had already issued a prior order regarding fees and costs and the appeal of that order remained pending); *see also Budinich*, 486 U.S. at 200 ("If one were to regard the demand for attorney's fees as *itself* part of the merits, the analysis would not apply.") (emphasis in original).

Here, Academy confirmed at the hearing that Academy is appealing only the award of the multiplier (amounting to $3,280,899.19), and not the merits of the Court's May 31 Order. Neither of Relator's requests for supplemental fees was a part of the Order that is now being appealed. Relator does not "seek[] to augment" the Court's May 31 Order. The Court deciding these new supplemental requests for attorneys' fees will not result in the "same issues [being heard] before two courts simultaneously." *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Just as a motion for attorneys' fees on the merits is deemed collateral to an order regarding the merits because the resolution of that question will not alter or amend the decisions

6

embodied by the order, *Budinich*, 486 U.S. at 199, so too is a motion for attorneys' fees-on-fees collateral to an order regarding attorneys' fees on the merits. Thus, this Court retains jurisdiction to decide Relator's supplemental requests for attorneys' fees.

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citation omitted). There is a presumption that the lodestar figure represents a reasonable fee, but "[t]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan*, 815 F.2d at 1262-63; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008). Additionally, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party . . . ." *Id*. at 1397-98.

In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chambers v. City of L.A*., 796 F.2d 1205, 1210 (9th Cir.1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir.1987). To determine reasonable hourly rates, the court must look to the prevailing rate in the community—generally, the forum in which the district court sits—for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.2008). Parties may seek reasonable attorneys' fees for work performed on the application for attorneys' fees and costs ("fees on fees"). *Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir.1996); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th

Cir.1991). This Court has already done a comprehensive assessment of attorneys' fees, reasonable rates, and reasonable hours in its May 31 Order to which the Parties may refer. *See* Dkt. No 500.

Relator's Counsel submitted four declarations and over 50 pages of time entries to justify their fee award request. Relator's Counsel stated they made discrete billing reductions, and further reduced their lodestar by 20%. The Court finds that the billable rates charged by Counsel – pegged to its 2023 rates – are reasonable. Academy has failed to present any evidence suggesting these fees do not reflect reasonable market rates given the experience and quality of work performed. RBGG affirms their 2023 rates "continue to be at the lower range of rates for comparable attorneys who work on comparable matters to the instant matter in the San Francisco Bay Area." Declaration of Sanford Jay Rosen, Docket No. 508-1 at 2.

The issue lies in the time spent on the supplemental work. The Court has broken down the time periods and docket items filed for each time period in the table below.

|  | **Time Period** | **Number of Hours/Lodestar** | **Work Performed** | **Reduction** | **Total Award** |
|---|---|---|---|---|---|
| **Tranche 1** | 8/14/23-2/12/24 (6 months) Dkt 477, Dkt 494 | 383.5 hours $292,754.80 | • January 11, 2024 hearing<br>• Respond to RFPs, reviewing producing documents<br>• Discovery briefs (5 pages)<br>• Draft supplemental brief, ECF No 474 (10 pages)<br>• Compile accounting requested by the Court in the Order. Dkt No. 491 (7 pages)<br>• Respond to two of Academy's Supplemental Brief and AMFUS, Dkt Nos. 463, 470, 487, 492 (49 pages) |  |  |
| **Tranche 2** | 2/14/24-6/14/24 (4 months) Dkt 508-1 | 244.8 hours $216,528.40 | • Filing interim fee motion (Dkt 495 and 497) (3 pages + 42 pages exhibits)<br>• Preparing Present Interest and Fees motion Dkt 508 (14 pages + 29 page attachments)<br>• Collections efforts (Academy assets acquired by another Company) |  |  |

8

| | | | | | |
|---|---|---|---|---|---|
| Tranche 3 | 7/15/24-8/28/24 (1 month) Dkt 512-1 | 32.6 hours $41,331.20 | • Meet, Confer, Research<br>• Filing the instant Motion on July 15<br>• Reply brief Dkt 512 (15 pages)<br>• $15,000 in additional fees anticipated to be incurred by Relator's counsel between August 4 and the August 28, 2024 hearing. | | |
| **TOTAL** | | 660.9 hours $550,614.40 | | 15% | **$468,022.24** |

In addition to the over 1,000 hours on fee work for which the Court granted an award in the May 31 Order, Relators' Counsel now seek fees for an additional 660 hours of work.

At the outset, the Court notes that the more than 1,660 hours for fee work on fees sought herein exceed that which this Court has seen, even in complicated cases. *See, e.g., City & Cnty. of San Francisco*, 748 F. Supp. at 1438 (awarding fees for 600 hours of fee motion work).

Drilling down, the hours spent do appear excessive in light of the tasks accomplished. In Tranche 1, for example, a total of less than 75 pages of briefing was filed, there was one hearing, and some discovery taken. Relator's Counsel asks this Court to approve 383.5 hours for these tasks but details no support explaining why the tasks took such a substantial amount of time. In Tranche 2, Relator's Counsel filed a total of less than 20 pages of briefs, with 60 pages of exhibits, did collections efforts, met and conferred, and did research, yet there is no explanation how this warranted 244.8 hours of work, especially given that a more complex and time intensive motion for attorneys' fees had already briefed and decided.

The Court finds that a 15% cut is warranted here. The Court acknowledges this reduction exceeds the discretionary 10% overall "haircut" to the fees-on-fees work for which no explanation is required under Ninth Circuit law. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (holding that a district court may apply a 10% haircut on fee award as a matter of general discretion); *see also Greenpeace*, 2020 WL 2465321, at *9 (*citing Moreno*, 534 F.3d at 1112). The Court also acknowledges that Relator argues that their fees-on-fees request in the aggregate is less than 20% of the total fees for merits work, and thus as a ratio, the total fee award including

Case 3:16-cv-02120-EMC   Document 519   Filed 09/13/24   Page 10 of 10

that sought herein, may not seem excessive. *Id*. However, as described above, the additional 600 hours is not fully justified here. While the prior award based on 1,000 hours for fees-on-fees work was justified in light of the fact that that motion addressed fees that spanned seven years of litigation and involved extensive briefing on the highly contested attorneys' fees, the addition of over 60% of that amount against cannot be similarly justified.

Academy asks this Court to reduce the present fees by 50% to get the total for time spent on attorneys' fees down to 1,300 hours (1,000 already awarded + 300 of the hours now sought) but does not do much analysis to justify such a drastic cut.

Instead based on the work done in connection with the supplemental fee request, the Court finds a 15% cut reasonable. Accordingly, the Court awards an additional amount of fees based on the supplementary work of $468,022.24 ($550,614.40 x .85).

**IT IS SO ORDERED**.

Dated: September 13, 2024

_____
EDWARD M. CHEN
United States District Judge

10