United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiffs,

v.

ACADEMY MORTGAGE CORPORATION,

Defendants.

Case No. 16-cv-02120-EMC

**ORDER RE POST-REMAND ATTORNEY FEES**

Docket Nos. 541, 547, 548

On May 14, 2026, the Ninth Circuit issued its mandate in this case, "revers[ing]the award of a multiplier and remand[ing]." Dkt. No. 531 at 16 ("Remand Order"); Dkt. No. 536. The parties dispute whether, in light of this mandate, the Court may recalculate Relator's lodestar, which was not appealed. Having considered the parties' supplemental briefing on this issue, the Court denies Relator's request to recalculate the lodestar for the reasons stated below.

## I. BACKGROUND

The Court assumes the parties' familiarity with the record but restates the background relevant to this issue. After settlement, Relator sought attorneys fees and submitted a lodestar of $6,203,542.35 for 7,277.3 hours of work by the T&S firm. Dkt. No. 500 at 5. T&S's lodestar was based on fee rates of $800-$1,200 for partners. *Id.* at 11. Examining rates in the community, the Court found that "[t]he rates requested are on the high end of the scale for large firms in the area, though not entirely out of range." *Id.* at 12. However, the rates were substantially higher than rates submitted by the same attorneys in a prior action in this district two years ago. *Id.* at 12-13. While Relator's counsel argued that the rates in that case were not representative, counsel had submitted sworn statements in the prior case that the rates were counsel's "standard" rates. *Id.* at

13. The Court applied the prior 2021 rates then awarded by the court with a 20% increase for inflation during the period leading up to the relevant time. *Id.* at 14. The Court also imposed several reductions to the multiplier for excessive or duplicative work. *Id.* at 24-30. In sum, the court reduced the requested lodestar of $6,203,542.35 to $4,735,593 based on the reductions for hourly rates as requested by counsel, redundant work, and uncountable work. *Id.* at 30. The Court also found a multiplier of 1.75 warranted based on the unprecedented facts of this case, in which Relator successfully maintained a qui tam action against a government motion to dismiss. Relator's lodestar with the 1.75 multiplier resulted in a total merits fee of $7,655,431.44 to T&S counsel. *Id.* In a subsequent order, the Court resolved a dispute from the parties on post-judgment interest, awarding post-judgment interest as accruing from the date of the Court's order granting fees (rather than the date that the parties settled, as sought by Relator). Dkt. No. 519.

Both parties appealed aspects of the Court's fee award. Relator appealed a "single legal issue" regarding the accrual of post-judgment interest. Case. No. 24-6247, Dkt. No. 8 at 1. Defendant appealed this Court's award of a 1.75 multiplier. Case No. 24-4103, Dkt. No. 18 at 1. Neither party – including Relator – appealed the Court's lodestar calculation as to rates or hours. *See* Remand Order at 20 n.3 (Smith, M., J., concurring in part and dissenting in part) ("The lodestar calculation is not raised on appeal.").

The Ninth Circuit reversed the award of the multiplier. The panel held that the reasons this Court relied on in awarding a multiplier – T&S's exceptional result achieved in surviving a motion to dismiss and T&S's investigative work – were both "adequately subsumed in the lodestar calculation," which accounts for the novelty and complexity of a case and for T&S's "Herculean efforts" as reflected in the 7,000 hours of billable time granted. Remand Order at 9, 13. The panel noted that this Court had made no findings that "any circumstance left the lodestar calculation unreasonably low," including any argument that the lodestar calculation "undervalued" T&S's "true market rate." *Id.* at 11. According to the panel, nor did this Court "intentionally lower[] the hourly rate on the expectation that it would make up any shortfall on the back end through the multiplier." *Id.* at 11. The panel "reverse[d] the award of a multiplier and remand[ed]." *Id.* at 16.

Relator now argues that on remand, the Court should not simply remove the multiplier but

should reopen the calculation of the lodestar itself and award counsel higher rates than were awarded in the Court's original fees order.

## II. DISCUSSION

The first question is whether the Court has jurisdiction on remand to reopen the lodestar as Relator requests.

Defendant contends, pursuant to "an unwritten but longstanding rule" on cross-appeals, "an appellate court may not alter a judgment to benefit a nonappealing party." *Greenlaw v. United States*, 554 U.S. 237, 244-45 (2008). Presumably the same bar would apply to this Court on remand. However, even if the cross-appeal rule applies here (and may be appropriately invoked by a district court), "the cross-appeal requirement is a rule of practice and not a jurisdictional bar." *Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001); *accord Greenlaw*, 554 U.S. at 245 (2008) (declining to find the rule "jurisdictional").

Defendant also maintains that there is no jurisdiction for the Court to reconsider the lodestar under a different rule: the mandate rule, which relieves the district court of jurisdiction over issues that fall outside the scope of the mandate. *Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 788 (9th Cir. 2025). "[C]onfusion exists about the . . . question of whether issues [that] were waived [or forfeited] at the initial appeal fall within the scope of a remand." *Id*. Other circuits have "consistently held that the scope of remand is limited when 'an [] issue ... on appeal is waived [or forfeited].'" *Id.* (citing *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded."); *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 & n.2 (5th Cir. 2011); *Estate of Cummings by and through Montoya v. Comm. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018)); *accord United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002). In *Alaska*, however, because the claim at issue was clearly outside the scope of the remand, the Ninth Circuit declined to "decide today whether all waived or forfeited issues are necessarily outside the scope of a subsequent remand order." *Id.*

Here the record is clear that Relator waived the issue of the lodestar calculation on appeal

by not appealing this Court's determination about reasonable rates or hours. Although the Ninth Circuit has not definitively decided whether such appellate waiver removes an issue from the scope of remand, the "unified" circuit precedent cited approvingly by the Ninth Circuit suggests that it does. *Alaska*, 139 F.4th at 788 n.16.

Relator argues that in any event reconsideration of the lodestar is warranted due to intervening circuit precedent in *LA International Corporation v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 625 (9th Cir. 2026). In *LA International*, the district court "declined to base its fees calculation on the prevailing market rate" but instead "set counsel's rates based on what the attorneys had been awarded for handling a prior contract dispute, with a slight adjustment for the complexity of the case and inflation." *Id.* at 625. Specifically, the district court "declined to base its lodestar calculation on the rate in the 2023 Real Rate Report because 'it is simply unreasonable to award big law rates to a four-person firm representing mom-and-pop warehouses.'" *Id.* at 626. The Ninth Circuit stated that "the district court should have based its lodestar calculation on the prevailing market rate for similar services rather than looking to the rates a court had awarded in a previous contract dispute." *Id.* at 625. It also held that the size of the firms should not be given dispositive weight in assessing the reasonable rate. *Id.*

Relator's argument raises an issue that is addressed by Rule 60 although in a slightly different context. The Rule is instructive here. Rule 60 allows for relief based on "a clear and authoritative change in the governing law." *Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009). "To constitute a change in controlling law, an opinion must do more than apply or clarify existing authority." *Nacarino v. Del Monte Foods, Inc.*, No. 22-cv-00892-JST, 2024 U.S. Dist. LEXIS 34533, at *6 (N.D. Cal. Feb. 28, 2024) (collecting cases); *see also Merritt v. Mackey*, 932 F.2d 1317, 1321 (9th Cir. 1991) (decision that "clarified and refined the law" was not a change in controlling law).

Here, *LA International* applied existing law requiring that courts in determining reasonable rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation" and must "rely on[] the most current information available." *LA International* (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1077-78 (9th Cir. 2021), and *Gonzalez*

*v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013). *LA International* did not change controlling law; instead it clarified that this inquiry into reasonable rates prioritizes current rates in the community for similar services over rates that the same attorneys have historically been awarded. Such a clarification is not "clearly irreconcilable" with the prior case law. *See Castellar v. Mayorkas*, No. 17-cv-00491-BAS-AHG, 2021 U.S. Dist. LEXIS 163890, at *12 (S.D. Cal. Aug. 30, 2021) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (overruled on other grounds by *Sanchez v. Mayorkas*, 593 U.S. 409, 141 S. Ct. 1809, 210 L. Ed. 2d 52 (2021)). *LA International*'s clarification does not justify Rule 60 reconsideration of the lodestar based on a change in controlling law and does not permit exceeding the bounds of the Ninth Circuit's remand in the case at bar.

To be sure, *LA International* does indicate that Relator may have had reasonable grounds to appeal this Court's attorney rates analysis, which emphasized past awards to the same counsel over current prevailing rates in the community. Though this Court, in using recently awarded rates adjusted by rate inflation as indicated by record evidence, was attempting to ascertain then current applicable rates by using data points additional to expert testimony on current rates, it may be argued that this approach placed too much weight on historical awards. But by not appealing the lodestar calculation even though it could have reasonably done so, Relator waived any such challenge. "Motions to vacate under Rule 60(b) are not a substitute for appeal." *Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 771 (9th Cir. 1986).

While the Court does not hold that the cross-appeal rule absolutely and necessarily bars relief in all cases, its basic principle applies here with substantial force. Relator could have appealed the adverse rates determination of its lodestar, as it did the adverse post-judgment interest determination; it could have cross-appealed the issue when Defendant appealed the multiplier. Relator made no such appeal or cross-appeal. Under these circumstances, the "institutional interests in fair notice and repose" disfavor upsetting the original lodestar judgment on remand. *Greenlaw*, 554 U.S. at 245. The Court will not exceed the scope of remand stated by the panel.

Relator's request to recalculate the lodestar is **DENIED**. The parties shall submit a

proposed order removing the multiplier and providing Relator's revised fee award.

**IT IS SO ORDERED**.

Dated: 8/10/2026

EDWARD M. CHEN
United States District Judge